47

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**ORIGINAL**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel and ROBERT C. SMITH, M.D.,<br><br>                    PLAINTIFFS,<br>VS.<br><br>YALE-NEW HAVEN HOSPITAL, INC., et al.<br>          DEFENDANTS. | Civil Action No. 3:02cv01205(WWE)<br><br>**DEFENDANT NEW YORK AND PRESBYTERIAN HOSPITAL'S MOTION FOR PARTIAL UNSEALING OF THE RECORD**<br><br>**(FILED UNDER SEAL)**<br><br>August 13, 2004<br><br>**(ORAL ARGUMENT NOT REQUESTED)** |

FILED 2004 AUG 13 P 1:06
U.S. DISTRICT COURT

DC:262688v1

## DEFENDANT NEW YORK AND PRESBYTERIAN HOSPITAL'S
## MOTION FOR PARTIAL UNSEALING OF THE RECORD

1. The defendant New York and Presbyterian Hospital ("NYPH") respectfully moves for the partial unsealing of the record and attaches the affidavit of Stuart M. Gerson, Esquire in support of said motion. Although not formally required to do so, NYPH states that it appears specially on this motion and does not concede that this Court has *in personam* jurisdiction over NYPH.

2. As Mr. Gerson's affidavit describes, on or about, July 27, 2004, NYPH was served with a summons in this action and a document denominated the "Second Amended Complaint." At the same time, NYPH received a "Third Amended Complaint" on what Relator's counsel described to have been an informational basis.

3. Because Relator apparently sought to supersede the last complaint that had been accepted by the Court for filing, the parties agreed that NYPH's obligation to move or answer would be stayed until the Court had definitively dealt with the Third Amended Complaint.

4. Though Relator now has withdrawn his motion for leave to file that document, his counsel has stated that he intends to lodge another version of it. NYPH's obligation to move or answer remains continued pending that expected filing.

5. NYPH has been served and must consider its position and status in this litigation that essentially is based upon the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"). The FCA has a number of very specific filing and jurisdictional requirements. Among them is the requirement that such an action be filed under seal. That is the case in the instant matter and, accordingly, NYPH has not been allowed access to the docket or file in the case and hasn't, for example, even seen the original Complaint.

6.    The party in interest in bringing an FCA action is the United States. A *qui tam* relator is no more than an assignee of the government's claim. Under the FCA a relator may not proceed independently, as is the case here, unless the government itself has declined to enter the matter. NYPH has received no documentary evidence of the government's declination and represent that NYPH never was contacted by the government during the seal period. Furthermore, NYPH conducts no business in this District and is otherwise not found here. Nor is there any act in this District assigned to NYPH in the Second Amended Complaint. In short, at least as far as NYPH is concerned, there are potential jurisdictional issues to be contended with.

7.    Inasmuch as the government always has the right to intervene and act in a case like this, there are jurisdictional and other matters that NYPH would like to address to the government immediately. The government, though, cannot discuss the matter with NYPH unless NYPH is allowed to review the record in the case that would be the subject of the discussion. Accordingly, NYPH is moving for a partial unsealing of the case, so that it might review the docket and contents of the record. Any document that NYPH might later seek to place in the record would, of course, be filed under seal, unless and until the Court ruled otherwise.

**WHEREFORE**, NYPH respectfully requests that the order the partial unsealing of the docket and record in this matter so that NYPH may review it and make appropriate copies. No such information will be shared with third parties and, unless the Court were to rule otherwise, all filings in the matter will continue to be made under seal.

Dated: August 13, 2004

                          **EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendant New York and Presbyterian Hospital

By: /s/ David S. Poppick

David S. Poppick
Federal Bar No. (#ct13202)
Jonathan M. Plissner
Federal Bar No. (#ct23773)
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

and

Stuart M. Gerson
*Pro hac vice* motion pending
1227 25th Street, NW Suite 700
Washington, D.C. 20037-1175
(202) 861-0900

DC:262688v1

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent, via regular mail, this 13th day of August, 2004 to:

Law Offices of
Mary Alice Leonhardt, LLC
102 Oak St
Hartford, CT, 06106
Tel:   (860) 727-8874
Fax:   (860) 525-2194

Madsen, Prestley
& Parenteau, LLC
44 Capitol Ave, Suite 201
Hartford, CT 06106

Honorable John Ashcroft
United States Department of Justice
Office of the Attorney General          (3 Copies)
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-001

John Hughes, Esq.
Richard Molot, Esq.
Assistant United States Attorney
Office of the United States Attorney    (3 Copies)
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
David S. Poppick

