

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 OCT 29 P 12: 43

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel<br>ROBERT C. SMITH, M.D.<br><br>        Plaintiffs,<br>v.<br><br>YALE NEW HAVEN HOSPITAL,<br>YALE UNIVERSITY, ET AL<br><br>        Defendants. | CIVIL ACTION NO.<br>3:02-CV-01205 (WWE)<br><br><br><br><br><br><br>OCTOBER 27, 2004 |

### MEMORANDUM IN SUPPORT OF
### MOTION TO TRANSFER

Pursuant to Fed. R. Civ. P. 42(a) and Local Civil Rule 40(b)1, the defendant Yale New Haven Hospital ("YNHH") has moved this Court to transfer this case to the docket of Judge Dorsey so that it can be consolidated with <u>United States of America, ex rel Robert C. Smith, M.D. v. Yale University and Yale New Haven Hospital</u>, 3:00-CV-01359 (PCD) (hereafter "Qui Tam One"). This memorandum is submitted in support of that motion.

### BACKGROUND

Robert C. Smith (hereafter "the Relator") brings the present qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3730, against YNHH, Yale University ("Yale"), and a number of New York and New Jersey hospitals and medical institutions. By his Second Amended Complaint the Relator makes allegations of fraudulent Medicare and Medicaid billing practices with respect to the delivery of radiology services. The Relator is a radiologist and a former employee of Yale University.

DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

Qui Tam One is also a qui tam action brought by Robert C. Smith pursuant to the False Claims Act against YNHH and Yale. In Qui Tam One, the Relator similarly alleges that Yale and YNHH defrauded the United States by submitting fraudulent and/or false Medicare and Medicaid bills for radiological services. A copy of the Second Amended Complaint in Qui Tam One is attached hereto as Exhibit A. For the following reasons, YNHH respectfully requests that its Motion to Transfer be granted.

## ARGUMENT

Fed. R. Civ. P. 42(a) provides: "When actions involving a common question of law or fact are pending before the court . . . .It may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Id. By Local Rule, this District has mandated that related actions should be consolidated, and all related matters should be assigned to the judge to whom the earliest filed case was assigned. See Local Civil Rule 40(b)1. Indeed, the plaintiff should have listed Qui Tam One on the civil cover sheet as a related case when filing the present action.

A court's decision to consolidate cases under Rule 42 will not be disturbed, absent an abuse of discretion. Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). In ruling upon a motion to consolidate, a court should consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. Id.

2

These two actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) and Local Rule 40(b)1 because both actions involve common legal and factual issues. A review of the two complaints reveals that the claims being made against Yale and YNHH in the two actions are virtually identical. Indeed, the following paragraphs of the Second Amended Complaints in each action are either identical or virtually identical:

| **Qui Tam One** | 8 | 19 | 21-29 | 32 | 41-47 | 49-54 | 96-97 |
|---|---|---|---|---|---|---|---|
| **Qui Tam Two** | 9 | 43 | 44-52 | 54 | 57-63 | 64-69 | 107-108 |

The Relator is the same individual in both actions. In addition, Yale and YNHH are defendants in both actions. Thus, consolidation of these matters before a single judge is an appropriate vehicle to protect the interests of judicial economy and the interests of the parties and witnesses in avoiding being subjected to duplicative discovery and potentially inconsistent adjudication of common factual and legal issues. Consolidation of this matter with Qui Tam One is proper since both matters are in a very early stage. Indeed, no responsive pleadings have been filed in the present action and no discovery has been undertaken. In Qui Tam One, discovery has been stayed until after the resolution of a pending motion to dismiss. Since these matters are still in their early stages, there can be no credible claim that consolidation of these matters would unduly prejudice any party. See e.g., Callahan v. Unisource Worldwide, 2004 WL 413268 (D.Conn. 2004) (motion to consolidate for discovery purposes granted in matter involving same cause of action, some common defendants in both cases and both cases in early stages).

3

Consolidation is particularly appropriate in the present situation, since both cases involve very technical interpretations of the Medicare and Medicaid statutes and regulations. In this regard, there is pending before Judge Dorsey in the Qui Tam One a Motion to Dismiss, which has been fully briefed. It is contemplated that a similar motion will be filed in the present action, if this action is not consolidated with Qui Tam One. It would clearly save the Court and the parties substantial time and effort if the two cases were consolidated and these issues decided by a single judge.

### CONCLUSION

Transfer of this action to the docket of Judge Dorsey so that it can be consolidated with Qui Tam One will save the Court and the parties considerable time, effort and resources. Discovery and motion practice will be very similar in the two actions, as numerous deponents, relevant documents and witnesses will overlap the two actions. All of these factors strongly militate in favor of consolidation. See DeFigueiredo v. Trans World Airlines, Inc., 55 F.R.D. 44, 47 (S.D.N.Y. 1971); Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991)  Accordingly, this action should be transferred to the docket of Judge Dorsey and consolidated with United States of America, ex rel and Robert C. Smith, M.D. v. Yale University and Yale New Haven Hospital, 3:00-CV-01359 (PCD).

THE DEFENDANT
YALE NEW HAVEN HOSPITAL

BY: _____
Patrick M. Noonan  (#CT00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168
(203) 458-4424 – Fax

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
One Century Tower
265 Church Street
New Haven, CT 06508-1832

Carl H. Loewenson, Jr., Esq.
Stanley R. Soya, Esq.
J. Alexander Lawrence, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104-0185

Mary Alice Leonhardt, Esq.
Offices Of Mary Alice Leonhardt
102 Oak Street
Hartford, CT 06106

Peter B. Prestley, Esq.
Craig T. Dickinson, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue
Suite 201
Hartford, CT 06106

Stuart M. Gerson, Esq.
Epstein Becker & Green
1227 25th Street, NW
Washington, DC 20037-1175

Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

and, pursuant to Rule 5(c) of the Local Rules of Civil Procedure, three copies by United States Postal Service, First Class Mail to:

John Hughes, Esq.
Richard Molot, Esq.
Assistant United States Attorney
Office of the Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510.

_____
Patrick M. Noonan