FILED ORIGINAL

2005 APR 25 P 3: 45

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITES STATES OF AMERICA ex rel.<br>ROBERT C. SMITH, M.D.<br><br>RELATOR,<br><br>v.<br>YALE-NEW HAVEN HOSPITAL, INC.,<br>YALE UNIVERSITY, NEW YORK-<br>PRESBYTERIAN HOSPITAL AND<br>CORNELL UNIVERSITY JOAN AND<br>SANFORD I. WEILL MEDICAL COLLEGE<br><br>DEFENDANTS. | Civil Action<br>No. 3:02-cv-01205 (PCD)<br><br><br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF DEFENDANT<br>NEW YORK-PRESBYTERIAN<br>HOSPITAL'S MOTION TO<br>DISMISS THE THIRD<br>AMENDED COMPLAINT |

EPSTEIN BECKER & GREEN, P.C.

Stuart M. Gerson
1227 25th Street, NW Suite 700
Washington, D.C. 20037-1175
(202) 861-0900

David S. Poppick,
Jonathan M. Plissner
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-373

Attorneys for Defendant New York-Presbyterian
Hospital

DC:287790v2

# TABLE OF CONTENTS

        **Page**

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND ............................................................................... 2

      The Nature of Relator's Claims .................................................................3

      Relator Concedes That NYPH has Done Nothing in Connecticut Or has
      Acted in Concert with a Connecticut Resident, and That its Sole Relevant
      Contacts are in New York State..................................................................... 4

PROCEDURAL HISTORY ................................................................................... 5

ARGUMENT ......................................................................................................... 5

I.     This Court Lacks Personal Jurisdiction over NYPH ............................... 5

II.    This Matter May be Looked Upon as Involving Misjoinder of NYPH or
      Otherwise Requiring a Change of Venue ............................................... 10

III.   Relator Fails to Satisfy the Heightened Pleading Requirements of the FCA
      and the Federal Rules .............................................................................. 12

      A.    Applicability of Rule 9(b) to *Qui Tam* Actions ........................... 14

      B.    Relator Fails to Identify a Single False Claim .............................. 14

      C.    Relator Has Not Sufficiently Alleged Who Was Involved in the
           Submission of False Claims .......................................................... 17

      D.    Relator Has Not Sufficiently Alleged a Relevant Time Period .......... 18

      E.    Claims Submitted Before July 12, 1996 are Time Barred ................. 19

      F.    Relator's FCA Retaliation Claim is Also Legally Deficient ............. 19

           1.    Relator Wasn't an NYPH Employee ............................... 19

           2.    Relator Otherwise Fails to State a Valid Claim ................... 20

**TABLE OF CONTENTS**
**(continued)**

                                                                                                          **Page**

          a.     Relator Fails to Demonstrate That He Was Engaged In Protected Conduct ......................... 20

          b.     Relator Fails to Demonstrate That his Employer Knew That He Was Engaged in Protected Conduct Or Acted Against him ................................... 21

    G.     The FCA Retaliation Claim Also May be Time Barred ................. 21

IV.    Relator's Theory About the Alleged Impropriety of the Underlying Acts is Legally Insufficient ............................................................ 22

V.    The Complaint Has Additional Jurisdictional Shortcomings .................... 25

    A.  Relator Has Not Pleaded That He is an Original Source ..................... 25

    B.  Relator Has Not Pleaded That Claims at Issue Were Presented to an Official of the United States ............................................... 26

VI.   Relator Lacks Standing to Assert Common Law and/or Statutory Claims That are Not Specifically Authorized by the FCA ................................. 26

VII.  Even if the FCA Allowed Pendent State Law Claims of the Sort Relator Advances, His Claims Fail to Meet Their Own Pleading Prerequisites or Are Time Barred .................................................... 28

    A.    Relator Fails to State a Claim Upon Which Relief Can be Granted for Defamation ..................................................... 28

    B.    Relator Fails to State a Claim Upon Which Relief Can be Granted Under NY CLS § 741 ............................................. 29

