UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel ROBERT C. SMITH, M.D., <br><br> RELATOR <br><br> VS. <br><br> YALE-NEW HAVEN HOSPITAL, INC, NEW YORK PRESBYTERIAN HOSPITAL AND CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE, <br><br> DEFENDANTS | Civil Action <br> No.3:02cv01205 (PCD) |

FORM 26(f)
REPORT OF PARTIES' PLANNING MEETING/
INITIAL CASE MANAGEMENT CONFERENCE

| | |
|---|---|
| Date Complaint Filed: | July 12, 2002 |
| Date Second Amended Complaint Filed: | March 10, 2004 |
| Date Second Amended Complaint Served (Contested by Cornell): | July 27, 2004 |
| Date of Order Granting Permission to File Third Amended Complaint: | March 17, 2005 |
| Date of Defendant Yale-New Haven Hospital's Appearance: | September 14, 2004 |
| Date of Defendant New York Presbyterian Hospital's Appearance: | August 6, 2004 |
| Date of Defendant Cornell University Joan and Sanford I. Weill Medical College's Appearance: | April 25, 2005 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. Local Civil Rule 38, conferences were held on March 14th, March 16th, and March 23rd 2005. In addition, there were several telephone calls and email exchanges. The participants were:

Craig T. Dickinson                         for the Relator

| | |
|---|---|
| Patrick M. Noonan | for the Defendant Yale-New Haven Hospital |
| Stuart M. Gerson | for the Defendant New York Presbyterian Hospital |
| Gary P. Schulz | for the Defendant Cornell University Joan and Sanford I. Weill Medical College |

I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. JURISDICTION

At this time, each defendant's Motions to Dismiss plaintiff's complaint have been fully briefed. Counsel for Relator and Defendants New York-Presbyterian Hospital and Cornell University Joan and Sanford I. Weill Medical College have agreed to the following briefing schedule:

| | |
|---|---|
| Defendant Yale's papers were served on: | November 16, 2004 |
| Relator's opposition papers were served: | December 7, 2004 |
| Defendant Yale's reply papers were served on: | December 23, 2004 |

| | |
|---|---|
| Defendants' New York-Presbyterian Hospital and Cornell University Joan and Sanford I. Weill Medical College papers were served on: | April 25, 2005 |
| Relator's opposition papers to be served by: | June 23, 2005 |
| Defendants' reply papers to be served and the Motion to be filed with the Court by: | July 27, 2005 |

III. BRIEF DESCRIPTION OF CASE

Claims of Relator:

Relator alleges that Defendants violated the False Claims Act ("FCA") 31 U.S.C. § 3729, et seq. by, inter alia, billing and retaining payments from the Medicare and Medicaid Programs for Radiological Services which were (1) worthless and not used for patient diagnosis or treatment; (2) not medically indicated and medically unnecessary; (3) substandard; and/or (4) not provided in the manner prescribed by governing law, rules and/or regulations. Relator further alleges that Defendants violated 31 U.S.C. § 3730 (h) when they harassed, intimidated, and discriminated against the Relator and caused him to suffer emotional distress and damage to his reputation. Relator also asserts claims under New York state law for defamation, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of N.Y. Labor Law § 741 against defendants Cornell and NYPH, as well as a claim for breach of contract against defendant Cornell.

Defenses and Claims of Defendants:

Defendant New York – Presbyterian Hospital ("NYPH") believes that this Court lacks personal jurisdiction over NYPH, that NYPH is misjoined in this action and that this Court is not the proper venue as to NYPH. NYPH also maintains that the Third Amended Complaint fails to meet the pleading standards of the False Claims Act, 31

U.S.C. §§ 3729, et seq., and of Fed. R. Civ. P. 9(b) and 12(b)(6), both because the Complaint is pleaded without requisite particularity and otherwise fails to describe acts which are unlawful. In addition, NYPH submits that Relator cannot bring pendent state law claims because he is barred by the plain language of the FCA from doing so and because he lacks standing to raise matters that are not claims of the United States. However, if Relator were theoretically empowered to bring pendent state law claims against NYPH, the ones set forth in the Third Amended Complaint are inadequately pled, fail to state a claim upon which relief can be granted, and at least partly are barred by the statute of limitations.

Defendant Cornell University Joan and Sanford I. Weill Medical College ("Cornell") contends that Relator's claims for fraud and retaliation, alleged under the False Claims Act, 31 U.S.C. §§ 3729, et seq., should be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) both because they are inadequately pled and otherwise fail to state a cognizable claim. Cornell also submits that plaintiff's pendent state law statutory and common law claims are either time-barred or legally defective. Alternatively, the claims against Cornell should be dismissed because it was not properly served or joined in the action. In the event that the action against Cornell is not dismissed, it should be severed and transferred.

