UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel | : | |
| ROBERT C. SMITH, M.D. | : | |
| | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:02-CV-01205 (PCD) |
| v. | : | |
| | : | |
| YALE NEW HAVEN HOSPITAL, | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants. | : | October 12, 2005 |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, Yale New Haven Hospital ("YNHH"), hereby objects to the plaintiff's motion for reconsideration of the Court's August 25, 2005 ruling on YNHH's motion to dismiss. In its ruling, the Court dismissed all claims against YNHH in the present action on the ground that they are barred by the "first to file" requirement of 31 U.S.C. § 3730(b)(5). This motion must be denied because it does not present any new facts or controlling authority that would alter the Court's ruling.

### BACKGROUND

Robert C. Smith (hereafter "the Relator") brought the present qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3730, against YNHH, Yale University ("Yale"), and a number of New York and New Jersey hospitals and medical institutions. By his Third Amended Complaint the Relator makes allegations of fraudulent Medicare and Medicaid billing practices with respect to the delivery of radiology services. The Relator is a radiologist and a former employee of Yale University.

DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

The Relator also instituted the action <u>United States of America ex rel Robert C. Smith, M.D. v. Yale University and Yale New Haven Hospital</u>, 3:00-CV-01359 (PCD) (hereafter "Qui Tam One"), which was transferred to this Court from Judge Eginton's docket upon motion of YNHH. Similar to the present case, Qui Tam One is an action brought against YNHH under the False Claims Act ("FCA") alleging YNHH defrauded the United States by submitting fraudulent and/or false Medicare and Medicaid bills for radiological services. In its August 25, 2005 ruling, the Court held that because the present action (referred to as "Qui Tam Two") and Qui Tam One allege the same material facts, Qui Tam Two is barred by the provision of the FCA that provides "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The Relator has not provided adequate reason for the Court to reconsider this ruling.

**LEGAL STANDARD**

Local Rule of Civil Procedure 7(c) provides that "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." A motion for reconsideration under Local Rule of Civil Procedure 7(c) is treated as a motion to amend judgment under Fed.R.Civ.P. 59(e) and therefore must "adhere to stringent standards." (Internal quotation marks omitted.) <u>Ryan v. Sullivan, Hill, Lewin, Rez, Engel and LaBazzo</u>, 2005 WL 367836, *1 (D.Conn. 2005, Squatrito, J.) "The movant must show that the court overlooked matters or controlling decisions which might reasonably

2

have altered the court's result. . . . Specifically, Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." (Citations omitted; internal quotation marks omitted.) Id.  A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . . A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.  Furthermore, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." (Citations omitted; internal quotation marks omitted.)  Lopez v. Smiley, 375 F.Supp.2d 19, 21-22 (D.Conn. 2005, Kravitz, J.).  The present motion for reconsideration fails to meet this exacting standard.

**ARGUMENT**

The Relator has presented two grounds for the Court to reconsider its ruling.  The first claim is that the Court overlooked the fact that the Relator's "completed but not read" allegations against YNHH in Qui Tam Two were originally filed as part of Qui Tam One.[1] The second ground is that the Court should reconsider its decision in light of the recent

---

[1] "Completed but not read" refers to a study where there is no subsequent written report from a radiologist.  However, the fact that there is no written report from a board certified radiologist does not mean the film was never read or used for treatment.  Such films are routinely read by orthopedic surgeons, Emergency Department specialists or other physicians who utilize the films in the care and treatment of the patient but do not prepare a separate written report.

3

holding in Campbell ex rel. United States v. Redding Medical Center, 421 F.3d 817 (9th Cir. 2005). Because neither ground advanced by the Relator provides adequate reason for the Court to alter its ruling, the motion for reconsideration must be denied.

As to the Relator's first asserted ground, the procedural history of this case is not new information that was unavailable to the plaintiff when the motion was briefed. Therefore, this ground does not provide a basis for reconsideration. See Ryan, supra, 2005 WL 367836 at *1. Furthermore, based on the Court's reasoning, this information is irrelevant. The Court correctly observed that the present action is related to Qui Tam One in that the "material or essential factual allegations revolve around the nature of the fraud asserted, namely, billing for radiological services that were lacking in professional interpretation. The Defendants are identical and the services are identical. The differences asserted, while serving to flesh out the details of the particular fraud and the particular method, are not material or different enough to render this case not subject to § 3730(b)(5)." (August 25, 2005 Ruling on Motion to Dismiss, p. 21.) The Court's holding establishes that the Court was aware of immaterial differences between the two complaints and determined that the details as to how the allegedly fraudulent billing took place are unimportant in deciding the motion to dismiss.[2] Therefore, it is equally unimportant how those details have been added and subtracted from the various complaints in Qui Tam One and Qui Tam Two. Both cases arose from the same

