UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel <br> ROBERT C. SMITH, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> YALE NEW HAVEN HOSPITAL, ET AL <br><br> Defendants | 2005 OCT 24 P 3: 18 <br><br> CIVIL ACTION NO. <br> 3:02-CV-1205 (PCD) <br><br><br> October 20, 2005 |

### PLAINTIFF'S REPLY TO MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Plaintiff, Robert C. Smith, M.D., respectfully replies to the Memorandum in Opposition to Plaintiff's Motion for Reconsideration of Defendant, Yale New Haven Hospital, ("YNHH"), dated October 12, 2005. On September 8, 2005, Plaintiff moved this Court to reconsider its Ruling dismissing the Plaintiff's "completed but not read" allegations against YNHH in Qui Tam Two. Plaintiff advanced two arguments in support of reconsideration that were either overlooked by, or not available to, the Court at the time that it issued its Ruling: (1) the Court's Ruling indicated a lack of awareness that the Plaintiff's "completed but not read" allegations were originally filed as part of Qui Tam One, and consequently, contained erroneous characterizations of Plaintiff's action as one that was intended to be precluded by the "first to file" bar; and (2) a recent decision by another Circuit issued after the Court's Ruling limited an authority upon which the Court relied and recognized an exception to the "first to file" bar for situations in which failing to recognize an exception would be contrary to congressional intent - - an

exception which is applicable in this case. Now, YNHH opposes Plaintiff's Motion for Reconsideration. Defendant YNHH misconstrues Plaintiff's burden on a motion for reconsideration, however, and urges this Court to impose an improperly stringent standard of review. As this Court may grant Plaintiff's Motion for Reconsideration on the basis of matters that were overlooked or other information that might reasonably be expected to alter the conclusion reached by the Court, the Court should grant Plaintiff's Motion for Reconsideration.

**II.   ARGUMENT**

    A.   <u>Plaintiff Need Not Produce "New Information" or "Controlling Authority"</u>

In its Opposition, YNHH contends that Plaintiff's Motion for Reconsideration should be denied because: (1) "the procedural history of this case is not new information that was unavailable to the plaintiff when the motion was briefed. Therefore, this ground does not provide a basis for reconsideration," (Opposition at 4); and (2) "as a Ninth Circuit case, <u>Campbell</u>, is not controlling authority, and the Court's failure to consider <u>Campbell</u> in its ruling does not satisfy the strict standards for granting a motion for reconsideration," (Opposition at 5).

Contrary to YNHH's argument, Plaintiff need not produce "new information" or "controlling authority" in order for this Court to grant his Motion for Reconsideration. This principle is clearly established in Local Rule 7, which states that a moving party requesting reconsideration of a court's decision or order need only identify "**the matters or** controlling decisions which counsel believes the Court **overlooked** in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1)(emphasis added). The facts and legal

authorities on which Plaintiff's arguments for reconsideration are based surely satisfy the criteria identified in Local Rule 7.

Furthermore, the law of the Second Circuit is clear that a district court does not abuse its discretion if it grants a motion for reconsideration on the basis of matters which do not constitute "new information" or "controlling authority." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)(affirming decision to grant motion for reconsideration on basis of legislative history and authority from other Circuit courts, which might reasonably be expected to alter a court's decision).

The information presented by Plaintiff was overlooked by the Court and it could reasonably expected to alter the Court's Ruling. Accordingly, the facts and legal authorities upon which Plaintiff relied in his Motion for Reconsideration are adequate to support a reconsideration of the Court's Ruling.

B.     In the Alternative, the Court Should Grant Plaintiff Leave to Amend

In the alternative, Plaintiff moves the Court to grant it leave to amend its pleadings in Qui Tam One to explicitly re-incorporate the particulars of his "completed but not read" allegations into Qui Tam One - - the action in which they were originally filed. Defendant opposes Plaintiff's request, but fails to articulate a basis for its opposition. (Opposition at 7-8.)

The mere passage of time is an insufficient basis upon which to deny a motion to amend a complaint. "Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission would unduly prejudice the opposing party." *S.S. Silberblatt v. East Harlem Pilot Block*

3

*Building 1 Housing Development Fund Co., Inc.*, 608 F.2d 28 (2d Cir. 1979)(granting leave to amend despite delay because no suggestion of bad faith or improper motive) (internal citations and quotations omitted). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962)(leave to amend should be freely granted in accordance with purpose of the federal rules of civil procedure); *United States v. Incorporated Village of Island Park*, 1995 WL 669936 (E.D.N.Y. Nov. 6, 1995)("in the Second Circuit, mere passage of time has been held insufficient to deny a party's request for leave to amend its complaint")(citing *S.S. Silberblatt v. East Harlem Pilot Block Building 1 Housing Development Fund Co., Inc.*, 608 F.2d 28 (2d Cir. 1979)); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984)("Delay alone, however, is an insufficient ground upon which to deny a motion to amend"); *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989)("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend").

It is insufficient for Defendant to merely state that Plaintiff's request should be denied because too much time has elapsed since he originated the action - - particularly in the circumstances of this case where the allegations which Plaintiff seeks to reincorporate were previously included in the Complaint when it was originally filed. YNHH failed to present any evidence of undue delay or bad faith by Plaintiff, or that it would suffer undue prejudice as a result of an amendment to Plaintiff's complaint.

Because Plaintiff's completed but not read allegations were originally a part of Qui Tam One, and YNHH has failed to articulate any reason that granting Plaintiff's request for leave to amend would cause it to suffer any undue prejudice, Plaintiff's request should be granted.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Reconsideration. In the alternative, the Court should consider Plaintiff's "completed but not read" claims against YNHH when ruling on the Motion to Dismiss that is currently pending in Qui Tam One as Plaintiff intends to explicitly re-incorporate those allegations into Qui Tam One in light of the Court's Ruling.

PLAINTIFF
ROBERT C. SMITH, M.D.

By: _____
Jacques J. Parenteau
Fed. Bar No.: (CT09771)
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320
(860) 442-2466 – Telephone
(860) 447-9206 – Facsimile

**CERTIFICATION**

I hereby certify that a copy of the foregoing were sent on this 20th day of October 2005 via regular U.S. Mail, postage prepaid to:

Richard M. Molot
Assistant United States Attorney
P. O. Box 1834
New Haven, CT 06508

Stuart M. Gerson
Epstein Becker & Green, P.C.
1227 25th Street, NW - Suite 700
Washington, DC 20037-1175

Gary Schulz
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Mary Alice Leonhardt
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

David S. Poppick
Epstein Becker & Green, P.C.
One Landmark Square - Suite 1800
Stamford, CT 06901

James R. Kahn
Cornell University
445 East 69th Street
New York, NY 10021

_____
Jacques J. Parenteau

6