84. Defendant Hospitals were aware or should have been aware of the fact that they had submitted thousands of claims for payment for outpatient Completed but not Read Radiology Studies and they concealed and covered up the fact that the Radiology Studies for which they had been paid by the Medicare and Medicaid Programs had no diagnostic or therapeutic use to the beneficiaries in violation of 42 U.S.C. § 1320a-7a. *See also* 18 U.S.C. § 1035.

85. Plaintiff-Relator Smith charges that in performing these acts, Defendant Hospitals, through the acts of their agents, knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the United States Government to the damage of the Treasury of the United States and the individual states implementing the Medicaid Program in violation of 31 U.S.C. § 3729-3731; 31 U.S.C. § 3802; and Gen. Stat. § 53a-290.

86. By all of the above, Defendant Hospitals have risked patient safety and failed to provide the minimum level of care required for billing Medicare and Medicaid. The Services were substandard and inadequate in that Defendant Hospitals performed Radiology Studies on outpatient Medicare and Medicaid beneficiaries that were never read or interpreted in time to be utilized in connection with the diagnosis and treatment of the patient relative to the patient encountered during which the Study was taken.

87. The policies and practices implemented by Defendant Hospitals, continuing up to the present, have encouraged and facilitated the provision of substandard and inadequate Radiological Services to Medicare and Medicaid Program beneficiaries.

88. The failure by Defendant Hospitals to properly furnish outpatient Radiology Services to Medicare and Medicaid beneficiaries constituted violations of the Defendants'

provider contracts with the Programs, the statutes and regulations governing the provision of medical care to Program beneficiaries, the Defendants' internal quality assurance policies and programs and the Defendants' medical billing compliance programs.

89.     All of the above billings for Radiology Studies resulted in improper payments from the Medicare and Medicaid Programs for outpatient patient services.

90.     By virtue of the acts described above, Defendant Hospitals individually and/or in combination or conspiracy, knowingly presented or caused to be presented to officers, employees, or agents of the United States Government and each state implementing the Medicaid Program, false or fraudulent claims for payment or approval, and have used false statements to conceal obligations to refund money to the Medicare and Medicaid Programs. The United States has been damaged as a result in an amount to be proven at trial.

91.     Defendant Hospitals are each liable to the United States for treble the United States' damages, and an additional amount of $5,000- $11,500 for each false claim.

92.     By virtue of the acts described above, Hospital Defendants knowingly presented or caused to be presented to officers, employees, or agents of the United States Government and various individual States, false or fraudulent claims for payment or approval, and have used false statements to conceal obligations to refund money to the Medicare and Medicaid Programs. The United States has been damaged as a result in an amount to be proven at trial.

93.     The Hospital Defendants are to the United States for treble the United States' damages, and an additional amount of $5,000 - $11,500 for each false claim submitted to and paid by the Medicare and Medicaid Programs, together with prejudgment interest on the entirety.

32

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FALSE CLAIMS ACT
[31 U.S.C. § 3730(h)]
AS AGAINST YNHH AND YALE

94-153. Paragraphs 1 through 59 as set forth in the First Cause of Action are hereby incorporated in this Second Cause of Action as if fully set forth herein.

154. Because of his investigation and reporting of the frauds alleged herein, Relator Smith was harassed and was discriminated against in the terms and conditions of his employment, by and through the acts of the Defendants' officers, agents, and employees, including Bruce McClennan, M.D., in one or more of the following ways:

  a. he was repeatedly harassed, threatened and subjected to intimidation by Bruce McClennan, M.D.;

  b. his salary was cut;

  c. he was stripped of administrative positions and titles Chief of MRI, Abdominal Imaging, Fellowship Program Director and Coordinator of Abdominal Schedule; and

  d. he was forced to resign from Yale and YNHH.

155. Because of his investigation and reporting of the frauds alleged herein, Dr. Arthur T. Rosenfield, Professor of Radiology at Yale University, was harassed and discriminated against in the terms and conditions of employment, by and through the acts of the Defendants' officers, agents, and employees, including Bruce McClennan, M.D, in one or more of the following ways:

33

      a.      he was repeatedly harassed, threatened and subjected to intimidation by Bruce McClennan, M.D.;

      b.      he was forced to carry an unacceptable work load, even after numerous protests to Dr. McClennan and his Vice-Chairs, Drs. McCarthy, Forman, and Brink, about the inadequate coverage for CT services; and

      c.      he was stripped of administrative positions and titles at Yale and YNHH and deprived of a major portion of his livelihood.

