UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ex rel. : | |
| ROBERT C. SMITH, M.D., : | |
|     Plaintiffs : | |
| : | |
| vs. : | Civil No. 3:02cv1205 (PCD) |
| : | |
| YALE NEW HAVEN HOSPITAL et al., : | |
|     Defendants : | |

**RULING ON MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. L. R. Civ. P. 7(c) Plaintiff moves for reconsideration of this Court's Ruling granting Yale-New Haven Hospital's ("YNHH") Motion to Dismiss [Doc. No. 110]. For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. Nos. 111, 112] is **granted** and the prior ruling is **affirmed**.

**I.     BACKGROUND**

For the purposes of this ruling, the relevant history of the case is as follows: The instant action arises out of Plaintiff-Relator's ("Plaintiff") former employment with and allegations of fraud against Defendant YNHH. Plaintiff alleges that during his employment with Yale University ("Yale") and YNHH, he observed YNHH unlawfully billing Medicare and Medicaid for radiological studies that did not satisfy the requirements for a radiological service under the regulations promulgated by the federal government. Mem. Supp. Mot. Recons. at 2. Plaintiff alleges that theses actions constitute violations of the federal False Claims Act, 31 U.S.C. § 3729 et seq., as amended ("FCA").

Plaintiff left Yale in 1999 and subsequently, on January 7, 2000 filed an action in

1

Connecticut state superior court alleging violations of state law concerning his employment with Defendants Yale and YNHH. See Burrell v. Yale Univ., 00-cv-0159421-S (Conn. Super. Waterbury Dist.) (the "State Court Action"). The claims asserted in the State Court Action include claims for retaliation under Section 31-51q of the Connecticut General Statutes, breach of contract and constructive discharge. On or about July 19, 2000, Plaintiff filed a qui tam action against Yale and YNHH. Almost two years later, on or about July 12, 2002, after obtaining employment at Cornell University ("Cornell") providing services to New York Presbyterian Hospital ("NYPH"), Plaintiff filed the present qui tam action against Yale, YNHH and other defendants not parties to this motion, including Cornell and NYPH. For the purposes of this Ruling, the earlier filed action, 3:00cv1359 (PCD), will be referred to as Qui Tam One and the present action as Qui Tam Two. Following the filing of this motion, the parties filed a stipulation dismissing defendant Yale University from both Qui Tam One and Qui Tam Two, thus leaving YNHH as the only Defendant in Qui Tam One.

Qui Tam Two consists of Plaintiff's allegations that while at Yale, he learned "that the billing system utilized by YNHH allowed YNHH to bill for the Technical Component for radiological studies or tests which were never interpreted or read, and therefore, never utilized for diagnostic or therapeutic purposes." Mem. Supp. Mot. Recons. at 2. Plaintiff alleges that "[t]his practice resulted in the billing for studies or tests which were 'completed but not read,' referring to the status of the study on the computer system known as the 'DECrad or IDXrad' system." Id. at 3. Plaintiff further alleges that he observed YNHH automatically submitting bills to Medicare and Medicaid for studies performed on Medicare and Medicaid beneficiaries once they were placed in "C" status, indicating that they were completed, even though these studies were

allegedly never interpreted or read by a qualified physician and for which no report documenting the interpretation ever issued. Id. Plaintiff maintains that during his employment with Yale, he discovered "tens of thousands" of these "completed but not read" radiology studies. Id. Plaintiff claims that "approximately 52.5% of these studies were taken for Medicare or Medicaid beneficiaries." Id.

Plaintiff's Original Complaint in Qui Tam One contained four theories of liability under the FCA, including the "completed but not read" allegations against YNHH.[1] After leaving Yale and working at Cornell and NYPH, Plaintiff alleges that he discovered that NYPH was engaging in the same practice of billing the government for radiological studies that had been "completed but not read." Following this discovery, Plaintiff filed the complaint in Qui Tam Two against NYPH and other New York and Connecticut hospitals, including YNHH. Subsequently, Plaintiff amended his complaint in Qui Tam One and deleted the "completed but not read" allegations against YNHH. According to Plaintiff, this was done "for convenience and administrative purposes so that Plaintiff's claims against all hospitals that billed the Government for 'completed but not read' studies could all be adjudicated in a single action." Id. at 5.

