UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES ex rel., ROBERT C. SMITH, M.D., <br><br> Plaintiff, <br><br> v. <br><br> YALE UNIVERSITY, YALE-NEW HAVEN HOSPITAL, INC., NEW YORK PRESBYTERIAN HOSPITAL and CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 3:02-cv-1205 (PCD) ) ) ) ) ) March 16, 2006 ) ) ) ) |

**PLAINTIFF'S MOTION TO TRANSFER CLAIMS AGAINST THE NEW YORK-BASED DEFENDANTS AND, ALTERNATIVELY, MOTION TO ALTER OR AMEND JUDGMENT TO PERMIT TRANSFER**

Plaintiff, Robert C. Smith, by and through counsel, hereby moves, pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), to transfer to the U.S. District Court for the Southern District of New York the Plaintiff's claims alleged in the Third Amended Complaint against the New York-based Defendants, New York Presbyterian Hospital ("NYPH") and Cornell University Joan and Sanford I. Weill Medical College ("Cornell") in order to avoid prejudice to Plaintiff. Alternatively, Plaintiff moves to alter or amend the District Court's Ruling on Motions to Dismiss, entered on March 7, 2006, in order to permit transfer of Plaintiff's claims against said New York-based Defendants to the Southern District of New York.

**ORAL ARGUMENT IS NOT REQUESTED**
**TESTIMONY IS NOT REQUIRED**

In support of this motion, Plaintiff refers the Court to the Memorandum of Points and Authorities included herein.  A proposed Order is also submitted herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

On March 7, 2006, this Court issued its Ruling on Motions to Dismiss in which all claims alleged by Plaintiff in his Third Amended Complaint against the New York-based Defendants, NYPH and Cornell, were dismissed for lack of jurisdiction and venue.  *See* Ruling on Motions to Dismiss, pp. 9-13 (March 7, 2006) [Doc. No. 130].  In its ruling this Court dismissed all claims in the Third Amended Complaint and requested the clerk to close the file.

The Court has not issued a final and separate judgment pursuant to Fed. R. Civ. P. 58.  There still are pending motions which have not been ruled upon.  [Doc. No. 125, 126, 127, 128, 129 and 132.]  On March 8, 2006, the Court issued a notice of a conference.  [Doc. No. 131.]

In this False Claims Act ("FCA") action Plaintiff filed claims on behalf of the United States against Defendants Yale University and Yale New Haven Hospital, Inc. as well as against the New York-based Defendants, NYPH and Cornell.  *See* Third Amended Complaint (Nov. 10, 2005) [Doc. No. 121].

In Count I of Plaintiff's Third Amended Complaint, Plaintiff alleged that each of the Defendants, including NYPH and Cornell, committed various substantive violations of the FCA *qui tam* provisions by making, or engaging in conduct resulting in the making of, false or fraudulent claims to the United States, related to Defendants' respective billing and retaining payments from the Medicare and Medicaid Programs for producing Radiological Studies (x-rays, films and images).  *See* Third Amended Complaint, ¶¶ 60-93 [Doc. No. 121].

The other claims alleged by Plaintiff exclusively against Defendants NYPH and Cornell in the Third Amended Complaint are as follows:

► In Count III, Plaintiff alleged that Defendants NYPH and Cornell committed violations of subsection (h) of the FCA, 31 U.S.C. § 3730(h), when they engaged in acts of whistleblower retaliation against Plaintiff, including but not limited to the retaliatory discharge of Plaintiff from his employment with Defendants NYPH and Cornell. *See* Third Amended Complaint, ¶¶ 159-210 [Doc. No. 121].

► In Counts IV through VI, Plaintiff alleged claims of defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress, under New York state common law, against Defendants NYPH and Cornell. *See* Third Amended Complaint, ¶¶ 211-367 [Doc. No. 121].

► In Count VII, Plaintiff alleged breach of contract, under New York state common law, against Defendant Cornell. *See* Third Amended Complaint, ¶¶ 368-417 [Doc. No. 121].

► In Count VIII, Plaintiff alleged violation of N.Y. CLS Labor statute, § 741, against Defendants NYPH and Cornell. *See* Third Amended Complaint, ¶¶ 418-469 [Doc. No. 121].

