## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITES STATES OF AMERICA ex rel. ROBERT C. SMITH, M.D.<br><br>RELATOR,<br><br>v.<br><br>YALE-NEW HAVEN HOSPITAL, INC., YALE UNIVERSITY, NEW YORK-PRESBYTERIAN HOSPITAL AND CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE<br><br>DEFENDANTS. | Civil Action<br>No. 3:02-cv-01205 (PCD)<br><br>DEFENDANT NEW YORK PRESBYTERIAN HOSPITAL'S REPLY TO RELATOR'S MOTION TO TRANSFER OR TO AMEND JUDGMENT TO PERMIT TRANSFER |

## INTRODUCTION

Over the course of several years of litigating this matter, which included production of four separate and futile attempts at setting forth a viable complaint against New York-Presbyterian Hospital ("NYPH"), Relator never once suggested that the matter against NYPH should be transferred to the Southern District of New York or anywhere else. Indeed, having elected time and again to file claims here against several defendants that had no connection with the District of Connecticut, and by adopting a strategy that involved incompletely citing the legislative history of the Federal False Claims Act that exaggerated the jurisdictional reach of the Act, Relator repeatedly and tenaciously urged the untenable arguments that led this Court to dismiss this action on jurisdictional and venue grounds as to NYPH.

Only after losing has Relator come to the Court, audaciously asserting for the first time that the matter now should be transferred.[1] He cites no changed circumstances, other than his defeat, and alleges no mistake of law or fact made by the Court. In essence, he is asking this Court to *reconsider* something that he never asked the Court to *consider* in the first place. Relator clearly has waived this argument. The argument also is legally unmeritorious because Relator fails to meet the burden for transfer imposed under 28 U.S.C. §§1404(a) and 1406(a) (2005). Accordingly, Relator's motion to transfer should be denied.

## ARGUMENT

### I.    RELATOR FAILS TO SATISFY THE REQUISITE BURDEN FOR TRANSFER

Relator, as the party moving for the transfer from this District to the Southern District of New York, carries the burden of establishing that such a transfer should be granted. *See Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. 1324 (S.D.N.Y. 1996); *see also Sodepac, S.A. v. Choyang Park In Rem*, No. 02 Civ. 3927(SAS), 2002 WL 31296341, at * 6 (S.D.N.Y. Oct. 10, 2002). The threshold question in deciding a motion to transfer under 28 U.S.C. §1404(a) is "whether [the movant] has shown that a change in circumstance since the complaint was filed warrants a transfer." *CalFed*, 916 F. Supp. at 1328; *see also Universal Marine Med. Supply, Inc. v. Lovecchio*, No. 98-CV-3495(ILG), 1999 WL 441680, at *2 (E.D.N.Y May 7, 1999).

---

[1] Relator has moved for transfer and, alternatively, that judgment be amended to allow transfer. At the recent status hearing conducted by the Court, Relator's counsel seemed to agree that because the Court already decided the case, transfer without a previous amendment of the judgment would be a legal impossibility. We focus, therefore, on the question of whether judgment should be amended and in this regard what Relator clearly is asking for, albeit under another title, is for what fairly can be characterized under the rules as a motion for reconsideration. However, as we show, Relator has waived this argument, which otherwise would be unwarranted as a matter of law as well.

As noted, not only has Relator waived this argument by not asserting it until after judgment has been rendered against him, he also fails to describe any change in circumstance that would warrant a transfer of this action.  This failure is understandable because there has been no such material change.

While a number of cases cited by Relator allow transfer rather than dismissal where personal jurisdiction or venue have been held lacking, no such case is analogous to the instant matter where Relator has filed numerous amended complaints and has pressed his unavailing jurisdictional arguments so vigorously based on an argument that logically excludes the possibility of transfer.[2]  Thus, while transfer, rather than dismissal, may be the appropriate remedy in certain cases, it is not appropriate here, where the Relator simply brought his action in the wrong forum.

Courts have not granted a party's motions to transfer actions where the forum is no longer acceptable to that party because of his lack of diligence in choosing the forum in the first place.  *CalFed*, 916 F. Supp. at 1328.  (citing *Spar, Inc. v. Information Res. Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992); and *Harem-Christensen Corp. v. M.S. Frigo Harmony*, 477 F. Supp. 694, 698 (S.D.N.Y. 1979)).  *See also Yoonessi v. New York State Bd. for Prof'l Med. Conduct*, No. 03-CV-871S, 2005 WL 645223, at *7 (W.D.N.Y. March 21, 2005) (holding that "absent a change in circumstances, Relator cannot change venue simply because he no longer finds this

