UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA ex rel. and ROBERT C.
SMITH, M.D.,

Plaintiff,

- against -

YALE-NEW HAVEN HOSPITAL, INC., YALE
UNIVERSITY, NEW YORK PRESBYTERIAN HOSPITAL
AND CORNELL UNIVERSITY JOAN AND SANFORD I.
WEILL MEDICAL COLLEGE,

Defendants.

**Civil Action No.
3:02CV01205(PCD)**

**DEFENDANT CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL
MEDICAL COLLEGE'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO TRANSFER CLAIMS AGAINST THE
<u>NEW YORK-BASED DEFENDANTS</u>**

G290810.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

ARGUMENT......................................................................................................................... 3

POINT I
THERE IS NO BASIS TO VACATE OR AMEND THE COURT'S PRIOR RULING
DISMISSING CORNELL AND TO TRANSFER ANY CLAIM UPON
RECONSIDERATION ................................................................................................... 3

POINT II
THE TRANSFER OF ANY PREVIOUSLY DISMISSED CLAIM AGAINST
CORNELL IS CLEARLY NOT IN THE INTEREST OF JUSTICE................................ 7

CONCLUSION...................................................................................................................... 12

## TABLE OF AUTHORITIES

### CASES

Corke v. Sameiet M.S. Song of Norway., 572 F.2d 77 (2d Cir. 1978)................................8

Cote v. Wadel, 796 F.2d 981 (7th Cir. 1986) .................................................................6, 9

DGM Invs., Inc. v. N.Y. Futures Exch., Inc., 288 F. Supp. 2d 519 (S.D.N.Y. 2003) ........................................................................................................................5

Deleski v. Raymark Indus., Inc., 819 F.2d 377 (3d Cir. 1987)............................................9

Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 324 B.R. 492 (Bankr. S.D.N.Y. 2005) ............................5

Dubin v. United States, 380 F.2d 813 (5th Cir. 1967)........................................................9

Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2001) ............................................5

Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962)................................................................8

In re Health Management Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613 (S.D.N.Y. 2000) ........................................................................................................................3

Heller Financial, Inc. v. Ohio Savings Bank, 158 F. Supp. 2d 825 (N.D. Ill. 2001)...........8

Hollyanne Corp. v. TFT, Inc., 199 F.3d 1304 (Fed. Cir. 1999)...........................................8

Melnitzky v. Rose, 305 F. Supp. 2d 349 (S.D.N.Y. 2004) .........................................3, 4, 5

Nicols v. G.D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993) .........................................6, 9

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147 (2d Cir. 2003)..................................................................4

Pares v. Gordon, 1992 U.S. Dist. LEXIS 15202, 91 Civ. 1344 (S.D.N.Y. Oct. 8. 1992) ........................................................................................................................7

Recycling Sciences Int'l, Inc. v. Soil Restoration and Recycling, L.L.C., 2001 WL. 289868, No. 00 C 0311 (March 15, 2001, N.D. Ill.) .............................................8

Shrader v. CSX Transp., 70 F.3d 255 (2d Cir. 1995) ........................................................4

In re Ski Train Fire in Kaprun, Austria, on November 11, 2000, 224 F.R.D. 543 (S.D.N.Y. 2004)....................................................................................................10, 11

In re Ski Train Fire in Kaprun, Austria on November 11, 2000, 257 F. Supp. 2d 648 (S.D.N.Y. 2003)....................................................................................................7

<u>Spar, Inc. v. Information Res., Inc.</u>, 956 F.2d 392 (2d Cir. 1992)...........................7, 9, 10

<u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Board</u>, 956 F.2d 1245 (2d Cir. 1992).....4, 11

<u>Wood v. Santa Barbara Chamber of Commerce, Inc.</u>, 705 F.2d 1515 (9th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1081 (1984)......................................................................9

<u>World Skating Federation v. International Skating Union</u>, 357 F. Supp. 2d 661 (S.D.N.Y. 2005)........................................................................................................11

<u>Young v. United States Dept. of Justice</u>, 882 F.2d 633 (2d. Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990).......................................................................................6

<u>Zdanok v. Glidden Co.</u>, 327 F.2d 944 (2d Cir. 1964)..........................................................4

## STATUTES

28 U.S.C. § 1404(a) ..................................................................................................7, 9, 10

