UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ex rel., <br> ROBERT C. SMITH, M.D., <br><br> Plaintiff, <br><br> v. <br><br> YALE UNIVERSITY, YALE-NEW HAVEN HOSPITAL, INC., NEW YORK PRESBYTERIAN HOSPITAL and CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:02-cv-1205 (PCD) <br> ) <br> ) <br> ) <br> ) <br> ) April 19, 2006 <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TRANSFER AND, ALTERNATIVELY, MOTION FOR RECONSIDERATION TO PERMIT TRANSFER**

Plaintiff, Robert C. Smith, by and through counsel, hereby submits his reply memorandum in support of his motion to transfer and, alternatively, motion for reconsideration to permit transfer.

**I. DEFENDANTS CORNELL AND NYPH IGNORE THEIR PRIOR ARGUMENTS IN FAVOR OF SEVERANCE AND TRANSFER.**

Significantly, both New York-based Defendants have previously argued that the burden of establishing that a transfer should be granted has been met in this case when they filed their dismissal motions. Having previously argued that the grounds for transfer were satisfied and appropriate in this case, Defendants should not be heard to change their position on that point.

Defendant Cornell argued that in the event this case was not dismissed on the merits in its entirety, that this case should be transferred to the Southern District of New York. [Doc. No. 91-2, Cornell Mem., pp. 50-55.] Significantly, Cornell argued that all of the factors for transfer of

this action were satisfied and with respect to the "interests of justice" standard being met Cornell stated:

> Simply put, it is unfairly prejudicial to force Cornell to defend itself against Dr. Smith's claims in a forum where neither of these parties reside or transact business, where none of the misconduct by this defendant is alleged to have taken place, and where none of the documentary or testimonial evidence is located. Accordingly, *the interests of justice will be served by severing and transferring any claims against Cornell which survive dismissal to the Southern District of New York.*

[Doc. No. 91-2, Cornell Mem., p. 55 (emphasis added).]

While Defendant NYPH argued that the case should be dismissed with prejudice for the various reasons asserted in NYPH's dismissal motion, alternatively, NYPH also argued that if the case was dismissed for lack of jurisdiction and venue, the case could be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). [Doc. No. 93-2, NYPH Mem., pp. 10-11.]

Notably, both Defendants completely ignore the fact that this Court decided not to dismiss this case with prejudice, or to resolve any of the arguments aimed at the merits of Plaintiff's claims alleged against the New York-based Defendants. Rather, the Court ruled that it lacked jurisdiction and venue over these defendants and declined to address the merits of the other issues raised in the New York-based Defendants' dismissal motions. [Doc. No. 130, Ruling on Motions to Dismiss, p. 12.]

A dismissal for lack of personal jurisdiction and/or venue is without prejudice and generally does not prevent the Plaintiff from re-filing the lawsuit in a forum where that defendant is amenable to suit. *See Kendall v. Overseas Dev't Corp.*, 700 F.2d 536 (9th Cir. 1983); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

Consequently, so long as the statute of limitations has not run, Plaintiff may re-file his claims against both New York-based Defendants in the Southern District of New York, where both Defendants concede jurisdiction and venue is proper. However, as Plaintiff explained in his motion to transfer, he is now placed in the position, partially due to the passage of time and partially due to a change in circumstances, where some of his claims against the New York-based Defendants are still timely (such as Plaintiff's FCA *qui tam* claims which have a six-year limitations period), but others (such as Plaintiff's retaliation and employment claims) may be untimely if his lawsuit is re-filed.

This result will enable the Defendants to benefit by obtaining a *de facto* with prejudice dismissal of Plaintiff's retaliation and employment claims when this Court expressly only dismissed the New York-based Defendants for lack of jurisdiction and venue, a ruling which must, as a matter of law, be without prejudice. Even though the New York-based Defendants argued, alternatively, for transfer of this action in their motions to dismiss if the case was not dismissed on the merits with prejudice, they now argue the opposite, without showing any harm or prejudice to the Defendants, solely to take advantage of the Ruling on the Motions to Dismiss in order to defeat Plaintiff's claims before he has an opportunity to re-file them.

