## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITES STATES OF AMERICA *ex rel.* ROBERT C. SMITH, M.D.<br><br>RELATOR,<br>v.<br><br>YALE-NEW HAVEN HOSPITAL, INC., YALE UNIVERSITY, NEW YORK-PRESBYTERIAN HOSPITAL AND CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE<br><br>DEFENDANTS. | Civil Action<br>No. 3:02-cv-01205 (PCD)<br><br><br>DEFENDANT NEW YORK-PRESBYTERIAN HOSPITAL'S REBUTTAL TO RELATOR'S MOTION TO TRANSFER OR TO AMEND JUDGMENT TO PERMIT TRANSFER |

New York-Presbyterian Hospital ("NYPH") respectfully offers the following rebuttal to Relator's reply brief in support of his motion to transfer or to amend judgment to permit transfer.

## I.   RELATOR'S ARGUMENT, PARTICULARLY AS TO NYPH, IS FACTUALLY INACCURATE.

Relator makes no substantive response of consequence with respect to NYPH's Opposition to his Motion to Transfer. The gist of his current position is that the defendants have "ignore[d] their prior arguments in favor of severance and transfer." Plaintiff's [*sic*] Reply at 1. Relator then goes on to claim that NYPH argued that transfer was "appropriate" in this case, a position that Relator then hedges at page 2 of his Reply, when he states no more than that NYPH had said that the case "could be transferred." Relator's disingenuousness aside, let us look at the actual record on the subject.

NYPH never once urged this Court to transfer the case to the Southern District of New York or anywhere else. Indeed, each and every document filed by NYPH concludes with the prayer that the action should "be dismissed with prejudice and NYPH awarded its costs, attorneys fees and such other relief as the Court deems appropriate."

The only time that NYPH even mentioned the issue of transfer or change of venue was in connection with the argument about misjoinder made at pp. 11-12 of NYPH's initial Memorandum of Law in Support of its Motion to dismiss the Third Amended Complaint. There, NYPH noted, simply and accurately, that this Court had the authority to transfer the action to a district where it might have been brought such as the Southern District, but then went on to state that the case was so fundamentally flawed that dismissal was warranted. *Id.* At 12. Hence, the brief concludes with the prayer that the Complaint be dismissed with prejudice and says nothing about any alternative remedy such as transfer. That prayer is included in each of the four merits pleadings that NYPH filed in this action.

By contrast, Relator willfully overlooks the fact that, at no point in this litigation, did he ever ask this Court to transfer the action in lieu of dismissal, though he certainly had the opportunity to do so. Instead, Relator obdurately clung to arguing erroneously that the legislative history, from which he quoted selectively and incompletely, somehow supported a False Claims Act case against a defendant that had no material contacts in the District of Connecticut and was not alleged to have acted in tandem with anyone who properly could be found there. The Court, of course, soundly rejected Relator's position.

## II.    RELATOR'S TRANSFER MOTION SHOULD BE DENIED.

Relator simply has failed to satisfy the burden imposed on someone seeking late-stage transfer under 28 U.S.C. §1404(a) to demonstrate "a change in circumstance since the complaint was filed [that] warrants a transfer." *See Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996); *see also Sodepac, S.A. v. Choyang Park In Rem*, No. 02 Civ. 3927(SAS), 2002 WL 31296341, at * 6 (S.D.N.Y. Oct. 10, 2002). The only circumstance that Relator addresses is the fact that he lost on his persistent gamble to litigate against NYPH in this District and now faces statute of limitations problems that he could have avoided by bringing his case in a proper forum.

Relator's argument should prove as unavailing here as it has been when it has been advanced by others who have been rejected from a forum that was no longer acceptable to them because they lacked diligence in choosing the proper forum in the first place. *Harem-Christensen Corp. v. M.S. Frigo Harmony*, 477 F. Supp. 694, 698 (S.D.N.Y. 1979); *see CalFed*, 916 F. Supp. at 1328. (citing *Spar, Inc. v. Information Res. Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992).

Similarly, as the Second Circuit has held: "the 'interest of justice' analysis is 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums." *Spar*, 956 F. 2d at 395 (*citations omitted*).   The only "error" that Relator made was to ignore a clear jurisdictional bar to his suit against NYPH.

### Conclusion

For the reasons stated herein, as well as previously, Relator should be held to have waived the argument that he is now advancing in seeking post-judgment transfer. Further, Relator's transfer motion should be denied on the merits and because, given the defective nature of his claims against NYPH (which claims are virtually identical those dismissed with prejudice

as to Yale), transfer also would be futile. NYPH also requests that it be awarded its costs, attorneys fees and such other relief as the Court deems appropriate.

Dated: April 25, 2006

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

Attorneys for Defendant
New York-Presbyterian Hospital

By: _Stuart M. Gerson_

        Stuart M. Gerson,
        Admitted *pro hac vice*
        Federal Bar No. CT03865
        1227 25th Street, NW Suite 700
        Washington, D.C. 20037-1175
        (202) 861-0900

        David S. Poppick,
        Federal Bar No. CT13202
        Jonathan M. Plissner
        Federal Bar No. CT23773
        One Landmark Square, Suite 1800
        Stamford, CT  06901-2601
        (203) 348-373

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent on this 25th day of April 2006 via regular U.S. Mail, postage prepaid to:

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
205 Church Street, Box 1832
New Haven, CT  06508

James R. Kahn, Esq.
Associate University Counsel
Cornell University
445 East 69th Street
New York, NY  10021

Patrick M. Noonan
Steven M. Barry
Delaney, Zemetis, Donahue, Durham
  & Noonan, P.C.
Concept Park
741 Boston Post Road
Guilford, CT  06437

Gary P. Schulz
Christopher J. Porzio
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY  11530

Stacie Boeniger Collier
Nixon Peabody, LLP
Cityplace, 185 Asylum Street
Hartford, CT  06103

Daniel L. FitzMaurice, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103-3499

J. Alexander Lawrence, Esq.
Carl H. Loewenson, Jr., Esq.
Morrison & Foerster, LLP
Carl H. Loewenson, Jr., Esq.
1290 Avenue of the Americas
New York, NY  10104-0050

Stephen M. Kohn
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756

Nelson E. Roth
Valerie L. Cross
Cornell University
300 CCC Bldg., Garden Avenue

Stanley R. Soya
Morrison & Foerster, LLP
1650 Tysons Blvd., Suite 300
McLean, VA  22102

and that three (3) copies have been mailed in accordance with Rule 5 of the Federal Rules of Civil Procedure and Rules 7(d) and 7(e) of the Local Rules of Civil Procedure to:

Richard Molot, Esq.
John Hughes, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

Jonathan M. Plissner

NY:1072215v1