UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA ex rel. and ROBERT C. SMITH, M.D.,

        Plaintiff,

- against -

YALE-NEW HAVEN HOSPITAL, INC., YALE UNIVERSITY, NEW YORK PRESBYTERIAN HOSPITAL AND CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE,

        Defendants.

**Civil Action No. 3:02CV01205(PCD)**

## DEFENDANT CORNELL UNIVERSITY JOAN AND SANFORD I. WEILL MEDICAL COLLEGE'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

Defendant Cornell University Joan and Sanford I. Weill Medical College ("Cornell") respectfully submits this response in further opposition to Plaintiff's Motion to Transfer Claims Against the New York-Based Defendants and, Alternatively, Motion to Alter or Amend Judgment to Permit Transfer, dated March 16, 2006 ("Motion to Transfer") pursuant to permission granted by the Court at the March 20, 2006 status conference. Plaintiff's motion should be denied in all respects because there is no basis on which to reconsider the ruling dismissing Cornell and the interest of justice served is not served by rescuing plaintiff from his own deliberate, but legally incorrect decision to pursue False Claims Act fraud and retaliation claims against a New York medical school in Connecticut. The decision to dismiss all claims against Cornell should be affirmed, and the Motion to Transfer should be denied.

In his memoranda in support of transfer, plaintiff portrays himself as a victim of cruel circumstance. He argues that the Court's dismissal of his claims against Cornell on jurisdiction

and venue grounds is the equivalent of a "*de facto*" dismissal with prejudice because his New York state law whistleblower retaliation claims will be time-barred in any subsequently-filed action. Plaintiff's cries of injustice ring hollow, however, because he is the victim only of his own flawed legal strategy. There was nothing preventing plaintiff—then a law student who employed a team of sophisticated attorneys—from bringing his False Claims Act fraud and retaliation claims together with his state law claims against Cornell in a timely fashion in New York back in 2004. Instead, he decided to pursue those claims against Cornell, a New York medical school with no ties whatsoever to Connecticut, in this District. He then compounded this error by vigorously arguing against transfer when it was raised by Cornell as alternative relief to dismissal. There is simply no reason for this Court to rescue plaintiff from his own hubris and deliberate error regardless of the "prejudice" that he claims to suffer as the result of the prior Order dismissing Cornell from the case.

## POINT I

### THE ISSUE OF TRANSFER WAS SQUARELY BEFORE THE COURT ON THE PRIOR MOTION AND THE COURT PROPERLY DISMISSED CORNELL INSTEAD OF TRANSFERRING ANY CLAIMS AGAINST IT

Cornell moved to dismiss plaintiff's Third Amended Complaint on several grounds, including lack of personal jurisdiction and improper venue, and <u>in the alternative</u>, requested that any surviving claims against it be transferred to the Southern District of New York. <u>See</u> Memorandum of Law in Support the Motion of Cornell University Joan and Sanford I. Weill Medical College to Dismiss the Third Amended Complaint [Doc. No. 91]. In so moving, Cornell placed the issue of transfer before the Court as an alternative to outright dismissal of plaintiff's claims. In opposition, plaintiff had the opportunity to, at the very least, acquiesce to the transfer of any claim that survived the dismissal motion, but instead he purposefully chose to

argue against the transfer of any of his claims to another forum. He and his legal team clung stubbornly to the argument that the venue provision of the False Claims Act, 31 U.S.C. § 3732(a), conferred personal jurisdiction over Cornell and that venue in this District was proper.

This Court disagreed with plaintiff's interpretation of the Act and found jurisdiction lacking and venue to be improper. Rather than order a transfer over plaintiff's objections, the Court, as it was empowered to do, dismissed the Third Amended Complaint. It is simply wrong, therefore, for plaintiff to baldly assert that the Court "overlooked the entire transfer issue in its ruling."

