UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ex rel., : | |
| ROBERT C. SMITH, M.D., : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No: 3:02cv1205 (PCD) |
| : | |
| YALE UNIVERSITY; YALE-NEW : | |
| HAVEN HOSPITAL, INC., NEW YORK : | |
| PRESBYTERIAN HOSPITAL and : | |
| CORNELL UNIVERSITY JOAN AND : | |
| SANFORD I. WEILL MEDICAL : | |
| COLLEGE, : | |
|     Defendants. : | |

### RULING ON PLAINTIFF'S MOTION TO TRANSFER AND, ALTERNATIVELY, MOTION TO ALTER OR AMEND JUDGMENT TO PERMIT TRANSFER

Plaintiff moves, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to transfer the claims alleged in the Third Amended Complaint against the New York-based Defendants, New York Presbyterian Hospital ("NYPH") and Cornell University Joan and Sanford I. Weill Medical College ("Cornell"), to the United States District Court for the Southern District of New York. Alternatively, Plaintiff moves, pursuant to Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure, to alter or amend the District Court's Ruling on Motions to Dismiss, entered on March 7, 2006, in order to permit transfer of Plaintiff's claims against the New York-based Defendants to the Southern District of New York.[1] For the reasons stated herein, Plaintiff's

---

[1] Because Plaintiff cannot move to transfer claims that have already been dismissed, Plaintiff's motion will be treated as a Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7(c) or as a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). "Motions for reconsideration under [D. Conn. L. R. Civ. P. 7(c)] are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e)—each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance. As such . . . a motion under [D. Conn. L. R. Civ. P. 7(c)] must be treated the same as a motion under Rule 59[(e)]." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991).

Motion [Doc. Nos. 133, 134] is **granted**.

I.     BACKGROUND

On March 7, 2006, this Court issued its Ruling on Defendants' Motion to Dismiss, dismissing all claims against defendants NYPH and Cornell for lack of jurisdiction and venue. See Smith v. Yale Univ., No: 3:02cv1205 (PCD), 2006 U.S. Dist. LEXIS 12304 (D. Conn. Mar. 7, 2006). A final judgment of dismissal was entered by the Clerk on April 18, 2006. See Final J. [Doc. No. 141].

In this False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., action, Plaintiff filed claims against Defendants Yale University ("Yale"), Yale-New Haven Hospital ("YNHH"), NYPH and Cornell. See 3d Am. Compl. Plaintiff's claims against Yale were dismissed pursuant to a Stipulation of Dismissal filed by Plaintiff and Yale on August 4, 2005. See Stip. Dismissal [Doc. No. 103]. Plaintiff's claims against YNHH in this action were dismissed in the March 7, 2006 Ruling on the grounds that (1) Plaintiff failed to establish subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4)(A), the FCA's public disclosure bar which requires the person bringing a FCA action to be the original source of the information upon which the complaint is based; and (2) Plaintiff failed to satisfy Rule 9(b)'s heightened pleading requirement for fraud claims. See Smith, 2006 U.S. Dist. LEXIS 12304 at *3-15.

In granting NYPH and Cornell's motions to dismiss for lack of jurisdiction and venue, this Court held that all of Plaintiff's claims against these New York-based Defendants were founded on acts and conduct committed in the State of New York and that none of the acts constituting the basis for Plaintiff's claims against NYPH and Cornell occurred within the District of Connecticut or had any effect in Connecticut. See id. at *15-22. The Court declined

2

to rule on Defendant NYPH and Cornell's arguments that Plaintiff failed to plead with particularity as required by Rule 9(b), that Plaintiff failed to state a claim pursuant to Rule 12(b)(6) or that the court lacked subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4)(A) on the basis that "[t]he dismissal of the case on jurisdictional and venue grounds renders it unnecessary to resolve the issues thus raised." Id. at *21.

## II.   STANDARD OF REVIEW

Reconsideration under Local Rule 7(c) or altering or amending the judgment under Rule 59(e) will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"); see also Munafo v. Metropolitan Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) ("district courts may alter or amend judgment [pursuant to Rule 59(e)] to correct a clear error of law or prevent manifest injustice") (citation omitted). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration will not be granted, however, "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a

discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

## III. DISCUSSION

Plaintiff argues, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), that transfer rather than dismissal of an action is appropriate where there is a lack of venue and personal jurisdiction in the chosen forum. Plaintiff contends that if his Motion to Transfer is denied, he will be prejudiced by the fact that "most" of his claims against the Defendants NYPH and Cornell will be barred by the applicable statutes of limitations.[2] Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026-1027 (2d Cir. 1993).