DC:262688v1

- 5 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u> and ROBERT C. SMITH, M.D.,<br><br>           PLAINTIFFS,<br>VS.<br><br>YALE-NEW HAVEN HOSPITAL, INC., *et al.*,<br>           DEFENDANTS. | Civil Action No. 3:02cv01205(WWE)<br><br>**AFFIDAVIT OF STUART M. GERSON**<br><br>**(FILED UNDER SEAL)**<br><br>August 12, 2004 |

## AFFIDAVIT OF STUART M. GERSON

District of Columbia   )
                       ) ss:

      I, Stuart M. Gerson, being duly sworn, state and aver, based on my personal knowledge of the following:

      1.     I am a member of the law firm of Epstein Becker & Green, P.C., and, as attorney for New York and Presbyterian Hospital ("NYPH"), have sought admission to this Court *pro hac vice*.

      2.     On or about, July 27, 2004, NYPH was served with a summons in this action and a document denominated the "Second Amended Complaint." At the same time, NYPH received a "Third Amended Complaint" on what Relator's counsel described to have been an informational basis. Apparently, Relator then had pending a motion for leave to file that document.

      3.     Faced with the fact that Relator apparently sought to supersede the last complaint that had been accepted by the Court for filing, it made little sense for NYPH to respond to a document that likely soon would be outmoded. We therefore agreed with Relator's counsel to toll the time for any response until 20 days from the Court's order dealing with the Third Amended Complaint.

      4.     On August 2, 2004, I was informed by telephone and letter that Relator had withdrawn his motion to file the Third Amended Complaint. Relator's counsel, however, stated that he intended this to be a temporary matter and that he would, in a few weeks, lodge yet another version of the Complaint. Counsel thereupon agreed that NYPH's obligation to move or

answer would be continued pending that expected filing.

5.  In any event, NYPH has been served and must consider its position and status in this litigation that essentially is based upon the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"). The FCA has a number of specific filing and jurisdictional requirements. Among them is the mandate that such an action be filed under seal. That is the case in the instant matter and, accordingly, NYPH has not been allowed access to the docket or any file in the case and hasn't, for example, even seen the original Complaint.

6.  The party in interest in bringing an FCA action is the United States. A *qui tam* relator is no more than an assignee of the government's claim. Under the FCA, a relator may not proceed independently, as is the case here, unless the government itself has declined to enter the matter. We see no documentary evidence of the government's declination and represent that NYPH never was contacted by the government during the seal period. Furthermore, NYPH conducts no business in this District and is otherwise not found here. Nor is there any act in this District assigned to NYPH in the Second Amended Complaint. In short, at least as far as NYPH is concerned, there are potential jurisdictional issues to be contended with.

7.  Inasmuch as the government always has the right to intervene and act in a case like this, there are jurisdictional and other matters that NYPH would like to address to the government immediately. The government, though, cannot discuss the matter with NYPH unless NYPH is allowed to review the record in the case that would be the subject of the discussion. Accordingly, NYPH is moving for a partial unsealing of the case, so that it might review the docket and contents of the record. Any document that NYPH might later seek to place in the record would, of course, be filed under seal, unless and until the Court ruled otherwise.

DC:262688v1

Dated: August 12, 2004

_____
Stuart M. Gerson

Subscribed and sworn to before
me this 12th day of August 2004

_____
Notary Public

DYAN E. WOLFE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires July 14, 2006

DC:262688v1

- 9 -

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u> and ROBERT C. SMITH, M.D.,<br><br>        PLAINTIFFS,<br>VS.<br><br>YALE-NEW HAVEN HOSPITAL, INC., *et al.*,<br>        DEFENDANTS. | Civil Action No. 3:02cv01205(WWE)<br><br>**ORDER AUTHORIZING THE PARTIAL UNSEALING OF THE RECORD**<br><br>**(FILED UNDER SEAL)**<br><br>August 12, 2004 |

## ORDER AUTHORIZING THE PARTIAL UNSEALING OF THE RECORD

This matter having come before this Court on the Motion New York and Presbyterian Hospital, appearing specially, for the partial unsealing of the record, it is

Ordered:

1. that the Motion be, and hereby is granted; and

2. that the Clerk of the Court shall permit defendant New York Presbyterian Hospital to have access to review the docket and record in this action and to make copies of the documents contained herein. These documents or their contents may not be disclosed to third parties.

3. Until otherwise ordered, the matter shall remain under seal and all filings in the action shall be made under seal.

At Connecticut, in said District, this ___, day of _____ 2004.


Dated:_____, 2004

_____
United States District Judge