    C.    Relator Fails to State a Claim Upon Which Relief Can be Granted for Intentional Infliction of Emotional Distress ................... 30

    D.    Relator Fails to State a Claim Upon Which Relief Can be Granted for Negligent Infliction of Emotional Distress .................... 31

## TABLE OF CONTENTS
### (continued)

        **Page**

    E.    To the Extent Relator's Common Law and Statutory Claims Fall Outside the Applicable Statute of Limitations, they Are Time Barred .................................................................................. 33

VIII.  If the Court Dismissed the Sole Federal (FCA) Claim it Should Dismiss the State-Law Claims for That Reason Alone ............................... 34

CONCLUSION ................................................................................. 35

# TABLE OF AUTHORITIES

## CASES

*Anthony v. Young & Rubicam,*
979 F. Supp., 122, 128 (D. Conn. 1997) ........................................................... 29

*Acito v. IMCERA Group, Inc.*
47 F.3d 47 (2d Cir. 1995) ................................................................................ 14

*Baker v. Dorfman,*
239 F.3d 415 (2d Cir. 2000) ............................................................................ 32

*Blumenreich v. North Shore Health Sys.*
287 AD2d 529, 530 (NY App. Div. 2001) ...................................................... 30

*Dookerman v. Mercy Hosp. of Pittsburgh,*
281 F.3d 105 (3d Cir. 2002) ............................................................................ 20

*Deutsche Asset Mgmt. v. Callaghan,*
2004 WL 758303 (S.D.N.Y. 2004) ................................................................. 29

*Fong v. Rego Park Nursing Home*
No. 95 Civ. 4445, 1996 WL 468660 (E.D.N.Y Aug. 7, 1996) ........................ 12

*Glendora v. Malone*
917 F. Supp. 224, 227 (S.D.N.Y. 1996)........................................................... 11

*Gold v. Morrison-Knudsen Co.,*
68 F.3d 1475 (2d Cir. 1995)............................................................................. 14

*Haberman v. Murchison,*
468 F.2d 1205 (2d Cir. 1972) .......................................................................... 34

*Hardin v. DuPont Scandinavia,*
731 F. Supp. 1202 (S.D.N.Y. 1990) ................................................................ 20

*Howell v. New York Post Co.,*
81 N.Y.2d 115, 121 (N.Y. 1993 ) .................................................................... 31

*Hutchins v. Wilentz,*
253 F.3d 176 (3d Cir. 2001) ....................................................................... 20, 21

*In re Cardiac Devices Qui Tam Litig.,*
221 F.R.D. 318 (D. Conn. 2004) ..................................................................... 17

*Johnson v. State*, 37 N.Y.2d 378 (1975) ....................................................... 32

*Kelly v. Schmidberger*,
806 F.2d 44, 46 (2d Cir. 1986) ................................................................. 28

*McKenzie v. Bellsouth Telecomm., Inc.*,
219 F.3d 508 (6th Cir. 2000) .................................................................... 20

*Mikes v. Straus*,
274 F.3d 687 (2d Cir. 2001) .......................................................... 22, 23, 24

*Movie Systems, Inc. v. Abel*,
99 F.R.D. 129 (D. Minn. 1983) ................................................................ 11

*Mruz v. Caring, Inc.*,
991 F. Supp. 701 (D.N.J. 1998) ............................................................... 20

*Murphy v. American Home Prods. Corp.*,
58 N.Y.2d 293 ( N.Y. 1983) .................................................................... 31

*Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life
& Casualty Co.*,
497 F.2d 1151 (2nd Cir. 1974) ................................................................. 11

*Nationwide Mut. Ins. Co. v. Darden*
503 U.S. 318 (1992) ................................................................................ 20

*Orientations, Inc. v. Orientations Gallery, Inc.*
1990 U.S. Dist. LEXIS 4619 (D. Ill. 1990) .............................................. 34

*Pail v. Precise Imps. Corp.*,
256 AD2d 529 (NY App. Div. 2001) ....................................................... 30