Defendant Cornell otherwise denies violating the False Claims Act in connection with their provision of radiological services. Defendant Cornell further denies violating the False Claims Act or New York state law by retaliating or discriminating against the Relator, and denies defaming Relator or breaching any contract with Relator.

Defendant YNHH denies violating the False Claims Act in connection with their provision of radiological services. Defendant YNHH further denies violating the False Claims Act by retaliating or discriminating against the Relator.

<u>Defenses and Claims of Third Party Defendants:</u>

Not applicable.

IV.  STATEMENT OF UNDISPUTED FACTS

Counsels certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are undisputed:

a.  Relator became employed by Defendant Yale University in 1990. Relator held the positions of Associate Professor, Department of Diagnostic Imaging and Chief, Section of MRI, Department of Diagnostic Imaging at Yale University's School of Medicine; Director, Magnetic Resonance Imaging Center and attending staff physician at YNHH.

b.  Relator left employment with Defendant Yale University on June 30, 1999.

c.  Relator was employed <u>as</u> a Professor of Radiology at Cornell commencing from July, 1999 until the Summer of 2003.

V.  CASE MANAGEMENT PLAN:

A.  Standing Order on Scheduling in Civil Cases:

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

B. Scheduling Conference with the Court:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If such a conference is scheduled, the parties prefer a conference by telephone.

C. Early Settlement Conference:

If and when a settlement conference is scheduled, the parties prefer a settlement conference with a Magistrate Judge.

D. Joinder of Parties and Amendment of Pleadings:

1. Relator does not expect to file motions to join additional parties.

2. Defendants do not expect to file motions to join additional parties, but reserve the right to do so, if appropriate. Any such motions would be made prior to the completion of fact discovery.

E. Pre-discovery Disclosures:

1. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) within 60 days following the Court's decision on Defendants' respective motions to dismiss.

   a. All claims set forth by Relator in the Third Amended Complaint;

   b. All subjects and issues fairly arising out of Defendants' defenses to Relator's claims; and

   c. Relator's claimed damages.

The parties reserve the right to object in response to any specific discovery request and no waiver of any such objection is intended herein.

2. All fact discovery, will be commenced immediately after the Court enters its decisions denying Defendants' respective motions to dismiss in whole or in part, and all such fact discovery shall be completed (not propounded) within 12 months of such decision having been rendered.

3. Discovery will be conducted in phases.

4. There are no issues for early discovery.

5. Relator anticipates that he will seek to take a total of approximately 15 depositions of fact witnesses. Defendants anticipate that they will take no more than 10 depositions of fact witnesses. Each party reserves the right to challenge the necessity or propriety of the depositions the other party seeks to take.

6. Relator intends to request permission to serve more than 25 interrogatories per party. Defendants intend to request permission to serve more than 25 interrogatories per party.

7. Relator may call expert witnesses at trial. Relator will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within 30 days after the close of fact discovery. Depositions of any such experts will be completed within 60 days after the disclosure of Plaintiff's experts' reports.

8. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within 90 days after the close of fact discovery. Depositions of any such experts will be completed within 120 days after the disclosure of Defendants' expert reports.

G. Dispositive Motions:

Dispositive Motions, other than those filed at the outset of this matter, will be filed within 60 days following the completion of all discovery.

H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of the Court's ruling on any dispositive motion filed after the conclusion of discovery.

VI. TRIAL READINESS

The case will be ready for trial by 30 days after the submission of the joint trial memorandum.

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

UNITED STATES OF AMERICA, ex rel. ROBERT C. SMITH, M.D., Relator

Date: 6/20/05    By: _____
                    Craig T. Dickinson, Esq.
                    Federal Bar No.: CT18053
                    Madsen, Prestley & Parenteau, LLC
                    44 Capitol Avenue - Suite 201
                    Hartford, CT 06106
                    Telephone:    (860) 246-2466

DEFENDANT YALE-NEW HAVEN HOSPITAL,

Date: _____   By: _____
                            Patrick M. Noonan, Esq.
                            Donahue, Durham & Noonan
                            Federal Bar No.:
                            741 Boston Post Road
                            Guilford, CT 06437
                            Telephone:    (203) 458-9168
                            Facsimile:    (203) 458-4424

DEFENDANT NEW YORK PRESBYTERIAN HOSPITAL

Date: _____   By: _____
                            Stuart M. Gerson
                            Federal Bar No.: CT03865
                            Epstein Becker & Green, P.C.
                            1227 25th Street, NW - Suite 700
                            Washington, DC 20037-1175
                            Telephone:    (202) 861-4180