---

[2] The Relator asserts that the Court mischaracterized his claims against YNHH when it held that the original complaint in Qui Tam One did not contain the "completed but not read" fraud claim. (See Memoradum of Law in Support of Motion for Reconsideration, dated September 8, 2005, p. 9 n. 1.) However, because of the courts holding that the details as to how the fraud was allegedly committed are immaterial in determining whether the claims are related, this alleged mischaracterization had no influence on the Court's ruling.

material facts, which warrants the application of § 3730(b)(5) to bar the present action. Furthermore, the Relator's assertion that he amended his pleadings in this manner for "convenience and administrative purposes" is unavailing. (Memorandum of Law in Support of Motion for Reconsideration, dated September 8, 2005, p. 5.) The clear and unequivocal language of § 3730(b)(5) does not provide anything that can be construed as an exception to the related claim bar because of either "convenience" or "administrative reasons;" nor has the Relator provided any case law which would support such an exception.

The Relator's argument that the Court should reconsider its ruling in light of the holding in Campbell ex rel. United States v. Redding Medical Center, supra, 421 F.3d 817, is also unpersuasive. First, as a Ninth Circuit case, Campbell is not controlling authority, and the Court's failure to consider Campbell in its ruling does not satisfy the strict standards for granting a motion for reconsideration. Lopez v. Smiley, supra, 375 F.Supp.2d at 21. Furthermore, the Campbell decision, even if it were controlling, would not have altered the Court's reasoning. The Court relied on United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181 (9th Cir. 2001) in the present case for the proposition that the plain language of § 3730(b)(5) does not provide an exception to the "first to file" bar.[3] The Relator asserts that in Campbell, the Ninth Circuit limited its previous holding in Lujan that there are no exceptions to the "first to file" bar. Despite the Relator's interpretation, Campbell does not address the issue. Rather, Campbell holds that an action cannot be considered a first-filed

---

[3]   The Court did not rely exclusively on Lujan, supra, for this proposition. See Minnesota Ass'n of Nurse Anesthetists v. Allina Health System Corp., 276 F.3d 1032, 1046 n.10 (8th Cir. 2002).

complaint for purposes of § 3730(b)(5) unless filed by an original source. See Campbell, supra, 421 F.3d at 818. This is not the creation of an exception; it is merely an interpretation of the term "first to file." Even if Campbell can be found to create an exception to the "first to file" bar, it is not an exception applicable here, as Campbell is factually dissimilar from the present case. Unlike the situation in Campbell, where the first filed complaint was dismissed for lack of jurisdiction, Qui Tam One has not been so dismissed.

The present case is not one which would warrant the creation of an exception. In its ruling, the Court provided several policy reasons behind the "first to file" bar. That reasoning remains applicable even in light of the Relator's argument that the "completed but not read" fraud allegations, which are now a part of Qui Tam Two, were originally included in Qui Tam One. Of particular relevance is the policy of avoiding repetitive claims. (See August 25, 2005 Ruling on Motion to Dismiss, p. 19.) Qui Tam Two is repetitive of Qui Tam One, regardless of whether they contain different details as to how the billing fraud was allegedly committed. The repetitive nature of these claims is especially apparent when considering that as of the time that Qui Tam Two was filed in July, 2002, "both Qui Tam One and Qui Tam Two contained the allegation that the defendant YNHH was submitting false claims to Medicare and Medicaid for studies that were 'completed but not read.'" (Memorandum of Law in Support of Motion for Reconsideration, p. 4.) It was not until 2003 that the pleadings in Qui Tam One were amended so that only Qui Tam Two contained the "completed but not read" allegations. Id. at 5. There is no reason to create an exception to the "first to file" bar so that a Relator can bring a second action which, at its inception, is essentially identical to the first, and which, even after amendment, still arises from the same

material facts. Allowing such repetitive actions would be a waste of judicial resources and would do nothing to further the goal of providing the government with notice of the essential facts of an alleged fraud. See Lujan, supra, 243 F.3d at 1187. Such an exception would also discourage a relator from coming forward with all available information in the first suit, resulting in the filing of piecemeal lawsuits, as occurred here. (See August 25, 2005 Ruling on Motion to Dismiss, p. 19.)