156. Because of his investigation and reporting of the frauds alleged herein, Dr. Morton I. Burrell, Professor of Radiology at Yale University, was harassed discriminated against in the terms and conditions of employment, by and through the acts of the Defendants' officers, agents, and employees, including Bruce McClennan, M.D., for reporting and complaining about the Defendants' improper conduct as hereinbefore stated, in one or more of the following ways:

      a.      he was repeatedly harassed, threatened and subjected to intimidation by Bruce McClennan, M.D.;

      b.      his salary was cut; and

      c.      he was stripped of administrative positions and titles at Yale and YNHH.

157. Relator Smith believes and asserts that he was the object of such discrimination because of his investigation and reporting of the frauds alleged herein, including his reports of the substandard patient care issues, improper billing practices and falsification of documents to, among others, the General Counsel of Yale University, Dorothy Robinson, Esq. and the President of Yale University, Dr. Richard Levin.

158. Because of the Defendants' retaliatory conduct set forth above, Relator Smith has suffered actual and special damages in an amount to be proven at trial, together with prejudgment interest thereon.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FALSE CLAIMS ACT
[31 U.S.C. § 3730(h)]
AS AGAINST
NEW YORK PRESBYTERIAN HOSPITAL AND CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL CENTER

159. On July 1, 1999, Plaintiff-Relator Smith commenced his duties as Professor of Radiology in the Academic Clinical Track at Cornell.

160-206. Paragraphs 1 through 30 and 60 through 76 as set forth in the First Cause of Action are hereby incorporated in this Third Cause of Action as if fully set forth herein.

207. Because of his investigation and reporting of the frauds alleged herein, Plaintiff-Relator Smith was harassed and was discriminated against in the terms and conditions of his employment, by and through the acts of Defendant Cornell, and its officers, agents, and employees, including Dr. Sostman in one or more of the following ways:

    a. Following his reports about his concerns of improper billing, compliance issues and compromises of patient care, as mandated by applicable Hospital and Cornell compliance plans, ethical policies, federal and state laws and professional ethics, Plaintiff-Relator Smith has been repeatedly disregarded, ignored and subjected to harassment by Dr. Sostman;

    b. On or about late June 2002, Defendant New York Presbyterian Hospital implemented a change in administrative privileges for the computer systems

35

whereby Plaintiff-Relator Smith lost access to some of the administrative computerized systems, access to which was critical to the performance of his administrative and professional functions;

c.  Plaintiff-Relator Smith was stripped of certain administrative privileges and functions, the result of which impaired his ability to perform some of the integral administrative responsibilities of his position as a Professor and as the Associate Chairman of Radiology at Cornell; and

d.  On June 28, 2002, Plaintiff-Relator Smith was informed that his employment contract and appointment at Cornell and related medical staff appointment at New York Presbyterian Hospital will not be renewed, effective June 30, 2003.

208.  Defendants New York Presbyterian Hospital and Cornell have acted with reckless disregard for Plaintiff-Relator Smith's right to be free of discrimination and retaliation, for the rights of patients to receive ethical and safe medical care and in disregard of the Defendants' obligations to abide by federal laws governing the Medicare and Medicaid Programs as well as their internal policies, procedures and programs purporting to ensure patient safety, ethical professional practice and proper billing for technical and professional procedures furnished to patients by Defendants New York Presbyterian Hospital and Cornell.

209.  Plaintiff-Relator Smith believes and asserts that he was the object of such discrimination and harassment because of his investigation and reporting of the frauds alleged herein, including his reports of the substandard patient care issues, improper billing practices and falsification of documents to, among others, Dr. Sostman and Dr. Hayes.

210.  Because of the Defendants' retaliatory conduct set forth above, Plaintiff-Relator Smith has suffered actual and special damages in an amount to be proven at trial, together with prejudgment interest thereon. Such damages arise from the fact that Plaintiff-Relator Smith has suffered and will suffer harm to his reputation, loss of income and enjoyment of life's pleasurable activities by the intimidation and coercion, as well as emotional distress caused by the intimidation and coercion and the mental anguish related to being witness to avoidable substandard patient care, compliance violations and illegal medical billing practices.