In addition to the above allegations, Plaintiff alleges, in both Qui Tam One and Qui Tam Two, that Yale and YNHH unlawfully retaliated against him and two other doctors in violation of the FCA, 31 U.S.C. § 3730(h), and, in Qui Tam One, alleges defamation against Yale and YNHH. See 2d Am. Compl., Qui Tam One, ¶¶ 98-107; 3d Am. Compl., Qui Tam Two, ¶¶ 154-58. Moreover, in Qui Tam Two, Plaintiff alleges unlawful retaliation, defamation, intentional

---

[1] The "completed but not read" allegations contained in the Original Complaint in Qui Tam One are essentially identical to the related allegations contained in the Third Amended Complaint in Qui Tam Two. See Original Complaint, Mem. Supp. Mot. Recons., Exh. A, ¶¶ 53-69; 3d Am. Compl. ¶¶ 44-59.

infliction of emotional distress, negligent infliction of emotional distress, breach of contract and violation of the NY CLS Labor § 741 against Cornell and NYPH.  See 3d Am. Compl. ¶¶ 159-469.

On November 16, 2004, Defendant YNHH moved to dismiss Plaintiff's allegations against it in Qui Tam Two for the same reasons that it argued required dismissal in Qui Tam One.  Plaintiff opposed YNHH's Motion to Dismiss and in its Reply, YNHH argued that Plaintiff claims against YNHH in Qui Tam Two should be dismissed because they were precluded by the "first to file" bar in the False Claims Act.  31 U.S.C. § 3730(b)(5).  This Court granted YNHH's Motion to Dismiss on the basis of the "first to file" bar, holding that (1) Section 3730(b)(5) is "exception-free" and thus clearly applies to two cases filed by the same plaintiff-relator, (2) Qui Tam One and Qui Tam Two allege the "same material facts," the same " material or essential factual allegations" and the same parties, and thus (3) Qui Tam Two is barred by Qui Tam One.

**II.     STANDARD OF REVIEW**

Generally, reconsideration will only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").  Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  This Court will not grant a motion to reconsider "where the moving

party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id., Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

**III. DISCUSSION**

    A.    <u>Plaintiff Argues that the Court Should Recognize an Exception to the "First to File" Bar</u>

Plaintiff cites the recent Ninth Circuit case, Campbell v. Redding Med. Ctr., 421 F.3d 817 (9th Cir. 2005), for the proposition that exceptions to the "first to file" bar should be recognized. Mem. Supp. Mot. Recons. at 10. Plaintiff argues that this decision changes the analysis, as the Court previously relied, in part, on the Ninth Circuit's decision in United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181 (9th Cir. 2001), in holding that there are no exceptions to the "first to file" bar. Campbell, however, upheld the Circuit's previous decision in Lujan, limiting it only for the particular situation in the case at hand. See Campbell, 421 F.3d at 821-22, 825.

In Lujan, the Court held:

> Section 3730(b)(5)'s plain language unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts. Unlike § 3730(e)(4) (the public disclosure jurisdictional bar), § 3730(b)(5)'s plain language does not contain exceptions. Moreover, an exception-free, first-to-file bar conforms to the dual purposes of the 1986 amendments: to promote incentives for whistle-blowing insiders and prevent opportunistic successive plaintiffs.