In granting the motions to dismiss for lack of jurisdiction and venue filed by Defendants NYPH and Cornell, the Court held that all of the Plaintiff's claims against these New York-based Defendants are founded on acts and conduct committed in the State of New York, and none of the acts constituting a basis for any of the Plaintiff's claims against Defendants NYPH and Cornell occurred within the District of Connecticut or had any effect in Connecticut. *See* Ruling on Motions to Dismiss, pp. 9-12 (March 7, 2006) [Doc. No. 130].

Additionally, the Court declined to rule on the claim by the New York-based Defendants, NYPH and Cornell that Plaintiff's claims failed to plead with particularity as required by Fed. R. Civ. P. 9(b), that the Plaintiff's claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or that the court is without subject matter jurisdiction. *Id.,* p. 9. Rather, the Court limited dismissal of the case against Defendants NYPH and Cornell "on jurisdictional and venue grounds" and that it was "unnecessary to resolve" the other issues raised by NYPH and Cornell. *Id.*

## Argument

### I. PLAINTIFF'S MOTION TO TRANSFER SHOULD BE GRANTED TO AVOID PREJUDICE.

Plaintiff's motion to transfer is based on 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), because the Court has held that it lacks personal jurisdiction and venue over Defendants NYPH and Cornell, and because if Plaintiff's motion to transfer he will be prejudiced by the fact that most of his claims alleged against Defendants NYPH and Cornell will be barred by the statute of limitations.

Section 1404(a) states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court *may transfer any civil action to any other district* or division *where it might have been brought.*

*See* 28 U.S.C. § 1404(a) (emphasis added).

Section 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer such case to any district* or division *in which it could have been brought.*

*See* 28 U.S.C. § 1406(a) (emphasis added).

Transfer, instead of dismissal, of an action should be ordered where there is a lack of venue and personal jurisdiction in the chosen forum and refusal to transfer would severely prejudice plaintiff since the statute of limitations applicable in the transferee court would bar institution of a new action. *See Corke v. Samiet M.S. Song of Norway,* 572 F.2d 77, 80 (2nd Cir. 1978).

As the Supreme Court has recognized, "[n]umerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' *requires* that that cause be transferred." *Burnett v. New York,* 380 U.S. 424, 430 n. 7, 85 S.Ct. 1050, 1055 n. 7 (1965) (emphasis added). *Also see, Minnette v. Time Warner,* 997 F.2d 1023, 1026-27 (2nd Cir. 1993) (Title VII action should have been transferred to the proper district, rather than dismissed, where the statute of limitations could bar commencement of new action); *Bolar v. Frank,* 938 F.2d 377, 380 (2nd Cir. 1991) (holding that Court of Appeals has authority under Section 1406(a), "in the interests of justice," to transfer case dismissed by district court for lack of venue to the proper district where plaintiff's claims might be time-barred upon re-filing); *Gipromer v. SS Tempo,* 487 F. Supp. 631, 633 (S.D.N.Y. 1980) (transfer would serve the interest of justice because a new action in the proper district would be barred by statute of limitations).

Section 1406(a) "is broad enough to authorize a transfer 'whether the court in which it was filed personal jurisdiction over the defendants or not.'" Vol. 15, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3827 (West 1986), quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 916 (1962) (holding that transfer can be ordered of a case from one jurisdiction to the other where both venue and personal jurisdiction are lacking).

It is also proper under Section 1406(a) for a district court to transfer that portion of a case for those defendants for whom venue is improper. Vol. 15, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3827 (West 1986), citing *United Nations Korean Reconstruction Agency v. Glass,* 143 F. Supp. 248 (S.D.N.Y. 1956). *Accord., In re Vitamins Antitrust Litigation,* 270 F.Supp.2d 15, 36 (D.D.C. 2003) (Severance under Fed. R. Civ. P. 21 and transfer to the proper district will be in the interests of justice and will avoid the potential loss of certain of the Plaintiffs' claims which could be barred by a statute of limitations).[1] In this case, the district court found that Plaintiff did not allege that neither NYPH nor Cornell committed fraud or participated in any activity in concert with any entity located in the District of Connecticut, and the district court effectively severed the New York-based Defendants, NYPH and Cornell, from the claims asserted against Yale-New Haven Hospital. *See* Ruling on Motion to Dismiss, pp. 10-12 (March 7, 2006) [Doc. 130].