---

[2] In his Motion to Transfer, Relator claims that *Burnett v. New York*, 380 U.S. 424, 85 S.Ct. 1050 (1965) stands for the proposition that the interests of justice require transfer as opposed to dismissal when dismissal would terminate plaintiff's rights without a hearing on the merits because the action would be barred by statute of limitations. (Motion to Transfer at 5).  Relator misconstrues the dictum that he cites, which was included in a footnote.  What the Supreme Court actually held is that "[i]f by reason of the *uncertainties of proper venue* a mistake is made . . . 'the interest of justice' may require that the complaint . . . be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." *Burnett v. New York*, 380 U.S. 424, 430, 85 S.Ct. 1050, 1056 (1965) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct 913, 916, 8 L.Ed.2d 39).  However, as we have demonstrated in this reply, there was no "uncertainty" on Relator's part as to proper venue.  Relator simply made a bad choice as to venue (which he continually pressed), which he now seeks to counteract simply because of the dismissal of his case.

venue to his liking."), *aff'd*, No. 05-2043, 2006 WL 93089 (2d Cir. Jan. 12, 2006); *and Lovecchio*, 1999 WL 441680, at *2 (stating that "[c]ourts have not transferred upon motion by [a party] when the forum is no longer acceptable to [that party] due to [his] lack of diligence.").

In *Harem-Christensen*, the plaintiffs brought suit in the Southern District of New York against a number of defendants for alleged breach of contract of carriage and subsequent damages suffered as a result of such breach. 477 F. Supp. at 695. One defendant, a Dutch corporation with its principal place of business in the Netherlands, moved the district court to dismiss the complaint on the grounds that the court did not have personal jurisdiction over the defendant. *Id*. The court held that: given that the Dutch defendant (1) was not a resident of New York; (2) did not regularly transact business or engage in a persistent course of conduct in New York; (3) was not qualified to do business in New York; (4) did not maintain an office or any other continuous presence in New York; and (5) had no agent for service or any other purpose in New York; the court did not have personal jurisdiction over such defendant. *Id*. at 696. Therefore, based on lack of personal jurisdiction, the court dismissed the complaint as to the Dutch defendant. Notably, the court then denied the plaintiff's motion to transfer the action to Massachusetts, where the Dutch defendant may have been subject to personal jurisdiction. *Id*. at 698. As support for its denial of the motion to transfer, the court stated that "[w]hen a plaintiff is a movant for a change of venue pursuant to 28 U.S.C. §1404(a), he must show a change of circumstances that has taken place since the filing of suit in order to prevail." *Id* (citing *Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114 (S.D.N.Y. 1969)).

The *Harem-Christensen* court decided that there was no change of circumstances in the case since the time the plaintiffs initially brought their action; rather, the court stated that they "have merely realized at this late stage that they made a mistake in the first place and brought

suit in the wrong forum.  That is not sufficient reason to compel a change of venue in the 'interest of justice.'"  *Id.*

Similarly, there has been no change in circumstances in the case at bar to warrant transfer, as opposed to dismissal, of the case.  At the outset, Relator decided to file his case against NYPH in this District even though Relator acknowledged that NYPH is a New York corporation.  (3d Am. Compl. at 10).  Moreover, as this Court acknowledged, Relator decided to bring suit against NYPH in this District even though it made "no allegations of acts or conduct that were committed in or have any effect in Connecticut and no allegations of any interrelated conduct between NYPH and any person or entity located in Connecticut."  (Rulings on Mots. to Dismiss at 9).

Some courts have determined that a change of circumstances is not required if transfer would be in the interests of justice.  *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp.2d 391 (S.D.N.Y. 2004).  However, "the 'interest of justice' analysis is 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums."  *Spar*, 956 F. 2d at 395 (citing *Murphy v. Klein Tools, Inc.*, 693 F. Supp. 982, 988 (D. Kan. 1988) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)).  As stated by the court in *Murphy*, 28 U.S.C. §1406(a) was enacted to avoid the injustice that "often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."  693 F. Supp. at 987.

In the case at bar, Relator did not simply make an "erroneous guess" as to whether venue was proper in this District as to NYPH.  Nor did Relator simply make a mistake in thinking that NYPH could be "found" or that it "transacted business" in this District.  Relator consciously

decided to file suit against NYPH in the District of Connecticut against even though Relator knew that NYPH was not located in, and did not transact business there. To allow Relator to remedy his error would not be in the "interest of justice" within the meaning of 28 U.S.C. §§ 1404(a) and 1406(a). Even the court in *Posven* acknowledged that dismissal rather than transfer is appropriate in those cases where a plaintiff has ignored a clear jurisdictional bar in filing suit in a particular forum, especially if the plaintiff is engaging in forum shopping or some other form of gamesmanship. *Posven*, 303 F. Supp.2d at 407-08.

This courts in this District also have recognized that transfers should not be granted when a party did not exercise proper diligence in choosing a proper forum in the first place. *See Palacio v. Munies*, No. 3:98CV01893, 1999 WL 608818, at *4 (D. Conn. Aug. 5, 1999). In *Palacio,* the plaintiffs, in an attempt to avoid a statute of limitations problem in the District of Connecticut, sought to transfer the case to a federal court in New Jersey. *Id.* In refusing to transfer the case, the court cited to the decision by the Second Circuit in *Spar*, and reiterated the *Spar* holding, which stated, in part that "[t]he Court held that a transfer of venue was not warranted under 28 U.S.C. §1406 to avoid a statute of limitations defect because to do so would reward plaintiffs for their lack of diligence in choosing a proper forum and would not be in the interests of justice." *Id.* (citing *Spar,* 956 F. 2d at 394).