28 U.S.C. § 1406(a) ...........................................................................................................7

31 U.S.C. §§ 3729, <i>et seq.</i>...........................................................................................2, 11

**INTRODUCTION**

Defendant Cornell University Joan and Sanford I. Weill Medical College ("Cornell") respectfully submits this memorandum of law in opposition to Plaintiff's Motion to Transfer Claims Against the New York-Based Defendants and, Alternatively, Motion to Alter or Amend Judgment to Permit Transfer, dated March 16, 2006 ("Motion to Transfer"). Pursuant to the Court's directive issued at the March 20, 2006 status conference, Cornell treats plaintiff's motion as one seeking "reconsideration" of the Court's prior Ruling On Motions to Dismiss, dated March 7, 2006 [Doc. No. 130], which dismissed, inter alia, all claims against Cornell. Plaintiff's motion should be denied in all respects because there is no basis for reconsideration of the Court's prior order and because a post-dismissal transfer is not in the interest of justice.

In opposing Cornell's motion to dismiss the Third Amended Complaint, plaintiff vehemently opposed severance of that part of his case against the New York-based defendants and transfer to the Southern District of New York and he adamantly rejected all arguments that this Court lacked personal jurisdiction over Cornell and/or that venue was improperly laid in the District of Connecticut. Now that his False Claims Act fraud and retaliation claims have been dismissed on jurisdiction and venue grounds and he realizes that his state law claims are time-barred in any newly-filed action in New York, plaintiff asks the Court to disregard his prior arguments and the prior ruling on jurisdiction in favor of transfer. There is, however, no basis on which to reconsider the ruling dismissing Cornell and the interests of justice served will not be served by rescuing plaintiff from his own deliberate, but ill-conceived decision to pursue the fraud and retaliation claims against a New York medical school in Connecticut. The decision to

dismiss all claims against Cornell should be affirmed, and the motion for transfer should be denied.

## BACKGROUND

Plaintiff attempted to join Cornell in this action back in 2004, alleging in his Third Amended Complaint that the medical school had violated the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, by defrauding the government in connection with its billing for radiological studies and that it had improperly retaliated against him when the medical school failed to renew his employment contract. See Third Amended Complaint dated November 24, 2004. In addition, plaintiff alleged a series of claims under New York common law including defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, as well as violations of the New York Labor Law. See id.

Cornell moved to dismiss plaintiff's Third Amended Complaint on multiple grounds, including lack of personal jurisdiction and improper venue and in the alternative, requested that surviving claims against it be transferred to the Southern District of New York. See Memorandum of Law in Support the Motion of Cornell University Joan and Sanford I. Weill Medical College to Dismiss the Third Amended Complaint [Doc. No. 91].

Plaintiff opposed transfer, boldly asserting, "Cornell's argument that is not properly joined in this action in Connecticut because there is no basis for personal jurisdiction over it in this forum is laughable." Plaintiff's Opposition to Motion of Defendant Cornell University Joan and Sanford I. Weill Medical College to Dismiss the Third Amended Complaint, dated June 23, 2005 [Doc. No. 101] at p. 49. Plaintiff argued that a *qui tam* relator's choice of forum is entitled to due deference and that his forum selection should remain undisturbed, even in the absence of

any Cornell contacts with Connecticut. See id. at pp. 50-51. Plaintiff also sought speedy resolution of his claims, arguing that "since this action involves charges of fraud against the government, the public has an interest in a prompt resolution of Plaintiff's claims." Id. at 51.

Plaintiff now has obtained the prompt resolution of his claims made by this Court in its Ruling on Motions Dismiss dated March 7, 2006 (hereafter referred to as the "Dismissal Ruling"). In it, the Court dismissed all claims against Cornell for lack of personal jurisdiction and improper venue. Plaintiff's motion for "reconsideration" seeks the "laughable" change in venue that he previously opposed and which was previously considered and rejected by this Court. For all of the reasons set forth below, plaintiff's motion for reconsideration should be denied and the Court's prior decision should remain undisturbed.

## ARGUMENT

### POINT I

### THERE IS NO BASIS TO VACATE OR AMEND THE COURT'S PRIOR RULING DISMISSING CORNELL AND TO TRANSFER ANY CLAIM UPON RECONSIDERATION

The Court's directive at the March 20, 2006 conference treats plaintiff's current motion as one for reconsideration. The limited circumstances under which the courts of this Circuit deem reconsideration to be appropriate are not present in this case.