## II.    PLAINTIFF DID NOT WAIVE HIS RIGHT TO SEEK TRANSFER.

Contrary to Defendants' suggestion, Plaintiff has not waived his right to file a motion to transfer because he waited until judgment has been rendered against him.[1] In this case, the

---

[1] Defendants mis-characterize Plaintiff's original arguments in response to Defendant Cornell's request for transfer in its dismissal motion. Plaintiff simply argued that Cornell had not met its burden to sever and transfer the claims against Cornell and NYPH to the Southern District of New York, and Plaintiff argued that it would be more expeditious if the case is not severed and this Court retained jurisdiction over all Defendants. [Doc. No. 101, Plaintiff's Mem., pp. 51-52.] That is a far cry from Plaintiff arguing that transfer should not be ordered in the event the case is severed and Defendants' motion to dismiss for lack of jurisdiction and venue is granted. Plaintiff

district court has not issued a judgment or entered a judgment on the docket. *See* Fed. R. Civ. P., Rules 58(a)(1) and 79. *See also, Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2nd Cir. 2003), cert den., 124 S.Ct. 1047 (2004) (Every judgment must be labeled "judgment" and must be set forth on a separate document, and neither a judicial memorandum or opinion satisfy this requirement.). Notwithstanding this requirement, Plaintiff still filed his motion for transfer within the time for filing a motion to alter or amend a judgment under Rule 59(e), even though the Ruling on the Motion to Dismiss does not operate as a judgment.

Notably, Defendant NYPH does not cite to any case law to support its waiver argument. Moreover, in regards to Defendant Cornell's argument based on the case law governing reconsideration, it should be noted that the district court overlooked the entire transfer issue in its Ruling on the Motion to Dismiss even though both Defendants argued in their respective dismissal motions in favor of severance and transfer of the claims alleged against Cornell and NYPH to the Southern District of New York. Notably, the district court's Ruling on Motions to Dismiss also did not even mention the Plaintiff's section 3730(h) retaliation claims, or his pendent or supplemental New York state law claims alleging employment retaliation and breach of contact (*see* Third Am. Compl., Counts II-VIII). [Doc. No. 130, Ruling on Motions to Dismiss, pp. 9-13.] Instead, the district court's ruling focused entirely on the Plaintiff's *qui tam* claims under the FCA alleged against the various defendants. Obviously, this oversight has led to the district court also overlooking the transfer issue, and the Ruling on the Motions to Dismiss does not reflect any findings or conclusions by the court on the transfer issue, which Defendants had previously argued in favor of in their respective dismissal motions.

---

never argued that the Defendants could not be found or sued in the Southern District of New York, and Plaintiff did not argue that transfer should not be granted if severance was granted on the grounds that jurisdiction or venue was lacking.

- 4 -

Plaintiff can still timely re-file his FCA *qui tam* claim, but the FCA retaliation claim under section 3730(h) cannot be re-filed due to a change in circumstances resulting from an intervening Supreme Court decision, declining to follow the FCA six-year statute of limitations for section 3730(h) retaliation claims. *See Graham County Soil & Water v. U.S. ex rel. Wilson,* __ U.S. __, 125 S.Ct. 2444 (2005) (Holding that six-year statute of limitations in FCA does not govern FCA civil actions for retaliation under subsection (h), which should be brought in time provided by the most closely analogous state limitations period.). Prior to that decision, the majority of the federal courts considering the issue had held that the FCA six-year statute of limitations was applicable to section 3730(h) retaliation claims. [Doc. No. 101, Plaintiff's Opp., pp. 27-28 (Cases cited therein).] This change in the law puts the Plaintiff in the position of being able to re-file in the Southern District of New York his FCA *qui tam* claims within the FCA six-year statute of limitations while his FCA section 3730(h) retaliation claims would be untimely under the *Graham County* Supreme Court ruling. Given that Plaintiff's retaliation claims were timely filed in the District of Connecticut, and given the intervening change in the law after Plaintiff's retaliation claims were filed in this District, it is proper for this Court to reconsider its Ruling on the dismissal motions if the standard for reconsideration is required to revisit the transfer issue.[2]