Moreover, in seeking reconsideration it is the plaintiff, and not Cornell, who is reversing position, or doing an "about face." Now that his "bet the ranch" tactic of joining all claims against all defendants in one action in disregard of the jurisdictional prerequisites has backfired, plaintiff self-righteously exclaims that the interest of justice demands this Court reverse itself and revive his time-barred claims by transferring the case against Cornell to the Southern District of New York. The interest of justice is not served, however, by allowing plaintiff to make inconsistent arguments in order to avoid harsh, but correct ramifications of his own misguided legal strategy. See, e.g., Nicols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993) (the interests of justice are not served by allowing a litigant who committed an obvious error in bringing an action in the wrong court to simply transfer the action to the proper court with no costs to himself); In re Ski Train Fire in Kaprun, Austria, on November 11, 2000, 224 F.R.D. 543, 548 (S.D.N.Y. 2004) ("plaintiffs fail to overcome the law of the case barrier to a court's reconsidering a prior ruling" in seeking transfer after dismissal). Having intentionally opposed transfer, plaintiff should not be allowed now to reverse course and seek this Court's assistance to

litigate his claims in another forum where he had every opportunity to assert them in the first instance.

It should not be enough for plaintiff to merely claim that he is prejudiced by the Court's decision to dismiss his claims rather than transfer them. All dismissal orders based on the pleadings alone are prejudicial to the extent that they deny a litigant the opportunity to argue the merits of his claim. Here, plaintiff cannot claim that will suffer any <u>unfair</u> prejudice. He was twice presented with the opportunity to litigate his claims against Cornell in the appropriate forum; once when he first decided to sue Cornell, and then again when Cornell raised the issue of transfer as an alternative to dismissal. Plaintiff took a calculated litigation risk and lost.

### POINT II

### THERE HAS BEEN NO INTERVENING CHANGE IN THE LAW WARRANTING RECONSIDERATION AND TRANSFER

Plaintiff argues that while he can re-file his False Claims Act fraud claims in another forum because they are still timely, his retaliation claims under the Act are now time-barred because of the recent Supreme Court ruling in <u>Graham County Soil & Water v. U.S. ex rel. Wilson</u>, ___ U.S. ___, 125 S. Ct. 2444 (2005), and that the Court should reconsider its dismissal of Cornell based upon the intervening change in law. In the <u>Graham County Soil</u> case, the Supreme Court held that a whistleblower retaliation claim under the False Claims Act must be brought within the time allowed by the most closely analogous state law limitations period. Prior to that decision, the Circuits were divided as to whether or not the six-year limitations period available for a fraud claim under the Act was also applicable to a retaliation claim. What plaintiff neglects to point out, however, is that <u>Graham County Soil</u> was pending before the Supreme Court when plaintiff decided to argue against transfer as an alternative to dismissal in this case.

At that time, plaintiff and his attorneys either were aware or should have been aware that it was a distinct possibility that six-year limitations period might not apply to retaliation claims brought under the False Claims Act. Plaintiff was further aware that Cornell was arguing for dismissal of the retaliation claims, in part, based on the application of the one-year limitations period set forth in New York Labor Law. See Memorandum of Law in Support the Motion of Cornell University Joan and Sanford I. Weill Medical College to Dismiss the Third Amended Complaint [Doc. No. 91]. Rather than follow the prudent course of action and concede that transfer might be a necessary alternative to maintain his retaliation claims in another forum, plaintiff made the same arguments that were ultimately rejected by the Supreme Court in Graham County Soil and opposed transfer of any part of his case to New York.

The subsequent change in law represented by the Graham County Soil case does not indicate that this Court's decision to dismiss Cornell from the action was in any way erroneous or counter to new law. It merely reveals the plaintiff's prior arguments relating to the applicable limitations period governing retaliation claims were wrong, and that is not a basis for reconsideration. See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003), quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964) ("where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Accordingly, there is no basis for this Court to reverse it prior ruling dismissing Cornell from the action.

## POINT III

### PRECEDENT IN THIS CIRCUIT CONFIRMS THAT DISMISSAL RATHER THAN TRANSFER WAS APPROPRIATE HERE

Plaintiff feebly attempts to avoid the precedent for this Court's for dismissal of his claims based on jurisdictional defects instead of transfer that was established in Spar, Inc. v.

- 5 -

Information Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992) and In re Ski Train Fire in Kaprun, Austria, on November 11, 2000, 224 F.R.D. 543 (S.D.N.Y. 2004) by claiming that he was diligent in timely bringing his retaliation claims in this District. This argument, however, misses the mark entirely. Plaintiff and his legal team should have exercised their diligence in selecting the appropriate forum at the appropriate time. When he decided to join Cornell in this Connecticut action in 2004, he was studying law in New York and had a sophisticated legal counsel at his disposal who either knew or should have known that Cornell had no jurisdictional ties to Connecticut; that the issue of the appropriate limitations period for retaliation claims brought under the False Claims Act was then in a state of flux; and that New York's statute of limitations for such claims was one year. In this context, plaintiff's decision to assert retaliation claims against his former New York employer in this Connecticut action can hardly be characterized as diligence.