Under both §§ 1404(a) and 1406(a), Plaintiff must show that transfer is "in the interest of justice" and that the action "might" or "could" have been brought in the transferee court. 28 U.S.C. §§ 1404(a), 1406(a). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue,

---

[2] Specifically, Plaintiff will be unable to file his FCA whistleblower retaliation claim as well as most of his New York state law claims, including his defamation claim, intentional infliction claim, negligent infliction claim and claim alleging violation of N.Y. C.L.S. Labor § 741, due to the applicable statutes of limitations.

4

whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 915, 8 L. Ed. 2d 39 (1962); see also Fresca v. Arnold, 595 F. Supp. 1104, 1105 (E.D.N.Y. 1984) ("a district court need not elect between [§ 1404(a) and § 1406(a)]; it has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice"). Although courts have held that the threshold question when deciding a plaintiff's § 1404(a) motion to transfer is whether plaintiff has shown a "change in circumstance" since the complaint was filed sufficient to warrant transfer, Anglo Am. Ins. Group, P.L.C. v. CalFed Inc., 916 F. Supp. 1324, 1327-1330 (S.D.N.Y. 1996), an action may also be transferred if it is "in the interest of justice" to do so, even if Plaintiff can show no change in circumstances justifying transfer. See Corke v. Sameiet M. S. Song, 572 F.2d 77, 80 (2d Cir. 1978); see also Gipromer v. SS Tempo, 487 F. Supp. 631, 632-635 (S.D.N.Y. 1980) (following the Second Circuit's holding in Corke that transfer is appropriate if it is "in the interest of justice" and transferring the case after balancing the relative hardships to the parties).

Applying Corke and Gipromer, it is found that transfer, rather than dismissal, would serve the interest of justice. As in those cases, the refusal to transfer this case would result in serious prejudice to Plaintiff, for many of Plaintiff's claims, if re-filed in New York, would be barred by the applicable statutes of limitations.³ See Pl's Mot. Transfer at 6-8; see also Minnette, 997 F.2d

---

3   Although Plaintiff's FCA fraud claims are still timely, his retaliation claims under the Act are now time-barred pursuant to a recent Supreme Court decision which held that whistleblower retaliation claims under the False Claims Act must be brought within the time allowed by the most closely analogous state law limitations period. See Graham County Soil & Water v. United States ex rel. Wilson, ___ U.S. ___, 125 S. Ct. 2444, 162 L. Ed. 2d 390 (2005). Prior to the Graham County decision, the Circuits were divided as to whether or not the six-year limitations period available for a fraud claim under the Act was also applicable to a retaliation claim. Although this decision was pending when Plaintiff was arguing against transfer, it remains the case that this is an "intervening

5

at 1027 (recognizing that "the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits" and holding that an action should have been transferred to the proper district, rather than dismissed, where the statute of limitations could bar commencement of a new action); <u>Bolar v. Frank</u>, 938 F.2d 377, 380 (2d Cir. 1991) (per curiam) (holding that the Court of Appeals has authority under Section 1406(a), "in the interest of justice," to transfer a case dismissed by the district court for lack of venue to the prorper district where the plaintiff's claims might be time-barred upon re-filing); <u>Gipromer</u>, 487 F. Supp. at 633 (holding that transfer was in the interest of justice since a new action filed in the proper district would be barred by the applicable statute of limitations). At the same time, transfer would work no hardship on Defendants' ability to defend against the claim on the merits. NYPH and Cornell are both New York entities and presumably will find it easier to defend a suit in New York than in Connecticut. Indeed, both Defendants argued that transfer to the Southern District of New York would be appropriate in prior filings with this Court. <u>See</u> Cornell's Mem. Supp. Mot. Dismiss [Doc. No. 91] at 49-55; NYPH's Mem. Supp. Mot. Dismiss [Doc. No. 93] at 4-12.