*Pergo, Inc. v. Alloc, Inc.*,
262 F. Supp. 2d 122 (S.D.N.Y. 2003 ....................................................... 10

*Puricelli v. CNA Ins. Co.*,
185 F.R.D. 139 (N.D.N.Y. 1999) ....................................................... 10, 11

*Queensborough Cmty Coll. v. State Human Rights Appeal Bd.*,
41 N.Y.2d 926 ( N.Y. 1977) .................................................................... 33

*Reingold v. Deloitte Haskins & Sells*,
599 F. Supp. 1241 (S.D.N.Y. 1984) ......................................................... 16

*Saxe v. E.F. Hutton & Co.*,
1985 U.S. Dist. LEXIS 13705 (S.D.N.Y 1985) ................................................. 34

*Shapiro v. Sutherland*,
835 F. Supp. 836 (E.D. Pa. 1993) ......................................................... 20

*United States ex rel. Butler v. Magellan Health Care Servs., Inc.*,
74 F. Supp. 2d 1201 (M.D. Fla. 1999) ................................................. 18, 24, 27

*United States ex rel. Butler v. Magellan Health Care Servs., Inc.*,
101 F. Supp. 2d 1365 (M.D. Fla. 2000) ................................................. 18, 15

*United States ex rel. Citizens United to Reduce and Block Fed. Fraud, Inc.
v. Metropolitan Med. Ctr., Inc.*
No. 89-0592-CIV, 1990 U.S. Dist. LEXIS 18339 (S.D. Fla., Jan. 11, 1990) .............. 11

*United States ex rel. Clausen v. Lab Corp. of Am., Inc.*,
290 F.3d 1301 (11th Cir. 2002) ......................................................... 14

*United States ex rel. Cox v. Iowa Health Sys.*,
29 F.Supp. 2d 1022 (S.D. Iowa 1998) ..................................................... 15

*United States ex rel. DeCarlo v. Keiwit/AFC Enters., Inc.*,
937 F. Supp. 1039 (S.D.N.Y. 1996 ........................................................ 17

*Unites States ex rel. Grant v. Rush-Presbyterian/St. Luke's Med. Ctr.*,
2001 WL 40807 (N.D. Ill. 2001) ........................................................... 27

*United States ex rel. Grynberg v. Alaska Pipeline Co.*,
Civ. o. 95-725, 1997 U.S. Dist. LEXIS 5221 (D.D.C. Mar. 27, 1997) .................... 11

*United States ex rel. Hopper v. Anton*,
91 F.3d 1261 (9th Cir. 1996) ............................................................. 15

*United States ex rel. Karvelas v. Melrose Wakefield Hosp.*,
360 F.3d 20 (1st Cir. 2004) ............................................................. 18, 21

*United States ex rel. King v. Jackson County Hosp. Corp.*,
2001 U.S. Dist. LEXIS 21706 (N.D. Fla. 2001) ............................................ 27

*United States ex rel. Kerindler & Kreindler v. United Techs. Corp.*,
985 F.2d 1148 (2d Cir. 1993) ............................................................. 19, 26

*United States ex rel. Long v. SCS Bus. & Tach. Inst.*,
999 F. Supp. 78 (D.D.C. 1993) ............................................................. 27

*United States ex rel. Mayman v. Martin Marietta Corp.*,
894 F. Supp. 218 (D. Md. 1995) .................................................................................. 28

*United States ex rel. Obert-Hong v. Advocate Health Care*,
2001 U.S. Dist. LEXIS 3767 (N.D. Ill. Mar. 28, 2001) ................................................. 15

*United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*,
152 F. Supp. 2d 443 (S.D.N.Y 2001) ................................................................. 13, 16, 27

*United States ex rel. Riley v. Alpha Therapeutic Corp.*,
96-cv-0704, 197 WL 818593 (N.D. Cal. Nov. 10, 1997) .................................... 13