DEFENDANT CORNELL UNIVERSITY JOAN AND WEILL MEDICAL COLLEGE

Date: _____   By: _____
                            Gary P. Schulz
                            Federal Bar No.: PHV0056
                            Nixon Peabody, LLP
                            990 Stewart Avenue
                            Garden City, NY 11530
                            Telephone:    (516) 832-7500

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

UNITED STATES OF AMERICA, ex rel. ROBERT C. SMITH, M.D., Relator

Date: _____   By: _____
Craig T. Dickinson, Esq.
Federal Bar No.: CT18053
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue - Suite 201
Hartford, CT 06106
Telephone:    (860) 246-2466

DEFENDANT YALE-NEW HAVEN HOSPITAL,

Date: _June 15, 2005_   By: _/s/ Patrick M. Noonan_
Patrick M. Noonan, Esq.
Donahue, Durham & Noonan
Federal Bar No.:
741 Boston Post Road
Guilford, CT 06437
Telephone:    (203) 458-9168
Facsimile:    (203) 458-4424

DEFENDANT NEW YORK PRESBYTERIAN HOSPITAL

Date: _____   By: _____
Stuart M. Gerson
Federal Bar No.: CT03865
Epstein Becker & Green, P.C.
1227 25th Street, NW - Suite 700
Washington, DC 20037-1175
Telephone:    (202) 861-4180

DEFENDANT CORNELL UNIVERSITY JOAN AND WEILL MEDICAL COLLEGE

Date: _____   By: _____
Gary P. Schulz
Federal Bar No.: PHV0056
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530
Telephone:    (516) 832-7500

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

UNITED STATES OF AMERICA, ex rel. ROBERT C. SMITH, M.D., Relator

Date: _____   By: _____
Craig T. Dickinson, Esq.
Federal Bar No.: CT18053
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue - Suite 201
Hartford, CT 06106
Telephone:     (860) 246-2466

DEFENDANT YALE-NEW HAVEN HOSPITAL,

Date: _____   By: _____
Patrick M. Noonan, Esq.
Donahue, Durham & Noonan
Federal Bar No.:
741 Boston Post Road
Guilford, CT 06437
Telephone:     (203) 458-9168
Facsimile:      (203) 458-4424

DEFENDANT NEW YORK PRESBYTERIAN HOSPITAL

Date: 6/2/05                     By: /s/ Stuart Gerson
Stuart M. Gerson
Federal Bar No.: CT03865
Epstein Becker & Green, P.C.
1227 25th Street, NW  - Suite 700
Washington, DC 20037-1175
Telephone:     (202) 861-4180

DEFENDANT CORNELL UNIVERSITY JOAN AND WEILL MEDICAL COLLEGE

Date: _____   By: _____
Gary P. Schulz
Federal Bar No.: PHV0056
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530
Telephone:     (516) 832-7500

As officers of the Court, undersigned counsels agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

UNITED STATES OF AMERICA, ex rel. ROBERT C. SMITH, M.D., Relator

Date: _____   By: _____
Craig T. Dickinson, Esq.
Federal Bar No.: CT18053
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue - Suite 201
Hartford, CT 06106
Telephone:     (860) 246-2466

DEFENDANT YALE-NEW HAVEN HOSPITAL,

Date: _____   By: _____
Patrick M. Noonan, Esq.
Donahue, Durham & Noonan
Federal Bar No.:
741 Boston Post Road
Guilford, CT 06437
Telephone:     (203) 458-9168
Facsimile:     (203) 458-4424

DEFENDANT NEW YORK PRESBYTERIAN HOSPITAL

Date: _____   By: _____
Stuart M. Gerson
Federal Bar No.: CT03865
Epstein Becker & Green, P.C.
1227 25th Street, NW - Suite 700
Washington, DC 20037-1175
Telephone:     (202) 861-4180

DEFENDANT CORNELL UNIVERSITY JOAN AND WEILL MEDICAL COLLEGE

Date:   6/6/05   By: _____
Gary P. Schulz
Federal Bar No.: PHV0056
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530
Telephone:     (516) 832-7500

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of June, 2005, a copy of the foregoing was sent via mail delivery to the following counsel of record:

Richard M. Molot
Assistant United States Attorney
P. O. Box 1834
New Haven, CT 06508

Stuart M. Gerson
Epstein Becker & Green, P.C.
1227 25th Street, NW - Suite 700
Washington, DC 20037-1175

Gary Schulz
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Mary Alice Leonhardt
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

David S. Poppick
Epstein Becker & Green, P.C.
One Landmark Square - Suite 1800
Stamford, CT 06901

James R. Kahn
Cornell University
445 East 69th Street
New York, NY 10021

_____
Craig T. Dickinson