The Relator attempts to carve out an exception to the "first to file" bar on the basis of language contained in 31 U.S.C. §§ 3730(b)(4) and 3730(c)(3), stating that if the government does not intervene, the relator "shall have the right to conduct the action." However, what the Relator is attempting to do in this case is not simply to "conduct the action," but rather to bring a second action. In no way can this language be construed to allow for the institution of a second action. The language itself refers to a single action and does not contemplate more than one suit. Such a construction would also be in direct conflict with the language of § 3730(b)(5), which prohibits multiple suits on the basis of the same underlying facts. As such, the Relator's interpretation of the FCA would produce an absurd result. See U.S. v. Venturella, 391 F.3d 120, 126 (2nd Cir. 2004) ("A statute should be interpreted in a way that avoids absurd results.")

The Relator moves, in the alternative, for leave to amend the complaint in Qui Tam One so as to re-incorporate "completed but not read" allegations. "Leave to amend a complaint shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of

amendment will serve to prevent an amendment prior to trial." <u>Dougherty v. Town of North Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87 (2nd Cir. 2002) (Internal quotation marks omitted).  Qui Tam One was instituted over five years ago.  The Relator has had sufficient time to organize his pleadings and should not at this late date be allowed to add to his allegations.  It is of no moment that the "completed but not read" allegations were contained in the original complaint in Qui Tam One, as the Relator made the conscious decision to remove those allegations, at the risk that they could not be properly maintained in a separate action.  See <u>Collom v. Incorporated Village of Freeport</u>, 1989 WL 135186, *1 (E.D.N.Y Oct. 3, 1989) (denying motion to amend complaint brought three years after filing of original complaint), <u>citing</u> <u>Freeman v. Continental Gin Co.</u>, 381 F.2d 459, 469 (5th Cir. 1967).

## **CONCLUSION**

For the reasons stated, the Relator's motion for reconsideration must be denied. Furthermore, the Relator should not be allowed to amend his complaint in Qui Tam One. The motion should be denied in its entirety

                                                                             THE DEFENDANT
                                                                             YALE NEW HAVEN HOSPITAL

BY:_____
    Patrick M. Noonan  (#CT00189)
    Donahue, Durham & Noonan, P.C.
    741 Boston Post Road
    Guilford, CT 06437
    (203) 458-9168
    (203) 458-4424 – Fax

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

| | |
|---|---|
| Kenneth D. Heath, Esq.<br>Wiggin & Dana<br>One Century Tower<br>265 Church Street<br>New Haven, CT 06508-1832 | Carl H. Loewenson, Jr., Esq.<br>Stanley R. Soya, Esq.<br>J. Alexander Lawrence, Esq.<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104-0185 |
| Mary Alice Leonhardt, Esq.<br>Offices Of Mary Alice Leonhardt<br>102 Oak Street<br>Hartford, CT 06106 | Peter B. Prestley, Esq.<br>Craig T. Dickinson, Esq.<br>Madsen, Prestley & Parenteau, LLC<br>44 Capitol Avenue, Suite 201<br>Hartford, CT 06106 |
| Stuart M. Gerson, Esq.<br>Epstein Becker & Green<br>1227 25th Street, NW<br>Washington, DC 20037-1175 | Jacques J. Parenteau, Esq.<br>Madsen, Prestley & Parenteau, LLC<br>111 Huntington Street<br>P.O. Box 1631<br>New London, CT 06320 |
| Daniel L. FitzMaurice, Esquire<br>Day, Berry & Howard<br>CityPlace I<br>Hartford, CT 06103-3499 | Stacie Boeniger Collier, Esquire<br>Nixon Peabody, LLP<br>City Place<br>185 Asylum Street<br>Hartford, CT 06105 |
| Nelson E. Roth, Esquire<br>Valerie L. Cross, Esquire<br>Cornell University<br>Office of the University Counsel<br>300 CCC Building<br>Garden Avenue<br>Ithaca, NY 14853 | |

and, pursuant to Rule 5(c) of the Local Rules of Civil Procedure, three copies by United States Postal Service, First Class Mail to:

>John Hughes, Esq.
>Richard Molot, Esq.
>Assistant United States Attorney
>Office of the Assistant United States Attorney
>157 Church Street, 23rd Floor
>New Haven, CT 06510.

_____
Patrick M. Noonan