## FOURTH CAUSE OF ACTION

### DEFAMATION
### AS AGAINST
### NEW YORK PRESBYTERIAN HOSPITAL, CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL CENTER, H. DIRK SOSTMAN AND JOSEPH HAYES

211-258.  Paragraphs 159 through 206 as set forth in the Third Cause of Action are hereby incorporated in this Fourth Cause of Action as if fully set forth herein.

259.  Because of his investigation and reporting of the frauds alleged herein, false and defamatory statements of and concerning Plaintiff-Relator Smith were published by the Defendants New York Presbyterian Hospital and Cornell to third parties at Weill Medical College of Cornell University and NY Presbyterian Hospital as well as to third parties outside of these institutions.

260.  Upon information and belief, the subject of the false and defamatory statements included but were not limited to Plaintiff-Relator Smith's professional practice and competency.

261.  Upon information and belief, since the termination of Plaintiff-Relator Smith's professional association at Defendant Cornell when said Defendant refused to

37

renew his contract, the Defendants New York Presbyterian Hospital and Cornell, along with their employees and members of their faculty and Medical Staff, including but not limited to Dr. Sostman and Dr. Hayes, have engaged in a pattern of repressive, unwarranted and pretextual disparagement, in the form of unfounded and false statements about Plaintiff-Relator Smith's reporting and complaints about the compromise of patient care and safety, along with violations of the compliance policies and billing fraud.

262. Upon information and belief, Dr. Sostman has made false and defamatory statements about Plaintiff-Relator to numerous members of the radiology profession and other individuals.

263. Upon information and belief, Dr. Hayes also repeated the false statements to other individuals and made other defamatory comments about Plaintiff-Relator Smith to other individuals.

264. All such statements referenced in Paragraphs 107, 110 and 111 were false.

265. All such statements were made intentionally and were known to be, or should have been known to be, false.

266. The falsity of the allegations caused Plaintiff-Relator Smith to suffer harm to his reputation and professional image with his colleagues at Defendant Cornell and New York Presbyterian Hospital and in the community, as well as severe mental and emotional distress.

### FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST
### NEW YORK PRESBYTERIAN HOSPITAL, CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL CENTER, H. DIRK SOSTMAN AND JOSEPH HAYES

267-314.  Paragraphs 159 through 206 as set forth in the Third Cause of Action are hereby incorporated in this Fifth Cause of Action as if fully set forth herein.

315.  Dr. Sostman's and Dr. Hayes's conduct was outrageous and supported by Defendants New York Presbyterian Hospital and Cornell, their employees, representatives, Medical Staff and Faculty members as well as the members of their Boards of Trustees.

316.  Similarly, the conduct of all of the Defendants was intentional and with knowledge that it would cause Plaintiff-Relator Smith severe emotional distress.

317.  Plaintiff-Relator Smith suffered severe emotional distress caused by said Defendants' actions and continues to suffer such distress.

### SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST
### NEW YORK PRESBYTERIAN HOSPITAL, CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL CENTER, H. DIRK SOSTMAN AND JOSEPH HAYES

318-365.  Paragraphs 159 through 206 as set forth in the Third Cause of Action are hereby incorporated in this Sixth Cause of Action as if fully set forth herein.

366.  The actions of the Defendants and Dr. Sostman and Dr. Hayes was outrageous.

367.    The Defendants' along with Dr. Sostman's and Dr. Hayes' actions were taken under circumstances when they knew or should have known that their conduct involved an unreasonable risk of causing Plaintiff-Relator Smith to suffer injury including physical sickness and severe emotional distress.

## SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT
### AS AGAINST
### CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE

368-415.    Paragraphs 159 through 206 as set forth in the Third Cause of Action are hereby incorporated in this Seventh Cause of Action as if fully set forth herein.

416.    Defendant's intentional retaliation, discrimination, retaliation and coercion against plaintiff for having spoken out on patient safety and Medicare fraud issues, violated Plaintiff-Relator Smith's rights pursuant to his contract with Defendant Cornell including his academic freedom and such actions constituted a breach of the contract between Plaintiff-Relator Smith and the Defendant, including the implied covenant of good faith and fair dealing and the Defendant's policies on Freedom of Expression and corporate compliance.