243 F.3d at 1187 (citing United States ex rel. LaCorte v. SmithKline Beecham Clinical Lab., Inc., 149 F.3d 227, 233-34 (3d Cir. 1998)). Campbell did not contradict this holding, but held that it

5

did not extend to the situation presented in that case, where the first complaint filed was dismissed on jurisdictional grounds. 421 F.3d at 825. Citing the policies of the FCA and in order to "clarify the application of Lujan to the circumstances" before the court, Campbell held only that "in a public disclosure case, the first-to-file rule of § 3730(b)(5) bars only subsequent complaints filed after a complaint that fulfills the jurisdictional prerequisites of § 3730(e)(4)." Id. That holding can easily be distinguished from the instant case, in which the plaintiff in Qui Tam Two is the same as the plaintiff in Qui Tam One. Moreover, the "exception-free" language in Lujan was not overturned; the court in Campbell was merely interpreting the term "first to file" and holding only that Lujan did not apply to the unique situation presented in the Campbell case.[2]

Plaintiff candidly admits that the "plain language" of Section 3730(b)(5) would prevent the filing of a second action against YNHH, arguing only that an exception should be recognized as following the plain meaning would lead to "absurd or futile results." Mem. Supp. Mot. Recons. at 12. Plaintiff argues that since the claims against YNHH in Qui Tam Two were initially included in the Original Complaint in Qui Tam One, granting YNHH's Motion to Dismiss would be unreasonable and contrary to the policy of the statute. As discussed below, the argument lacks merit.

> B. Plaintiff, in the Alternative, Notes his Intent to Explicitly Re-Incorporate Particulars of his Completed but not Read Allegations against YNHH into Qui Tam One

---

[2] It is worthwhile to note that Campbell is not controlling authority. As of yet, the Ninth Circuit's holding in Campbell has not been commented on by the other Circuits, which have generally agreed with Lujan that the first-to-file bar is an exception-free rule. See, e.g., LaCorte, 149 F.3d 227 (3d Cir.); United States ex rel. LaCorte v. Wagner, 185 F.3d 188, 191 (4th Cir. 1999); Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp., 276 F.3d 1032 (8th Cir. 2002); Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 (10th Cir. 2004); United States ex rel. Hampton v. Columbia/HCA Healthcare Corp., 318 F.3d 214, 217 (D.C. Cir. 2003).

Plaintiff argues, in the alternative, that if his motion is denied, he will "explicitly re-incorporate the particulars of his allegations against YNHH concerning 'completed but not read' studies into Qui Tam One."  Mem. Supp. Mot. Recons. at 14.  Rule 15(a) provides that "[l]eave to amend a complaint shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Moreover, the Second Circuit has provided that "if the plaintiff has at least colorable grounds for relief, justice so requires [granting leave to amend] unless the plaintiff is guilty of undue delay or bad faith or unless permission would unduly prejudice the opposing party."  S. S. Sillerblatt v. East Harlem Pilot Block Bldg. 1 Housing Dev. Fund. Co., Inc., 608 F.2d 28 (2d Cir. 1979).  Pursuant to Rule 15(a), the Court will **grant** leave to amend.  Rather than contravening established case law and recognizing an exception to the "first to file" bar, the Court will permit Plaintiff to amend his complaint to re-incorporate the particulars of his allegations against YNHH concerning the "completed but not read" studies (Third Amended Complaint, paragraphs 44-59) into Qui Tam One.  Further, the Court will consolidate the cases in order to allow the "completed but not read" theory of fraud to be adjudicated in a single action against all defendants.[3]

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 127] is **granted**.  The Court has examined the merits of his claims and the prior ruling is **affirmed**.  Plaintiff's motion in the alternative for leave to amend is **granted**.  Moreover, Qui Tam One, Case No. 3:00cv1359 (PCD), shall be consolidated with Qui Tam Two, Case No. 3:02cv1205

---

[3] YNHH's Motion to Consolidate [Doc. No. 60] was denied as moot following YNHH's dismissal from Qui Tam Two.  Based on this Ruling on the Motion for Reconsideration the two actions will be consolidated.

Case 3:02-cv-01205-PCD   Document 122   Filed 02/14/06   Page 8 of 8

(PCD).

       SO ORDERED.

                              Dated at New Haven, Connecticut, February  10 , 2006.

                                                     /s/
                                      Peter C. Dorsey, U.S. District Judge
                                          United States District Court

8