Plaintiff will be severely prejudiced if his claims against Defendants NYPH and Cornell are dismissed, because he will not be able to re-file most of his claims alleged against those New York-based Defendants due to the applicable statutes of limitations. Plaintiff will be unable to re-file his FCA whistleblower retaliation claim (Count III, Third Amended Complaint) as well as most of the Plaintiff's New York State law claims (Counts IV through VIII, Third Amended Complaint) due to the statutes of limitations applicable to these claims.

In this action, Plaintiff has plead claims against Defendants NYPH and Cornell alleging FCA whistleblower retaliation pursuant to 31 U.S.C. § 3730(h). *See* Count III, Third Amended Complaint. Based on a recent case decided by the U.S. Supreme Court interpreting the applicable statute of limitations for whistleblower retaliation claims arising under subsection (h)

---

[1] Fed. R. Civ. P. 21 provides for severance of parties and/or claims "at any stage of the action and on such terms as are just." *See In re Vitamins Antitrust Litigation,* 270 F.Supp.2d at 36.

of the FCA, Plaintiff's subsection (h) claims alleged in Count III of the Third Amended Complaint against Defendants NYPH and Cornell would be time barred if he attempted to re-file them in the U.S. District Court for the Southern District of New York. *See Graham County Soil & Water v. U.S. ex rel. Wilson,* __ U.S. __, 125 S.Ct. 2444 (2005) (Holding that six-year statute of limitations in FCA does not govern FCA civil actions for retaliation under subsection (h), which should be brought in time provided by the most closely analogous state limitations period.).

Notably, in *Graham County Soil & Water,* the Supreme Court referred to the "likely analogous state statutes of limitations" that would be applicable to FCA subsection (h) retaliation cases. *Id.,* 125 U.S. at 2541 n. 3. The Supreme Court cited two analogous state statutes of limitations that would be applicable FCA subsection (h) claims filed in New York, both of which have a statute of limitations of two years. *Id.,* citing N.Y. Civ. Prac. Law Ann. § 215.4 (West 2003) and N.Y. Lab. Law Ann. § 740.4(a) (West 2002) (retaliation action for whistleblowers).

Accordingly, following *Graham County Soil & Water,* Plaintiff's FCA subsection (h) whistleblower retaliation claims against Defendants NYPH and Cornell cannot be re-filed in the Southern District of New York because Plaintiff's claims are now governed by a two-year statute of limitations under the analogous New York state statutes of limitations.

Similarly, most of Plaintiff's other state law claims alleged against Defendants NYPH and Cornell in the Third Amended Complaint cannot be filed because those claims, too, are time-barred by the applicable New York state statutes of limitations. Plaintiff's defamation claim alleged in Count IV and Plaintiff's intentional infliction claim alleged in Count V are each governed by a one-year statute of limitation. *See,* N.Y. CLS Civil Practice Law and Rules, § 215. Plaintiff's negligent infliction claim alleged in Count VI could be governed by a three-year

statute of limitations. *See,* N.Y. CLS Civil Practice Law and Rules, § 214. Also, Count VIII alleging violation of NY CLS Labor § 741 is governed by a two-year statute of limitations. *See* NY CLS Labor, § 740(4)(d).

Consequently, in this case, Plaintiff will suffer the kind of severe prejudice discussed by the Second Circuit in several cases to justify transfer of an action for lack of personal jurisdiction and venue. *See Corke,* 572 F.2d at 80; *Minnette,* 997 F.2d at 1026-27; *Bolar,* 938 F.2d at 380. Most of the claims alleged against Defendants NYPH and Cornell cannot be re-filed because they are barred by the applicable statutes of limitations.

Significantly, transfer of the Plaintiff's claims against Defendants NYPH and Cornell would work no harm on those Defendants. *See Corke,* 572 F.2d at 80-81 (Defendants' "position on the merits would not be prejudiced" because they "would be free to seek to establish the other defenses raised in their answer" in the transferee court.). *Also see Gipromer v. SS Tempo,* 487 F. Supp. at 633 ("transfer would work no hardship on defendants' ability to defend against the claim on the merits"). This action is at the pleading stage, there has been no ruling on the merits of Plaintiff's claims against NYPH and Cornell, and the Court in this action expressly limited its ruling on the motion to dismiss of Defendants NYPH and Cornell to the issue of personal jurisdiction and venue. *See* Ruling on Motions to Dismiss, pp. 9-12 (March 7, 2006).