## II.    TRANSFER WOULD BE FUTILE

Several days ago, during the status conference held by the Court, Relator's counsel stated that Relator's motion for transfer against the New York defendants was primarily driven by his wish primarily to pursue his retaliation claims. While this no doubt reflects a recognition the fact, described at length in NYPH's dismissal motion papers, that Relator has not pleaded a

cognizable False Claims Act case against NYPH (or any New York defendant, for that matter), this expression also highlights the futility of transfer against NYPH.

In its dismissal memorandum, NYPH demonstrated that it had never been Relator's employer. In fact, we showed that Relator was no more than a physician who had staff privileges at NYPH that arose from his employment with the medical faculty of Cornell University, an entirely separate legal entity. Relator never contested this point or the many authorities that we cited in support of it. This would be fatal to his retaliation claims if they were litigated in the Southern District of New York.

Relator's federal retaliation claim his asserted under 31 U.S.C. §3730(h) (2005) literally requires that actionable retaliation have been undertaken by an *employer*. So to does the New York State anti-retaliation provision that Relator relied upon for his pendent claims on the subject. Those pendent claims are legally defective for the many reasons discussed at pages 26-34 of NYPH's initial memorandum in support of its motion to dismiss.

In sum, courts have declined to apply §3730(h) to anyone but an "employee." *Hardin v. DuPont Scandinavia* (ARA-JET), 731 F. Supp. 1202, 1205 (S.D.N.Y. 1990). *See also*, *Mruz v. Caring, Inc.*, 991 F. Supp. 701, 709 (D.N.J. 1998); *Shapiro v. Sutherland*, 835 F. Supp. 836, 837-38 (E.D. Pa. 1993). This would be fatal to the claim that Relator apparently is most desirous of pressing. To the extent, therefore, that Relator is asking this Court to exercise discretion in transferring this case, such a transfer would not assist judicial economy because the transfer would ultimately be unavailing as a matter of law. This Court's reasoning in dismissing the action as against Yale New Haven Hospital, equally applicable on the merits as to NYPH, demonstrates the accuracy of our conclusion.

## Conclusion

Relator clearly should be held to have waived the argument that he is now advancing in seeking post-judgment transfer to the Southern District of New York. But even if he hasn't, the absence of any changed circumstance and his persistence in exercising volition to litigate the case in this Court require denial of Relator's motion under the governing caselaw. Further, the transfer that Relator seeks would be futile and so should be rejected as disfavoring judicial economy. For these reasons, NYPH respectfully submits that Relator's motion to transfer be denied and NYPH awarded its costs, attorneys fees and such other relief as the Court deems appropriate.

Dated: March 24, 2006

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

Attorneys for Defendant
New York-Presbyterian Hospital

By: _Stuart M. Gerson_

    Stuart M. Gerson,
    Admitted *pro hac vice*
    Federal Bar No. CT03865
    1227 25th Street, NW Suite 700
    Washington, D.C. 20037-1175
    (202) 861-0900


    David S. Poppick,
    Federal Bar No. CT13202
    Jonathan M. Plissner
    Federal Bar No. CT23773
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2601
    (203) 348-373

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent on this 24th day of March, 2006 via regular U.S. Mail, postage prepaid to:

William J. Doyle
Kenneth D. Heath
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT  06508

James R. Kahn
Associate University Counsel
Cornell University
445 East 69th Street
New York, NY  10021

Patrick M. Noonan
Steven M. Barry
Delaney, Zemetis, Donahue, Durham
& Noonan, P.C.
Concept Park
741 Boston Post Road
Guilford, CT  06437

Gary P. Schulz
Christopher J. Porzio
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530

Stacie Boeniger Collier
Nixon Peabody, LLP
Cityplace, 185 Asylum Street
Hartford, CT  06103

Daniel L. FitzMaurice
Day, Berry & Howard
CityPlace I
Hartford, CT  06103-3499

J. Alexander Lawrence
Carl H. Loewenson, Jr.
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY  10104-0050

Stephen M. Kohn
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756

Nelson E. Roth
Valerie L. Cross
Cornell University
300 CCC Bldg., Garden Ave.
Ithaca, NY  14853

Stanley R. Soya
Morrison & Foerster, LLP
1650 Tysons Blvd., Suite 300
McLean, VA  22102

and that three (3) copies have been mailed in accordance with Rule 5 of the Federal Rules of Civil Procedure and Rules 7(d) and 7(e) of the Local Rules of Civil Procedure to:

Richard Molot
John Hughes
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

Jonathan M. Plissner