Reconsideration of a court's previous order is "'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Melnitzky v. Rose, 305 F. Supp. 2d 349, 350 (S.D.N.Y. 2004), quoting In re Health Management Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Indeed, reconsideration is generally disfavored on the rationale that "where litigants have once battled for the court's decision, they

should neither be required, nor without good reason permitted, to battle for it again." <u>Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 167 (2d Cir. 2003), <u>quoting</u> <u>Zdanok v. Glidden Co.</u>, 327 F.2d 944, 953 (2d Cir. 1964).

Reconsideration will ordinarily be denied unless the movant can point to controlling decisions or evidence the court overlooked on the underlying motion, that is, matters which might reasonably be expected to alter the conclusion reached by the court. <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 1995). This District has expressly embraced this standard for reconsideration in that under Local Civil Rule 7(c), a motion for reconsideration must be accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." The purpose of a similarly-worded local rule relating to reconsideration in the Southern District of New York has been interpreted to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." <u>Melnitzky</u>, 305 F. Supp. 2d at 350 (citations and quotations omitted).

In the context of reconsideration under Fed. R. Civ. Proc. 54(b), a court should not change or alter it prior decision "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" <u>See</u> <u>Official Comm. of the Unsecured Creditors of Color Tile, Inc.</u>, 322 F.3d at 167, quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Board</u>, 956 F.2d 1245, 1255 (2d Cir. 1992). Likewise, a motion to amend or alter a judgment under Fed. R. Civ. Proc. 59(e) "is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." <u>Melnitzky</u>, 305 F. Supp. 2d at 350

- 4 -

Plaintiff never argued on the dismissal motion, in the alternative or otherwise, that transfer rather than dismissal was appropriate based on lack of personal jurisdiction over Cornell in Connecticut. There is absolutely no basis for this Court to grant reconsideration based upon plaintiff's new argument. See Giordano v. City of New York, 274 F.3d 740, 752 (2d Cir. 2001) (plaintiff has no right to have new theories heard on reconsideration); Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.), 324 B.R. 492, 494 (Bankr. S.D.N.Y. 2005) ("Motions for reconsideration are not a substitute for appeals, and a party who fails to present their strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider") (citations and internal quotations omitted).

Reconsideration also is not necessary here to prevent a manifest injustice. See DGM Invs., Inc. v. N.Y. Futures Exch., Inc., 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003). In opposing dismissal or transfer, plaintiff and his counsel made a strategic decision aimed at maximizing the likelihood that the case would remain in Connecticut. Now, faced with the Court's dismissal of Cornell on jurisdictional grounds, plaintiff wants this Court to ignore his prior opposition to transfer and his election not to argue in the alternative that if the court were to find personal jurisdiction over Cornell lacking, transfer to the Southern District of New York would be appropriate. He and his counsel must have, or certainly should have, realized the potential downside of resisting transfer – namely, dismissal and the inability to re-file because of the expiration of the relevant limitations periods – and having chosen to chart that litigation course on the underling motion, plaintiff should not be relieved of its consequences now simply because that strategy has backfired.

It is respectfully submitted that the only injustice resulting here would be to Cornell were this Court to relieve plaintiff and his counsel of the consequences of their decision on the

underlying dismissal motion by granting reconsideration and ordering transfer, thereby forcing

Cornell to re-litigate plaintiff's resuscitated claims. By deliberately ignoring the facts and the

law pointing to New York as the more appropriate forum when he chose to join Cornell in this

Connecticut-based action, plaintiff "imposed substantial unnecessary costs on both the defendant

and the judicial system." Nicols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993). As

the Seventh Circuit explained in Cote v. Wadel, balancing the effects of dismissal as compared

to transfer of an action does not always militate in plaintiff's favor:

> The proper penalty for obvious mistakes that impose costs on
> opposing parties and on the judicial system is a heavy one.... If the
> result in the present case seems harsh, that is because the costs to
> [the plaintiff] are palpable where the benefits are not trivial;
> litigants and the public will benefit substantially in the long run
> from better compliance with the rules limiting personal jurisdiction.