Under these circumstances, alone, it is entirely proper for the district court to revisit the issue of transfer versus dismissal, particularly given the prejudice that will result to Plaintiff regarding his section 3730(h) retaliation claims and New York state law claims alleging

---

[2] Plaintiff's motion to transfer does not inject new theories into the case. Rather, Plaintiff merely seeks to transfer his claims in order to obtain a ruling on the merits. In seeking transfer, Plaintiff's is not asking the Court to revisit the issue of whether the Court has jurisdiction and venue over the New York-based Defendants.

employment retaliation and breach of contract. Had the district court considered the full effect of dismissal versus transfer on the Plaintiff's employment and retaliation claims, it should have exercised discretion to transfer the action to avoid prejudice to Plaintiff and because the Defendants had already argued that transfer was "in the interest of justice."

### III. TRANSFER IS IN THE "INTEREST OF JUSTICE" AND DEFENDANTS HAVE CONCEDED THIS POINT IN THEIR DISMISSAL MOTIONS.

As already noted, the Defendants themselves have previously argued in their dismissal motions that transfer was not only proper, but it was "in the interest of justice." Now, in opposition to Plaintiff's motion for transfer or, alternatively, reconsideration, these Defendants make an inexplicable about-face. This case is at the pleading stage, there has been no ruling on the underlying merits of any of the Plaintiff's claims against Defendants Cornell and NYPH, and their dismissal was limited solely to the issue of personal jurisdiction and venue. Nothing has changed in this case other than a ruling by the court finding that it lacks personal jurisdiction and venue over Cornell and NYPH.

Significantly, the cases on which Defendants rely to argue against their prior position and to assert that transfer is not in the interest of justice are either distinguishable or not applicable to the circumstances presented here. In fact, the cases cited by Defendants, when compared with the leading cases on the interest of justice transfer issue, demonstrate that transfer should be granted.[3]

---

[3] A court should transfer instead of dismiss a case where there is a lack of venue and personal jurisdiction in the chosen forum and refusal to transfer would severely prejudice plaintiff since the statute of limitations applicable in the transferee court would bar institution of a new action. *Corke v. Samiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978). The Supreme Court has also held that whether a court has personal jurisdiction over a defendant is irrelevant as to the court's authority to transfer and that change of venue is appropriate where a plaintiff has made erroneous guess that defendants may be 'found' in a particular forum. *Goldlawr, Inc. v. Heiman*,

While it is true some courts have held a transfer was not in the interest of justice because the Plaintiff had failed to meet the statute of limitations in the forum court and sought transfer to avoid the limitations bar applicable to the Plaintiff's untimely filing of the original action by seeking transfer to another district where the statute of limitations had not run. *Spar, Inc. v. Information Res., Inc.*, 956 F.2d 392, 394 (2nd Cir. 1992). Defendant NYPH also noted that a district court in Connecticut made a similar ruling denying transfer where there was an attempt to transfer the case to a federal court in New Jersey to avoid a statute of limitations problem in Connecticut. *Palacio v. Munies,* 1999 WL 608818, at *4 (D. Conn. Aug. 5, 1999). Likewise, Defendant Cornell cited another case denying Plaintiff's request to transfer because the Plaintiff attempted to avoid the impact of the statute of limitations in the chosen forum by seeking transfer to the Northern District of California where their claims would be timely under applicable law. *In re Ski Train Fire in Kaprun, Austria,* 224 F.R.D. 543, 545 (S.D.N.Y. 2004).

However, Defendants' reliance on *Spar, Inc, Palacio* and *In re Ski Train* is disingenuous because in this case Plaintiff timely filed his retaliation claims against the Defendants in this action. Accordingly, transfer would be in the interest of justice in this case, whereas in *Spar, Inc.* and *Palacio* the Plaintiff requested transfer to avoid his own failure to timely file the complaint in the first instance. Plaintiff alleges he was subject to retaliation by Defendants NYPH and Cornell between 2002 and 2003, and Plaintiff included this allegation in every version of his Complaint filed in this action since June of 2002. [Doc. No. 101, Plaintiff's Opp., p. 30.]