Moreover, plaintiff's effort to distinguish the long standing case law aligned against him falls far short of the mark for reconsideration. Indeed, the acts of the plaintiffs in In re Ski Train are remarkably similar to the missteps of the plaintiff here. In In re Ski Train, the district court noted that, "Plaintiffs seek to cure the jurisdictional defect in the Complaint filed in this Court and transfer a still-viable claim against Siemens Austria to California by retaining the original filing date." 224 F.R.D. at 547. This is precisely what plaintiff seeks here. Relying on the reasoning of Spar, the court went on to hold that "plaintiffs equivocation and tardy identification of California as an appropriate forum [recited at 224 F.R.D. at 548] do not merit a finding that transfer would be in the interest of justice." Id. at 549. The same result should obtain here. The interest of justice will not be served by rewarding plaintiff for his deliberate effort to litigate retaliation claims against a former New York-based employer in this Connecticut action.

## CONCLUSION

Reconsideration of this Court's prior ruling dismissing all claims against Cornell should be denied. In the event that reconsideration is granted, the Court's prior ruling should be affirmed and plaintiff's request for transfer of the claims against Cornell should be denied.

Dated: April 27, 2006

                                      DEFENDANT
                                      Cornell University Joan and Sanford I. Weill
                                      Medical College

By: _____

                                      Gary P. Schulz, Esq. (phv0056)
                                      Christopher J. Porzio, Esq. (phv0057)
                                      Stacie B. Collier, Esq. (ct18895)
                                      NIXON PEABODY LLP
                                      City Place
                                      185 Asylum Street
                                      Hartford, CT 06103
                                      (860) 275-6820
                                      (860) 275-6821 (fax)
                                      gschulz@nixonpeabody.com

                                            - and -

                                      James R. Kahn, Esq.
                                      Deputy University Counsel
                                      Cornell University
                                      Weill Medical College
                                      Office of University Counsel
                                      445 East 69th Street
                                      New York, New York 10021
                                      ph (212) 746-0463
                                      fax (212) 746-0495
                                      jkahn@med.cornell.edu

                                      Nelson E. Roth, Esq.
                                      Deputy University Counsel
                                      ner3@cornell.edu

- 8 -

Valerie L. Cross, Esq.
Associate University Counsel
vlc1@cornell.edu

Cornell University
300 CCC Building, Garden Avenue
Ithaca, New York 14853
ph (607) 255-5124
fax (607) 255-2794

## CERTIFICATION OF SERVICE

This is to certify that a true and accurate copy of the foregoing was mailed, postage prepaid, on this 27th day of April, 2006, to the following counsel of record:

| | |
|---|---|
| Stephen M. Kohn, Esq.<br>Kohn, Kohn & Colapinto, LLP<br>3233 P Street, N.W.<br>Washington, D.C. 20007-2756 | William J. Doyle, Esq.<br>Kenneth D. Heath, Esq.<br>Wiggins & Dana LLP<br>One Century Tower<br>265 Church Street, Box 1832<br>New Haven, CT 06508 |
| Patrick M. Noonan, Esq.<br>Delaney, Zemetis, Donahue & Noonan, PC<br>741 Boston Post Road<br>Concept Park<br>Guilford, CT 06437 | Stuart M. Gerson, Esq.<br>Epstein Becker & Green, P.C.<br>1227 25th Street, NW, Suite 700<br>Washington, DC 20037-1175 |
| David S. Poppick, Esq.<br>Epstein Becker & Green, P.C.<br>One Landmark Square, Suite 1800<br>Stamford, CT 06901 | Alexander J. Lawrence, Esq.<br>Carl H. Loewenson<br>Morrison & Foerster, LLP<br>1290 Avenue of the Americas<br>New York, NY 10104-0050 |
| Richard M. Molot<br>U.S. Attorney's Office-NH<br>157 Church Street, 23rd Floor<br>P.O. Box 1824<br>New Haven, CT 06510 | |

_____
GARY P. SCHULZ