      According to Cornell, the "majority of the causes of action set forth in the pleading are tort, contract and statutory claims based on New York substantive law and they are directed solely at the New York-based defendants." Cornell's Mem. Supp. Mot. Dismiss at 50. Moreover, Cornell asserts that "[a]ll of the witnesses and all of the documentary evidence relating to plaintiff's claims against Cornell are located in New York." <u>Id</u>. Similarly, NYPH asserts that "all witnesses, documents, or anything else material to this case or its prosecution

---

change of controlling law."

may be found in the Southern District of New York" and that "[n]o act cited as to NYPH took place outside of New York." NYPH's Mem. Supp. Mot. Dismiss at 2, 4. Cornell, weighing the factors relevant to the determination of whether transfer is appropriate,[4] concluded that "the convenience of the witnesses and the interests of justice compel that action against Cornell be severed and transferred to New York." Cornell's Mem. Supp. Mot. Dismiss at 50-55. Although transfer will deprive Defendants of their defense of lack of personal jurisdiction, that factor carried little weight in Corke and Gipromer and carries little weight here.

Defendants cite Spar, Inc. v. Information Res. Inc., 956 F.2d 392 (2d Cir. 1992), in support of their claim that "the interest of justice analysis is not a vehicle for resurrecting a claim lost because the plaintiff erred in its initial choice of forums." Id. at 395 (internal quotation marks, brackets, and citations omitted). That case, however, was based on facts different than those at issue here. In Spar, Inc., the Second Circuit recognized that "§ 1406 should be read liberally" and that transfer may be permissible if in the "interest of justice." Id. at 395. The Court upheld the district court's decision not to transfer, however, because the plaintiff was blatantly attempting to forum shop in order to resurrect its claim in a more favorable forum. Specifically, the plaintiff wanted to transfer the case from the Southern District of New York to the Northern District of Illinois because Illinois' relevant limitations period—which is longer than New York's—would enable the plaintiff to pursue the action on the merits. Id. at 392. That is not the case here. Plaintiff is not trying to avoid Connecticut's statute of limitations; he is only trying to

---

[4] The factors to be considered in assessing whether transfer is appropriate are: "(1) the location of the events giving rise to the suit, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access of proof, (5) the availability of process for unwilling witnesses, (6) plaintiff's choice of forum, (7) a forum's familiarity with the governing law, (8) trial efficiency, and (9) the interest of justice." O'Brien v. Okemo Mountain, Inc., 17 F. Supp. 2d 98, 103-04 (D. Conn. 1998).

prevent his action being dismissed on statute of limitations grounds because it has been pending for in this district for almost four years and would now be barred by the New York statute of limitations if re-filed there.[5] As noted above, the Second Circuit has recognized, more than once, that transfer on this basis is in the "interest of justice." See Minnette, 997 F.2d at 1027; Bolar v. Frank, 938 F.2d at 380.

Having established that transfer is "in the interest of justice," Plaintiff must next show that the action "might" or "could" have been brought in district court in New York. 28 U.S.C. §§ 1404(a), 1406(a); see also Gipromer, 487 F. Supp. at 633. That is, Plaintiff must show that venue and subject matter jurisdiction lay in New York on July 12, 2002, the date this suit was commenced, and that NYPH and Cornell were subject to personal jurisdiction there. Gipromer, 487 F. Supp. at 633. This fact is not contested. Indeed, Defendants themselves argued that venue and subject matter jurisdiction lay in New York in their motions to dismiss. See Cornell's Mem. Supp. Mot. Dismiss at 51 (arguing that the "Southern District of New York is an appropriate transferee forum with respect to the claims against Cornell" and asserting that "venue would have been proper" there); NYPH's Mem. Supp. Mot. Dismiss at 11 (asserting that the only "appropriate [transferee] forum for NYPH would be the Southern District of New York").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. Nos. 133, 134] is **granted** and the prior Ruling, insofar as it dismisses the claims against NYPH and Cornell, is

---

[5] Cornell also cites In re Ski Train Fire in Kaprun, Australia, 224 F.R.D. 543, 545 (S.D.N.Y. 2004) in support of its argument against transfer. That case, however, also involved a plaintiff attempting to avoid the impact of the statute of limitations in the chosen forum by seeking transfer to the Northern District of California where the claims would be timely under that forum's law. See id. Again, that is not the situation presented here.

**vacated**.  Plaintiff's claims against NYPH and Cornell are hereby transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

    SO ORDERED.

                                        Dated at New Haven, Connecticut, April  28 , 2006.

                                              /s/
                                      Peter C. Dorsey, U.S. District Judge
                                            United States District Court