*United States ex rel. Russell v. Epic Healthcare Mgmt. Group*,
193 F.3d 304, 308 (5th Cir. 1999) ............................................................................. 17

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*
125 F.3d 899, 903 (5th Cir. 1997) ............................................................................ 12

*United States ex rel. Totten v. Bombardier Corp.*,
380 F.3d 488 (D.C. Cir. 2004) .................................................................................. 26

*United States ex rel. Vallejo v. Investronica, Inc.*
2 F.Supp 2d 330 (W.D.N.Y. 1998) ............................................................................ 17

*United States ex rel. Walsh v. Eastman Kodak Co.*,
98 F.Supp. 2d 141 (D. Mass. 2000) ..................................................................... 13, 16

*United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*,
336 F.3d 375 (5th Cir. 2003) ..................................................................................... 17

*United States ex rel. Wilson v Graham County Soil & Water Conservation Dist.*,
367 F.3d 245 (4th Cir. 2004) ..................................................................................... 21

*United States v. St. Joseph's Reg'l Health Ctr.*,
240 F. Supp. 2d 882 (W.D. Ark 2002) ........................................................................ 8

*United States v. New York City Health and Hosp. Corp.*,
No. 1:95-CV-07649, 2000 WL 1610802 (S.D.N.Y Oct. 27, 2000) ......................... 25

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*,
146 L.Ed. 2d 836 (2000) ............................................................................................ 27

*Vessel v. DPS Assocs. Of Charleston, Inc.*,
148 F.3d 407 (4th Cir. 1998) ..................................................................................... 19

*Watson v. Connecticut Gen. Life Ins. Co.*,
2004 WL 234970 (3d Cir. 2004) .................................................................. 20

*Wexner v. First Manhattan Co.*,
902 F.2d 169 (2d Cir. 1990) ....................................................................... 17

*Wilkins v. St. Louis Hous. Auth.*,
31 F.3d 927 (8th Cir. 2002) ........................................................................ 20

*Zahodnick v. IBM*,
135 F.3d 911 (4th Cir. 1997) ...................................................................... 20

## STATUTES AND RULES

28 U.S.C. § 1404(a) .................................................................................................. 12

31 U.S.C. §§ 3729 *et seq.* ......................................................................................... 1

31 U.S.C. § 3730(h) .................................................................................................. 19

31 U.S.C. § 3730(e)(4)(A) ........................................................................................ 25

31 U.S.C. § 3730(e)(4)(B) ........................................................................................ 26

31 U.S.C. § 3731 ...................................................................................................... 19

31 U.S.C. § 3732(a) ........................................................................................... 5, 6, 9

42 U.S.C. § 1395y(a)(1(A) ....................................................................................... 22

Fed. Rule Civ. Pro. 9(b) ........................................................................................... 14

Fed. Rule Civ. Pro. 20(a) ......................................................................................... 11

N.Y. C.L.S. § 740(4)(a) ........................................................................................... 21

N.Y. C.L.S. § 741 ............................................................................................... 28, 30

N.Y. C.L.S. § 740(2)(a-c) ......................................................................................... 30

N.Y. C.L.S. § 741(b) ................................................................................................ 30

N.Y. C.L.S. § 740(4)(d) ............................................................................................ 33

N.Y. C.P.L.R. §. 215(3) ............................................................................................ 33

N.Y. C.P.L.R. §. 214(5) ............................................................................................ 34

## SECONDARY SOURCES

RESTATEMENT (SECOND) OF TORTS §§558, 580B .............................................. 28

1986 U.S.C.C.A.N. (U.S. Senate Report No. 99-345) ........................................ 7, 8

John T. Boese, CIVIL FALSE CLAIMS AND QUI TAM ACTION, §5.06[A][1]
(2d ed. 2003-2 Supplement) ................................................................................ 6, 8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITES STATES OF AMERICA ex rel.<br>ROBERT C. SMITH, M.D.<br><br>RELATOR,<br><br>v.<br>YALE-NEW HAVEN HOSPITAL, INC.,<br>YALE UNIVERSITY, NEW YORK-<br>PRESBYTERIAN HOSPITAL AND<br>CORNELL UNIVERSITY JOAN AND<br>SANFORD I. WEILL MEDICAL COLLEGE<br><br>DEFENDANTS. | Civil Action<br>No. 3:02-cv-01205 (PCD)<br><br><br><br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF DEFENDANT<br>NEW YORK-PRESBYTERIAN<br>HOSPITAL'S MOTION TO<br>DISMISS THE THIRD<br>AMENDED COMPLAINT |