417.    Plaintiff has suffered damages resulting from the Defendant's breach of the policy on Freedom of Expression and corporate compliance. Plaintiff-Relator Smith is entitled to all remedies available at law or in equity, including injunctive relief, to remedy this breach.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF NY CLS LABOR § 741
### AS AGAINST
### NEW YORK PRESBYTERIAN HOSPITAL, CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL CENTER, H. DIRK SOSTMAN AND JOSEPH HAYES

418-465.    Paragraphs 159 through 206 as set forth in the Third Cause of Action are hereby incorporated in this Eight Cause of Action as if fully set forth herein.

466.    Plaintiff-Relator disclosed to the Chairman of the Department of Radiology, H. Dirk Sostman, as well as numerous other officials at the Weill-Medical College of Cornell University and the New York Presbyterian Hospital, in good faith, policies and practices that Plaintiff-Relator reasonably believed constituted improper quality of patient care; or

467.    Plaintiff-Relator objected to and refused to participate in patient care activities, patient care and billing policies and practices of Weill-Medical College of Cornell University and the New York Presbyterian Hospital, that Plaintiff-Relator, in good faith, reasonably believed constituted improper quality of patient care.

468.    Plaintiff-Relator brought the improper quality of patient care to the attention of H. Dirk Sostman, as well as numerous other officials at the Weill-Medical College of Cornell University and the New York Presbyterian Hospital and afforded them a reasonable opportunity to correct the improper activities, policies and practices.

469.    As a result of Plaintiff-Relator's disclosures to the Chairman of the Department of Radiology, H.Dirk Sostman, as well as his disclosures to numerous other officials at the Weill-Medical College of Cornell University and the New York Presbyterian Hospital, Plaintiff-Relator was subjected to retaliatory action by the Defendants in violation of NY CLS § 741.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Relator Smith prays for the following relief:

1. An order directing Defendants Yale and YNHH to cease and desist from violating 31 U.S.C. § 3729 *et seq.*;

2. An order directing Defendants New York Presbyterian Hospital and Cornell University to cease and desist from violating 31 U.S.C. § 3729 *et seq.*;

3. Judgment against the Defendants, jointly and severally, and in favor of the United States, in an amount equal to three times the amount of damages the United States Government has sustained because of the Defendants' actions, plus a civil penalty of $11,500.00 for each violation of 31 U.S.C. § 3729 (a) proven at trial;

4. An award to Plaintiff-Relator Smith, of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d), including all costs and expenses of this action, expert fees and expenses and reasonable attorneys' fees;

5. An award against Defendants Yale and YNHH representing money damages for discrimination including compensatory damages for lost wages, interest, harm, humiliation, embarrassment, mental anguish as well as expert fees and costs and reasonable attorneys' fees for violation of 31 U.S.C. § 3730(h);

6. Injunctive relief to restrain the Defendants and their officers, agents, employees and servants from harassing, penalizing, or otherwise discriminating and/or retaliating against Plaintiff-Relator Smith at Yale and YNHH for reporting and complaining about possible Medicare and Medicaid fraud and program abuses;

7. An award against Defendants New York Presbyterian Hospital and Cornell University representing money damages for discrimination including compensatory damages for

42

lost wages, interest, harm, humiliation, embarrassment, mental anguish as well as expert fees and costs and reasonable attorneys' fees for violation of 31 U.S.C. § 3730(h);

8.    Injunctive relief to restrain the Defendants New York Presbyterian Hospital and Cornell University and their officers, agents, employees and servants from harassing, penalizing, or otherwise discriminating and/or retaliating against Plaintiff-Relator Smith at New York Presbyterian Hospital and Cornell University for reporting and complaining about possible Medicare and Medicaid fraud and program abuses;

9.    An award to Plaintiff-Relator Smith of the maximum amount allowed pursuant to NY CLS Labor § 741 including all costs and expenses of this action, expert fees and expenses and reasonable attorneys' fees;

10.   An assessment of prejudgment and post-judgment interest; and

11.   Such other and further and different relief, whether preliminary or permanent, legal or equitable as the Court deems just and proper.

X.   **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff-Relator Smith hereby respectfully demands a trial by jury on all counts herein alleged.