In order for transfer to be proper Plaintiff must also show that the action "might" or "could" have been brought in the transferee court. *Gipromer,* 487 F. Supp. at 632-633. That is, Plaintiff must show that venue and subject matter jurisdiction properly lay in another district, and that defendants would be amenable to personal jurisdiction there. *Id.,* 487 F. Supp. at 633. In this case, the Court has already ruled that Defendants NYPH and Cornell operate in affiliation with each other in New York and that Plaintiff's claims against these New York-based

Defendants "are founded on acts and conduct committed in the State of New York." *See* Ruling on Motions to Dismiss, p. 9 (March 7, 2006). *Also see* Third Amended Complaint, ¶¶ 60-76 [Doc. No. 121]. Both Defendants NYPH and Cornell are located and operate in New York City, New York, and all of the acts and conducted alleged against these Defendants took place there, which is within the judicial district of the U.S. District Court for the Southern District of New York.

Accordingly, Plaintiff's motion to transfer all claims against Defendants NYPH and Cornell to the U.S. District Court for the Southern District of New York should be granted.

## II.    ALTERNATIVELY, PLAINTIFF MOVES TO ALTER OR AMEND THE RULING ON THE MOTIONS TO DISMISS TO AVOID PREJUDICE AND IN THE INTERESTS OF JUSTICE.

Plaintiff moves, in the alternative, to alter or amend the Ruling on the Motions to Dismiss, entered on March 7, 2006, pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6), to permit the transfer of Plaintiff's claims against the New York-based Defendants, NYPH and Cornell, to the U.S. District Court for the Southern District of New York, for the same reasons as set forth in Section I. Although this Court has not issued a final judgment pursuant to Fed. R. Civ. P. 58, Plaintiff's alternative grounds under Rule 59(e) to alter or amend the March 7th ruling to permit transfer of the claims against Defendants NYPH and Cornell is necessary only in the event the Ruling on the Motions to Dismiss is interpreted to be a final judgment.

Grounds that justify the altering or amending of a judgment under Rule 59(e) include to "correct a clear error of law or prevent manifest injustice." *See Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2nd Cir. 2004). Relief from a judgment or order in the interests of justice is also available under Rule 60(b)(6).

In this case, the grounds to justify the altering or amendment of the Ruling on the Motions to Dismiss, entered on March 7, 2006, to transfer Plaintiff's claims against the New York-based Defendants, NYPH and Cornell, are set forth in Section I, to avoid severe prejudice of Plaintiff from dismissal of these claims. As previously shown, transfer is in the interest of justice because most of Plaintiff's claims against Defendants NYPH and Cornell cannot be re-filed even though the dismissal of Defendants NYPH and Cornell for lack of personal jurisdiction and venue is a dismissal, without prejudice, because the applicable statute of limitations bars those claims. The only way Plaintiff can avoid severe prejudice as a result of dismissal is for the Court to transfer those claims against NYPH and Cornell to the appropriate district where those claims could have been originally brought.

## **CONCLUSION**

For the foregoing reasons, all of Plaintiff's claims against Defendants NYPH and Cornell should be transferred to the U.S. District Court for the Southern District of New York.

Respectfully submitted,

/s/ Stephen M. Kohn
Stephen M. Kohn (DC 411513)
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984
E-mail: sk@kkc.com

*Attorney for Plaintiff Robert C. Smith, M.D.*
Admitted to Appear *Pro Hac Vice*

March 16, 2006

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was served electronically via the Court's ECF system and was mailed via first class mail, postage prepaid, to the following counsel of record on this 16th day of March, 2006:

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT  06508

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT  06437

Stuart M. Gerson, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C.  20037-1175

Gary Schulz, Esq.
Nixon Peabody LLP
990 Stewart Avenue
Garden City, NY  11530

David S. Poppick, Esq.
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT

James R. Kahn, Esq.
Associate University Counsel
Cornell University
445 East 69th Street
New York, NY  10021

Alexander J. Lawrence, Esq.
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY  10104-0050

Peter B. Prestley
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave., Suite 201
Hartford, CT  06106


By:    /s/Stephen M. Kohn