796 F.2d 981, 985 (7th Cir. 1986). Cf. Young v. United States Dept. of Justice, 882 F.2d 633,

639 (2d. Cir. 1989), cert. denied, 493 U.S. 1072 (1990) (the doctrine of judicial estoppel is

designed to prevent litigants from "playing fast and loose" with the courts by preventing a party

who benefits from a position in a prior litigation from subsequently adopting a contrary

position).

Here, Cornell was forced to defend itself in a remote venue and engage in significant

motion practice since 2004. Should the Court now decide upon reconsideration to amend its

prior Dismissal Ruling and transfer the case to the Southern District of New York, the process

will start all over again and Cornell will be compelled to once again mount a defense to

plaintiff's allegations. Reconsideration is not appropriate in this instance, and the Dismissal

Ruling should remain undisturbed.

## POINT II

## THE TRANSFER OF ANY PREVIOUSLY DISMISSED CLAIM AGAINST CORNELL IS CLEARLY NOT IN THE INTEREST OF JUSTICE

Should the Court elect to reconsider its Dismissal Ruling, transfer of plaintiff's claims clearly is not warranted. Plaintiff bases the motion to transfer on 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) because this Court has ruled that it lacks personal jurisdiction over Cornell, because venue in this district is improper, and because "he will be prejudiced by the fact that most of his claims alleged against...Cornell will be barred by the statute of limitations" if he is compelled to bring a new action in New York. Motion to Transfer at p. 4.[1] Under either transfer statute, the primary inquiry to be undertaken by the court is not whether the plaintiff will be prejudiced by a refusal to transfer the action, but rather "whether the interests of justice militate in favor of transfer." In re Ski Train Fire in Kaprun, Austria on November 11, 2000, 257 F. Supp. 2d 648, 649 (S.D.N.Y. 2003)(quoting Pares v. Gordon, 1992 U.S. Dist. LEXIS 15202, No. 91 Civ. 1344 (S.D.N.Y. Oct. 8. 1992)).

In this case, the interests of justice do not weigh in favor of transferring previously dismissed claims to another forum. The decision whether or not to transfer a case is vested in the sound discretion of the district court. See Spar, Inc. v. Information Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992). The court's decision on a motion for transfer is afforded due deference and will not be disturbed absent a clear abuse of discretion. See Corke v. Sameiet M.S. Song of Norway. 572 F.2d 77, 80 (2d Cir. 1978). Several courts have held that it is improper to transfer claims once they have been dismissed for lack of personal jurisdiction. See Hollyanne Corp. v. TFT,

---

[1]   It should be noted that plaintiff does not contend that he will be unfairly prejudiced by the Court's affirmance of its prior refusal to transfer his claims to a New York forum. This cannot do because every order of dismissal prejudices a plaintiff and because this particular plaintiff initially fought so hard to maintain all of his claims in the District of Connecticut.

Inc., 199 F.3d 1304, 1307 (Fed. Cir. 1999); Heller Financial, Inc. v. Ohio Savings Bank, 158

F.Supp. 2d 825, 830 (N.D. Ill. 2001); Recycling Sciences Int'l, Inc. v. Soil Restoration and

Recycling, L.L.C., 2001 WL 289868, No. 00 C 0311, *4 (March 15, 2001, N.D. Ill)  While it is

true that a court lacking personal jurisdiction may transfer rather than dismiss an action to a

forum where the defect can be cured under Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962),

transfer is not appropriate where the plaintiff made an obvious, calculated, strategic mistake

rather than "an erroneous guess with regard to an elusive fact." Id.. at 466.

In this case, plaintiff has spent the past several years prosecuting his False Claims Act

case.  At the time he chose to join Cornell in the action in 2004, he was in the process of

studying law in New York and he was a seasoned litigant who employed a team of sophisticated

attorneys.  He and his attorneys undoubtedly understood the intricacies of the Act as well as the

fundamentals of the various statutes of limitation existing in the state of his residence and place

of his legal studies when he decided to pursue his claims against Cornell, not in the logical

choice of forum, New York, but in Connecticut.