Defendant NYPH argues that Plaintiff's diligence in pursuing his claims in the District of Connecticut to the exclusion of transfer demonstrates a lack of diligence in pursuing his claims in the proper forum by purposefully pursing them in a venue he should reasonably have known

---

369 U.S. 463, 466, 82 S.Ct. 913, 915-916 (1962). Further, *Goldlawr* favors a ruling on merits so as not to prejudice plaintiff's claims. *Id.*

to be incorrect. Defendant NYPH overlooks that Congress recognizes "that the filing of a lawsuit 'ITSELF SHOWS THE PROPER DILIGENCE ON THE part of the plaintiff which statutes of limitation were intended to insure'." *Burnett v. New York*, 380 U.S. 424, 430, 85 S.Ct. 1050, 1056 (1965) (emphasis in original). Contrary to Defendant NYPH's assertions, Plaintiff is not seeking transfer due to his "lack of diligence in choosing the forum in the first place." NYPH Opp. at 3. Similarly, transfer of Plaintiff's claims is not a reward for lack of diligence, as Defendants claim, but rather a reward for Plaintiff's timely commencement of an action against the New York-based Defendants. In actuality, Plaintiff has demonstrated sufficient diligence pursuant to *Burnett* and seeks transfer only to preserve his claims. Transfer is thus appropriate.

## IV.  TRANSFER OF PLAINTIFF'S FCA SECTION 3730(h) RETALIATION CLAIM AGAINST DEFENDANT NYPH WOULD NOT BE FUTILE.

Defendant NYPH's claim that transfer of Plaintiff's section 3730(h) claim against NYPH would be futile because NYPH was not Plaintiff's "employer" is without merit. Curiously, NYPH re-argues the one brief paragraph contained in its 35-page dismissal memorandum where it claimed that NYPH was not Plaintiff's employer and where NYPH wrongly asserted that Plaintiff had failed to allege NYPH was his employer. This issue was not ruled upon by the Court when the Ruling on the Motions to Dismiss was entered on March 7, 2006. [Doc. No. 130.] Instead, the Court severed and dismissed Plaintiff's claims against Defendant NYPH solely on the basis of lack of jurisdiction and venue over the New York-based defendants, and the Court expressly declined to resolve the other issues raised in NYPH's motion to dismiss. [Doc. No. 130, Ruling on Motions to Dismiss, p. 12.]

A claim under section 3730(h) may be brought by an "employee" against his "employer" for discrimination or retaliation in the terms and conditions of his employment. *See* 31 U.S.C. § 3730(h). Although the FCA does not define the terms "employee" or "employer," the legislative

history states that these terms should be construed broadly and be "all-inclusive." *See* S. Rep. No. 99-345, at 34 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5299-5300.

The Supreme Court has held that where Congress does not define the term employee, Congress "intends to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344 (1992). Under *Darden*, determining whether an employee is properly characterized as having a traditional master-servant relationship requires the court to consider a number of factually-based factors. *Id.*, 503 U.S. at 323-24. Significantly, there is "no shorthand formula or magic phrase that can be applied to find the answer." *Id.*, 503 U.S. at 324.

Unlike one of the cases cited by Defendant, in this case Plaintiff has alleged that he was employed by NYPH and that NYPH was his employer. *Cf., Hardin v. DuPont Scandinavia (ARA-JET)*, 731 F. Supp. 1202, 1205 (S.D.N.Y. 1990) (noting that Plaintiff's Complaint did not allege Hardin was an employee or that the Defendant was an employer, and did nothing more than allege that Plaintiff was an independent contractor and partner). By contrast, Plaintiff specifically alleged that he was "employed by" NYPH and "that at all times pertinent hereto" NYPH "was the employer of" Plaintiff. *See* Third Amended Compl., ¶¶ 7, and 10. Plaintiff also alleged he was employed by Defendant Cornell, which was an affiliate of NYPH. *Id.*, ¶ 11. Additionally, Plaintiff alleged that he "was appointed as member of the medical staff" at NYPH, and he "was required to participate in and abide by" NYPH's "Corporate Compliance Plan." *Id.*, ¶¶ 63-64. Plaintiff also alleged that he made reports and complaints about NYPH's billing practices directly to H. Dirk Sostman, M.D., who was Radiologist-In-Chief of NYPH as well as employed by Cornell. *Id.*, ¶ 66.