## Introduction

Defendant New York-Presbyterian Hospital ("NYPH") has moved to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6), and the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* (the "FCA") because this Court lacks personal jurisdiction over NYPH, because venue in this Court is improper, and because the complaint otherwise fails to state a claim upon which relief can be granted under federal or state law, and pursuant to Fed. R. Civ. P. 9(b) because Relator does not plead fraud with sufficient particularity. Specifically, NYPH submits that:

1.  This Court lacks jurisdiction over NYPH. Relator has thoroughly misread the personal jurisdictional provision of the FCA. NYPH is not alleged to have performed any act in this District and is not alleged to have acted in concert with any Connecticut-based defendant. Both the plain meaning and the legislative history of the FCA, which Relator incompletely quotes, make it clear that there is no personal jurisdiction over NYPH as to this action. This

fundamental point, as to which Relator concedes every essential fact in the complaint itself, mandates the dismissal of the action as against NYPH.

2.  Viewed independently as a matter of venue, it is clear that the case against NYPH has nothing to do with this District, where no alleged activity even remotely related to NYPH took place, and that all witnesses, documents, or anything else material to this case or its prosecution may be found in the Southern District of New York. NYPH thus is misjoined in this litigation and, either as a matter of law or as a matter of discretion, any claim against NYPH that is not otherwise dismissed should be transferred to New York.

3.  The allegations of the complaint do not meet the particularity requirements of the FCA itself and of Fed. R. Civ. P. 9(b). Relator does not identify a single claim that was submitted by NYPH that is asserted to be false. In this Circuit, there is an unavoidable requirement to set forth the "who, what, where and when" of an alleged false claim. The same thing is true as to alleged retaliation covered by the FCA. This complaint represents the fourth attempt at pleading in this action. Its failure to meet the legal standards for FCA sufficiency requires dismissal with prejudice of the complaint.

4.  Relator's FCA allegations concerning radiological studies do not state a claim for various reasons not the least of which is that the acts that he describes, albeit without necessary particularity, are not unlawful.

5.  Plaintiff has not adequately pleaded two additional FCA jurisdictional matters: (a) that he is an original source of the information presented to the government; and (b) that NYPH made claims for payment or caused claims such claims to be made directly to an official of the

federal government. These are jurisdictional defenses that need not be reached by the Court at this time.

6. If the Court were to allow Relator to proceed with an FCA action, which it should not for many reasons, Relator should not be allowed to bring pendent state law claims (other than for retaliation) because the FCA itself does not allow him to do it, and Relator lacks standing to so because such claims are not claims of the United States, the real party in interest.

7. If Relator's pendent state law claims are viewed independently, each of them is dismissible for failure to state a claim, failure to plead with sufficient particularity as to NYPH, and because at least some of them are time barred.

8. If the FCA claims are dismissed, the Court should dismiss Relator's state law claims as a matter of discretion.

## FACTUAL BACKGROUND

### The Nature of Relator's Claims

This action, first and foremost, is one brought by Relator on behalf of the United States under the federal False Claims Act. He also raises several claims under New York State law for defamation, emotional distress and labor-related conduct.

According to the Third Amended Complaint, Relator is a radiologist and former professor at both Yale and Cornell who had medical staff privileges at those institutions' related hospitals, in the case of Cornell, NYPH.[1] Though his complaint is virtually devoid of specifics

---

[1] It is a fact that we believe is conceded, though unnecessary to the resolution of the instant motion to dismiss, that by virtue of his employment on the Cornell faculty, Relator automatically was granted staff privileges to practice at

as to NYPH, Relator claims that NYPH has violated the FCA by fraudulently billing Medicare and Medicaid with respect to the delivery of radiology services.