Respectfully submitted,

By: _____
Craig T. Dickinson (CT18053)
MADSEN, PRESTLEY & PARENTEAU, LLC
44 Capitol Avenue, Suite 201
Hartford, CT  06106
Tel:   (860) 246-2466
Fax:   (860) 246-1794

ATTORNEYS FOR
PLAINTIFF-RELATOR SMITH

## CERTIFICATION

I hereby certify that a copy of the foregoing were sent on this 24th day of November 2004 via regular U.S. Mail, postage prepaid to:

Mary Alice Leonhardt, Esq.
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

Willam J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT 06508

David S. Poppick, Esq.
Epstein Becker & Green, P.C.
One Landmark Square
Suite 1800
Stamford, CT 06901

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

James R. Kahn, Esq.
Associate University Counsel
Cornell University
445 East 69th Street
New York, NY 10021

Stuart M. Gerson, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037-1175

Alexander J. Lawrence, Esq.
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York NY 10104-0050

and that one (1) copy has been mailed in accordance with Rule 5 of the Federal Rules of Civil

Procedure and Rules 7(d) and 7(e) of the Local Rules of Civil Procedure to:

Richard M. Molot, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
Craig T. Dickinson

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

DEC 2 8 2004

December 15, 2004

*Via E-mail, Facsimile and Post*

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

Re: *United States ex rel Smith v. Yale University, et al.*, C.A. No. 302CV1205 WWE

Dear Mr. Parenteau:

With respect to the Court's order entered on November 17, 2004, this will constitute notification that New York-Presbyterian Hospital ("NYPH") will not oppose the filing of Relator's Third Amended Complaint. This will allow you to file the motion in a timely fashion in which you may indicate our acquiescence. The rest of the Court's order is a bit cryptic. However, pursuant to our earlier stipulation As NYPH will move or answer within 20 days of the Court's granting your motion to file, which under the circumstances would seem certain.

If your understanding differs from mine, please let me know promptly.

Sincerely,

Stuart M. Gerson

SG:ms

cc: Peter P. Prestley, Esq.
All counsel

ATLANTA · BOSTON · CHICAGO · DALLAS · HOUSTON · LOS ANGELES · MIAMI
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, DC
Epstein Becker Green Wickliff & Hall, P.C. in Texas only.



**CORNELL**

Cornell University
300 CCC Building
Garden Avenue
Ithaca, NY 14853-2601

Telephone: 607 255-5124
Fax: 607 255-2794
*(not for service of pleadings)*

Office of University Counsel
and Secretary of the Corporation

**VIA U.S. MAIL**

January 6, 2005

Craig T. Dickinson, Esq.
Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

Re: United States of America, *ex rel* and Robert C. Smith, M.D. v. Yale-New Haven Hospital, Inc., Yale University, New York Presbyterian Hospital, Cornell University Joan and Sanford I. Weill Medical College, St. Luke's Hospital, the New York Methodist Hospital, Brookdale Hospital Medical Center, Gracie Square Hospital, St. Vincent's Hospital Medical Center, Northern Westchester Hospital, Orange Regional Medical Center, Horton Campus, Orange Regional Medical Center, Arden Hill Campus, Wyckoff Heights Medical Center, Winthrop University Hospital, White Plains Hospital, The Valley Hospital, Stamford Health System, South Nassau Communities Hospital, St. Barnabas Hospital, Palisades Medical Center, Nyack Hospital, New York Westchester Square Medical Center, Holy Name Hospital, The New York Hospital Queens, Mary Imogene Bassett Hospital, New York United Hospital Medical Center, New Milford Hospital, Lawrence Hospital Center, Hospital for Special Surgery, and St. Mary's Hospital
United States District Court, District of Connecticut, Civil Action No. 3:02cv01205 (WWE)

United States of America, *ex rel* and Robert C. Smith, M.D. v. Yale-New Haven Hospital, Inc., Yale University, New York Presbyterian Hospital and Cornell University Joan and Sanford I. Weill Medical College
United States District Court, District of Connecticut, Civil Action No. 3:02cv01205 (WWE)

Gentlemen:

I am forwarding to you herewith a copy of our December 9, 2004 letter to Judge Dorsey regarding the above-referenced matter. Although we did send a copy of the letter to one of plaintiff's attorneys, Mary Alice Leonhardt, we just realized that we inadvertently omitted your firm from the distribution list. I apologize for the error. Please feel free to contact me if you have any questions or concerns.