Moreover, when plaintiff received notice of non-renewal of his position in June 2002, he

was living, working and was enrolled in law school in New York.  He filed his initial complaint

shortly thereafter.  At that point in time, he was aware of all of the relevant facts that might have

a bearing on a potential action against Cornell.  Plaintiff and his attorneys then spent several

years identifying perceived potential claims against his former employer, assessing their

viability, identifying the appropriate forum for their resolution and crafting a pleading.  Plaintiff

continued to refine his claims by filing multiple amended complaints against Cornell.  [Doc.

Nos. 26 and 32].  This process bears all the hallmarks of a lengthy, careful, and deliberative

approach to suing Cornell in the District of Connecticut, and was not a simple mistake of

selecting the wrong forum. It is, therefore, incredible for plaintiff to claim that a transfer he previously opposed is now required in the interest of justice.

Several Circuits have addressed the specific issue of whether a district court abuses its discretion by denying, as not in the interests of justice, a plaintiff's motion under 28 U.S.C. §§ 1404(a) or 1406(a) to transfer a case in order to cure a defect in personal jurisdiction or venue. Six Circuits have unanimously concluded that such a denial is not an abuse of discretion. See Nicols v. G.D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993); Spar, Inc. v. Information Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992); Deleski v. Raymark Indus., Inc., 819 F.2d 377, 381 (3d Cir. 1987); Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984); Dubin v. United States, 380 F.2d 813, 816 n.5 (5th Cir. 1967). These decisions are all based upon the notion that a district court acts within its discretion when it finds that the interests of justice are not served by allowing a litigant who committed an obvious error in bringing an action in the wrong court to simply transfer the action to the proper court with no costs to himself. Nicols, 991 F.2d at 1201.

The leading case in the Second Circuit regarding whether a transfer is made in the interest of justice is Spar, Inc. v. Information Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992). There, a computer software developer brought an action in New York state court against one of its competitors alleging tortious interference with one of its employee's employment contracts. Defendant removed the action to the Southern District of New York and then moved to dismiss the complaint on statute of limitations grounds. Plaintiff cross-moved to transfer the action to the Northern District of Illinois under 28 U.S.C. §§ 1404 and 1406 in order to avoid the

limitations bar. The court denied the transfer and dismissed the action under New York's statute

of limitations. See id. at 393.

On appeal, the Second Circuit held, "[w]hile we believe that § 1406 should be read

liberally, we cannot conclude that Spar, whose own failure to pursue its claim diligently and to

research New York's statute of limitations has resulted in a procedural bar, should be permitted

to transfer the action and essentially forum shop." 956 F.2d at 393. The court pointed out that,

unlike the scenario presented in Goldlawr where plaintiff faced a forfeit of its action as a result

of "venue quirks," the statute of limitations which barred Spar's action was not an elusive fact

unknown to a reasonable plaintiff. Id. at 394. Much like the plaintiff in the instant action, Spar

had ample opportunity to bring its action in New York within the limitations period. Id. at 395.

To allow a transfer in order to avoid the limitations bar "would reward plaintiffs for their lack of

diligence in choosing a proper forum and thus would not be in the interest of justice." Id. at 394.

In another case similar to the one at bar, upon reconsideration of its prior dismissal order,

the district court in In re Ski Train Fire in Kaprun, Austria, on November 11, 2000, 224 F.R.D.

543 (S.D.N.Y. 2004) applied the reasoning of Spar and refused to grant a post-dismissal transfer

in order to allow plaintiffs to avoid the impact of the statute of limitations bar. The court

dismissed plaintiffs' claims against one foreign defendant on the grounds that personal

jurisdiction was lacking. Id. at 545. After a series of procedural maneuvers, plaintiffs sought

reconsideration of the dismissal order and requested a transfer of the action to the Northern

District of California where their claims would be timely under applicable state law. Id. The

district court held that revision of its dismissal order was not warranted in the first instance

because plaintiffs had failed to overcome the law of the case doctrine by showing an intervening

change of law, new evidence or the need to correct a clear error of law. Id. at 548 (quoting

Virgin Atlantic Airways v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). It then went on to find that the requested transfer was not in the interest of justice because it did not wish to reward plaintiffs who had equivocated and were tardy in their identification of California as an appropriate forum. Id. at 549. Relying on Spar, the district court chose dismissal over transfer, finding that plaintiffs' incorrect choice of forum was a deliberate act and was not the product of an "erroneous guess" as to venue. Id.