### Relator Concedes That NYPH has Done Nothing in Connecticut or has Acted in Concert with a Connecticut Resident, and That its Sole Relevant Contacts are in New York State.

The Third Amended Complaint clearly states that the activities of NYPH (and also of its related medical school, Cornell, where he worked from July 1, 1999 to sometime in the Summer of 2003) are limited to the State of New York. For example, the Complaint states that (i) NYPH is "a corporation existing in the State of New York . . . and an affiliate of the . . . Cornell University Joan and Sanford I. Weill Medical College" (¶ 10); (ii) "Cornell University Joan and Sanford I. Weill Medical College is a corporation existing in the State of New York . . . and an affiliate of . . . [NYPH]" (3d Am. Compl. ¶ 11); and (iii) "[a]t all times relevant hereto . . . [NYPH] and Cornell were providers of Medicare and Medicaid services in New York." (3d Am. Compl. ¶ 60). No act cited as to NYPH took place outside of New York.

Relator believes that this conceded lack of contact with this District is immaterial because of the way that he interprets 31 U.S.C. §3732(a). However, it is beyond question that that provision only permits personal jurisdiction of an out-of-district defendant who has participated in a scheme with an in-district defendant. Here, Relator has alleged no relationship between, or common activities among, NYPH and any defendant that is a citizen of Connecticut, *i.e.*, current defendant, Yale-New Haven Hospital, or settling defendant, Yale University, and so his argument concerning personal jurisdiction as to NYPH collapses.

---

NYPH. When his employment was terminated at Cornell, something NYPH is not alleged to have participated in, his staff privileges automatically were terminated at NYPH, which undertook no discretionary act at all.

**Procedural History**

This is no less than the fourth complaint that Relator has filed in this action. On July 12, 2002, Relator filed his initial complaint *in camera* and under seal as the FCA provides. Three Amended Complaints followed (though the Second was withdrawn before it was accepted by the Court). After Relator's September 12, 2003 filing of his First Amended Complaint, the United States, acting through the United States Attorney for the District of Connecticut, formally declined to appear in the action. Relator is thus proceeding on his own, but in the name of the United States.

Although he doesn't reference a single identifiable claim that might afford the defendants the chance to defend themselves factually, Relator erroneously alleges that the defendants have violated the FCA by improperly billing the Medicare and Medicaid programs for generating outpatient radiological studies that were not used in connection with the diagnosis or treatment of patients relative to the outpatient encounter for which the studies were generated, were not interpreted by a qualified radiologist in a timely fashion, or were not taken or documented. (3d Am. Compl. ¶ 1.) As noted, Relator also alleges that he was the victim of retaliation for bringing his claims to the attention of various persons, and that the defendants also violated New York State labor law and otherwise defamed him and caused him intentional and negligent emotional distress.

**ARGUMENT**

**I. THIS COURT LACKS PERSONAL JURISDICTION OVER NYPH**

Relator impliedly concedes that if this were not a case brought under the FCA, he would not even try to assert that the Court has personal jurisdiction over NYPH, which he correctly

describes as a (not-for-profit) hospital entirely located and doing business in the State of New York. The same is conceded as to Cornell's medical school, which is affiliated with NYPH. Relator believes that the FCA itself allows for personal jurisdiction because of a unique venue provision, 31 U.S.C. §3732(a), added to the FCA in 1986, that allows for suit in a given district against multiple defendants in a particular action, *i.e.*, a common plan or scheme, if any single defendant is located in that district.

However, in the case at bar, there is no common plan or scheme alleged. Indeed, there is not a single allegation that NYPH did anything of an actionable nature within the District of Connecticut or participated in any activity in concert with any entity found in Connecticut, *e.g.*, Yale-New Haven Hospital or Yale University. Accordingly, NYPH cannot properly be drawn into this litigation in a jurisdiction where it is not found. To do so would lead to an absurd result that Congress never intended.