Sincerely,

Rebecca K. Litterst
Paralegal

RKL
Enclosure

RECEIVED
JAN 10 2005
By

Craig T. Dickinson, Esq.
January 6, 2005
Page 2

cc:     (w/o enclosure)

James Fabian, Esq.
Gary Schultz, Esq.
Chris Porzio, Esq.
Nixon Peabody LLP
990 Stewart Avenue
Garden City, New York 11530

Mary Alice Leonhardt, Esq.
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT 06508

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Stuart M. Gerson, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037-1175

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

David S. Poppiek, Esq.
Epstein Becker & Green P.C.
One Landmark Square
Suite 1800
Stamford, CT 06901

Alexander J. Lawrence, Esq.
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104-0050

Richard M. Molot, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

James R. Kahn, Esq.
Deputy University Counsel
Cornell University
445 East 69th Street
New York, NY 10021



Cornell University
300 CCC Building
Garden Avenue
Ithaca, NY 14853-2601

Telephone: 607 255-5124
Fax: 607 255-2794
*(not for service of pleadings)*

Office of University Counsel
and Secretary of the Corporation

December 9, 2004

Honorable Peter C. Dorsey
Senior United States District Judge
District of Connecticut
141 Church Street
New Haven, Connecticut 06510

Re: United States of America, *ex rel* and Robert C. Smith, M.D. v. Yale-New Haven Hospital, Inc., Yale University, New York Presbyterian Hospital, Cornell University Joan and Sanford I. Weill Medical College, St. Luke's Hospital, the New York Methodist Hospital, Brookdale Hospital Medical Center, Gracie Square Hospital, St. Vincent's Hospital Medical Center, Northern Westchester Hospital, Orange Regional Medical Center, Horton Campus, Orange Regional Medical Center, Arden Hill Campus, Wyckoff Heights Medical Center, Winthrop University Hospital, White Plains Hospital, The Valley Hospital, Stamford Health System, South Nassau Communities Hospital, St. Barnabas Hospital, Palisades Medical Center, Nyack Hospital, New York Westchester Square Medical Center, Holy Name Hospital, The New York Hospital Queens, Mary Imogene Bassett Hospital, New York United Hospital Medical Center, New Milford Hospital, Lawrence Hospital Center, Hospital for Special Surgery, and St. Mary's Hospital
United States District Court, District of Connecticut, Civil Action No. 3:02cv01205 (WWE)

United States of America, *ex rel* and Robert C. Smith, M.D. v. Yale-New Haven Hospital, Inc., Yale University, New York Presbyterian Hospital and Cornell University Joan and Sanford I. Weill Medical College
United States District Court, District of Connecticut, Civil Action No. 3:02cv01205 (WWE)

Dear Judge Dorsey:

I understand that the Court has asked whether defendants object to plaintiff's motion to file and serve a third amended complaint in the above-referenced matter. Although Cornell University is named as a defendant in the case, the University has never been properly served. Thus, while Cornell University intends to assert a number of challenges to the complaint if and when the University is properly before the Court, including lack of jurisdiction, statute of limitations, and lack of substantive legal merit, in the absence of timely and proper service, Cornell University is not in a position to respond to plaintiff's motion to amend.

Respectfully submitted,

Nelson E. Roth
Deputy University Counsel

NER:rkl

RECEIVED
JAN 1 0 2005
By

Honorable Peter C. Dorsey
Senior United States District Judge
December 9, 2004
Page 2

cc: James Fabian, Esq.
Gary Schultz, Esq.
Chris Porzio, Esq.
Nixon Peabody LLP
990 Stewart Avenue
Garden City, New York 11530

Mary Alice Leonhardt, Esq.
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT 06508

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Stuart M. Gerson, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037-1175

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard
CityPlace 1
Hartford, CT 06103-3499

David S. Poppiek, Esq.
Epstein Becker & Green P.C.
One Landmark Square
Suite 1800
Stamford, CT 06901

Alexander J. Lawrence, Esq.
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104-0050

Richard M. Molot, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

James R. Kahn, Esq.
Deputy University Counsel
Cornell University
445 East 69th Street
New York, NY 10021