Plaintiff's decision to join Cornell in this Connecticut action was not the product of an erroneous guess with regard to venue. Rather, it was the result of a calculated strategy to bring all of his False Claims Act claims against both Connecticut- and New York-based defendants in a single action and to facilitate his prior litigation against Yale University and Yale-New Haven Hospital. Plaintiff and his attorneys were well aware of all of the risk factors contraindicating the correctness of this position. Nonetheless, they stood firm in their interpretation of the venue provision of the False Claims Act, 31 U.S.C. § 3732(a), and steadfastly clung to the (incorrect) notions that personal jurisdiction over Cornell was established and that venue in this District was proper. Not only did plaintiff and his legal team not seek transfer as an alternative to outright dismissal, but they forcefully opposed the transfer of their claims against the New York-based defendants during prior motion practice. "Section 1406 should not be a panacea for lawyers who bring suits in jurisdictions where they know or should know that they do not belong." World Skating Federation v. International Skating Union, 357 F. Supp. 2d 661, 666 (S.D.N.Y. 2005).

Much like the plaintiffs in Spar and Ski Train, plaintiff here took a calculated risk with respect to venue and jurisdiction over a defendant who is neither present in, nor engaged in any activity in this District, and he lost. Though dismissal may seem a harsh result, the interest of justice will not be served by giving plaintiff a second (or, in this case, fourth) bite at the litigation

apple against Cornell, after he forced the medical school to incur the cost of defending itself against serious allegations of fraud once already in an inappropriate venue where personal jurisdiction was obviously lacking.

Additionally, this Court should not exercise its discretion to transfer in view of this Court's determination that plaintiff had not stated, nor adequately pleaded, a fraud claim under the False Claims Act against defendant Yale-New Haven Hospital. See Dismissal Ruling at 6-9. Many of the arguments advanced by Cornell in its motion to dismiss the Third Amended Complaint (which this Court did not reach) mirror those made by Yale-New Haven Hospital here (which the Court embraced), and would, therefore, undoubtedly serve as grounds for dismissal if the case were to be transferred to the Southern District of New York. In short, transfer would be an exercise in futility.

## CONCLUSION

Reconsideration of this Court's prior ruling dismissing all claims against Cornell should be denied. In the event that reconsideration is granted, the Court's prior ruling should be affirmed and plaintiff's request for transfer of the claims against Cornell to the Southern District of New York should be denied.

Dated: March 24, 2006

DEFENDANT
Cornell University Joan and Sanford I. Weill
Medical College


By: _____

    Gary P. Schulz, Esq. (phv0056)
    Christopher J. Porzio, Esq. (phv0057)
    Stacie B. Collier, Esq. (ct18895)
    NIXON PEABODY LLP
    City Place
    185 Asylum Street
    Hartford, CT 06103
    (860) 275-6820
    (860) 275-6821 (fax)
    gschulz@nixonpeabody.com

          - and -

    James R. Kahn, Esq.
    Deputy University Counsel
    Cornell University
    Weill Medical College
    Office of University Counsel
    445 East 69th Street
    New York, New York 10021
    ph (212) 746-0463
    fax (212) 746-0495
    jkahn@med.cornell.edu

    Nelson E. Roth, Esq.
    Deputy Univerity Counsel
    ner3@cornell.edu

    Valerie L. Cross, Esq.
    Associate University Counsel
    vlc1@cornell.edu

    Cornell University
    300 CCC Building, Garden Avenue
    Ithaca, New York 14853
    ph (607) 255-5124
    fax (607) 255-2794

- 13 -

## CERTIFICATION OF SERVICE

This is to certify that a true and accurate copy of the foregoing was mailed, postage

prepaid, on this 24th day of March, 2006, to the following counsel of record:

Stephen M. Kohn, Esq.
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggins & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT  06508

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue & Noonan, PC
741 Boston Post Road
Concept Park
Guilford, CT  06437

Stuart M. Gerson, Esq.
Epstein Becker & Green, P.C.
1227 25th Street, NW, Suite 700
Washington, DC  20037-1175

David S. Poppick, Esq.
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT  06901  .

Alexander J. Lawrence, Esq.
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY  10104-0050

Richard M. Molot
U.S. Attorney's Office-NH
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT  06510

_____
GARY P. SCHULZ

G272964.1