31 U.S.C. §3732(a) provides as follows:

> Any action under section 3730 [of the False Claims Act] may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

Prior to the addition of this section, FCA cases could only be brought in the district where a defendant was "found," even if out-of-district defendants also were directly involved with the in-district defendant in the matter at issue. In response to concerns from the United States Department of Justice that the government would be required, in cases involving multiple defendants, to file a separate suit wherever each defendant could be found, Congress changed the law. *See* John T. Boese, *Civil False Claims and Qui Tam Actions*, § 5.06[A][1] (2nd ed. 2003-2 Supplement).

Congress added the current venue provision (cited above) to "modernize the jurisdiction and venue provisions of the False Claims Act, by recognizing the existence of multi-defendant and multi-district frauds against the Government." 1986 U.S.C.C.A.N. pp. 5266, 5297 (U.S. Senate Report No. 99-345). In other words, Congress intended that a given fraud case involving related defendants be litigated in a single district where any one co-conspirator could be found.

Relator misconstrues the phrase "in the case of multiple defendants" as justification for claiming that venue is proper in the District of Connecticut because at least one defendant is located there, albeit having no connection to NYPH. The basis of this misconstruction is Relator's argument that "[v]enue is further supported by the Senate Report which explained the 1986 addition of this Venue section . . . ."

The particular language in that Senate Report upon which Relator relies is as follows: "Multiple suits, of course, increase the cost to the Government to pursue these cases and have a comparable impact upon the judicial resources required for a complete adjudication." *Id; See also* 1986 U.S.C.C.A.N. at 5297.

However, the Relator failed to cite the relevant portions of the Senate Report in its entirety, which makes it clear that Congress intended for venue in one district to be appropriate against multiple defendants only if those defendants have engaged in a common scheme to defraud the government. Thus, the Senate Report states that:

> Many False Claims Act suits are brought after criminal litigation involving the same or similar conduct. Typically, for a variety of reasons, the individuals involved have moved from where the wrongdoing occurred and where they were once "found." This, in turn, may force the Department of Justice to file multiple suits involving the *same scheme or pattern or fraudulent conduct against each defendant* in the district in which he or she may be found at the time suit is commenced.

1986 U.S.C.C.A.N. at 5297 (emphasis added).

This additional language makes it clear that Congress intended this expanded venue provision to apply only to multiple defendants that are involved in the "same scheme or pattern or fraudulent conduct."

The amended False Claims Act indisputably provides that "if venue is proper as to one defendant in a jurisdiction, it is proper for all other defendants in the same proceeding who are involved in the same false claims. This does not mean, however, that defendants who are accused of similar, but unrelated, conduct may all be sued in the same district." Boese, *supra*, at § 5.06[A][1] (emphasis added ). To hold otherwise could lead to the absurd and unitended result of unrelated parties being forced to litigate hundreds or thousands of miles from the locations in which they exclusively operate merely because a defendant with whom none of the others had any connection is located in the forum district. As a complete reading of the statute and its legislative intendment make clear, Relator's reading of the law is erroneous.

NYPH's position is so clearly supported by authority and, indeed, is so obvious, that there is very little litigation on the subject, although where there is, the United States has taken a position consistent with that advanced by NYPH here. For example, *United States v. St. Joseph's Reg'l Health Ctr.*, 240 F. Supp. 2d 882, 883-84 (W.D. Ark 2002), was an FCA action begun in the Eastern District of Pennsylvania against St. Joseph's Regional Health Center ("St. Joseph's"), which was located in Arkansas, and 99 other defendants (only two of which were in Pennsylvania) on the grounds that such defendants engaged in Medicare fraud.

After some initial sparring, the case as to St. Joseph's was severed and then transferred to the Western District of Arkansas, where St. Joseph's is located. *Id.* at 884. After the government intervened in the transferred case, St. Joseph's moved to dismiss it on the grounds